# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
BIANCA HERLITZ-FERGUSON
LAURA S. KOKOTAILO
SONYA LEVITOVA
HAFSA S. MANSOOR
SANA MAYAT
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

April 9, 2025

*Via ECF*

Hon. Royce C. Lamberth
United States District Judge
United States District Court
District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

      Re:    *Widakuswara, et al. v. Lake, et al.*, No 1:25-cv-01015-RCL

Dear Judge Lamberth:

      On behalf of Plaintiffs in the above-referenced action, we write pursuant to the Court's order issued yesterday, Dkt. 70, to: (1) respectfully request that the Court extend the TRO pending a decision on Plaintiffs' motion for a preliminary injunction, Dkt. 15; and (2) propose a briefing schedule with respect to the preliminary injunction motion and Defendants' motion to dissolve the existing temporary restraining order, which Defendants filed yesterday, Dkt. 73.

      **The TRO should not expire on April 18, 2025** and should remain in effect until the Court resolves Plaintiffs' motion for a preliminary injunction. Judge Oetken's March 28, 2025 Order specified that the TRO would be in effect "pending the hearing and determination of Plaintiffs' motion for a preliminary injunction." *Widakuswara v. Lake*, No. 25-CV-2390 (JPO), 2025 WL 945869, at *11 (S.D.N.Y. Mar. 28, 2025). Likewise, Judge Oetken's order transferring this case to this Court stated that, "[n]otwithstanding the transfer," the TRO "remains in full force and effect unless and until modified, extended, or vacated by" this Court. April 4, 2025 Order, Dkt. 61 at 8.

      Consistent with Judge Oetken's orders, a week ago, Defendants' counsel asserted that the 14-day TRO time limitation provided in Rule 65(b)(2) does not apply to the TRO because the limitation "only applies to TROs that are issued without notice," and the TRO entered by Judge Oetken would "stay in place until [Plaintiffs'] PI motion is ruled on." Ex. A at 1. Plaintiffs

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

relied upon this representation when considering how to proceed with their preliminary injunction motion in this case. Now, just this evening, Defendants reversed their position and announced that "TROs are limited in scope and do not last longer than [14] days," and Defendants will not consent to an extension beyond that 14-day term.

Even if Defendants were correct that the TRO were covered by the 14-day time limit provided by Rule 65(b)(2) and will expire on April 11 (14 days after entry), that same provision permits the Court to extend the TRO for good cause. *See, e.g.*, *Dellinger v. Bessent*, No. CV 25-0385 (ABJ), 2025 WL 615122, at *2 (D.D.C. Feb. 26, 2025). Until Defendants' about-face earlier this evening, both Plaintiffs *and Defendants* pursued a schedule in this case based on their mutual understanding that the TRO would remain in place until Plaintiffs' preliminary injunction motion is resolved. Accordingly, there is good cause to extend the TRO until the Court rules on Plaintiffs' motion for a preliminary injunction.

**Plaintiffs' Proposed briefing schedule.** Defendants have not yet filed briefing in opposition to Plaintiffs' motion for a preliminary injunction which Plaintiffs filed on March 23, 2025. Plaintiffs propose that the parties' briefing on Plaintiffs' preliminary injunction motion and Defendants' motion to vacate the TRO—which are necessarily interrelated—be cross-briefed on the same expedited schedule, with a hearing on both motions to be scheduled as soon thereafter as counsel can be heard. Plaintiffs' counsel is available on April 18, 2025 for a hearing; we understand Defendants' counsel is available as well on that date.

- Defendants' brief in opposition to Plaintiffs' motion for a preliminary injunction and Plaintiffs' brief in opposition to Defendants' motion to vacate the TRO to be filed by **Monday, April 14, 2025**; and

- Plaintiffs' reply brief in further support of their motion for a preliminary injunction and Defendants' reply brief in further support of their motion to vacate the TRO to be filed by **Thursday, April 17, 2025.**

We understand that Defendants largely agree with Plaintiffs' proposed schedule but seek to file a brief opposing Plaintiffs' preliminary injunction motion on April 15 instead of April 14. Plaintiffs believe an April 15 opposition would unnecessarily compress Plaintiffs' time to reply, particularly if the Court schedules a hearing on April 18. Plaintiffs note that Defendants are responding to a brief Plaintiffs filed over two weeks ago, on March 23, 2025 and Defendants requested the transfer to this District. Plaintiffs further submit that they should be entitled to submit a reply in further support of their motion for a preliminary injunction as their original brief was drafted based on Second Circuit authority and to address changed factual circumstances since the original filing.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

We thank the Court for its consideration of this submission.

                                          Respectfully submitted,

                                          /s/
Andrew G. Celli, Jr.*
Debra L. Greenberger*
Daniel M. Eisenberg
Nick Bourland*

*Attorneys for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA*

STATE DEMOCRACY DEFENDERS FUND

Norman L. Eisen
Joshua Kolb

*Attorneys for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

*Pro Hac Vice motion pending

Encl.