UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATSY WIDAKUSWARA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KARI LAKE,<br>Senior Advisor to the Acting CEO of U.S.<br>Agency for Global Media, et al.,<br><br>        Defendants. | Civil Action No. 25-1015 (RCL) |
| MICHAEL ABRAMOWITZ, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KARI LAKE,<br>Senior Advisor to the Acting CEO of U.S.<br>Agency for Global Media, et al.,<br><br>        Defendants. | Civil Action No. 25-0887 (RCL) |

## <u>DEFENDANTS' MOTION TO STAY</u>

Pursuant to this Court's inherent authority, Defendants, Kari Lake, in her official capacity as a Senior Advisor to the Chief Executive Officer ("CEO") of United States Agency for Global Media ("Global Media"), Victor Morales, in his official capacity as Acting CEO of Global Media, and Global Media (collectively "Defendants" or "Global Media"), by and through undersigned counsel, respectfully move for a stay of the District Court's proceedings pending the D.C. Circuit's issuance of a decision in *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir.) and *Abramowitz v. Lake*,

No. 25-5145 (D.C. Cir.).[1]  *Widakuswara* and *Abramowitz* raise issues that are dispositive in this case—whether this Court lacks jurisdiction to provide relief on employment claims and lacks jurisdiction under the Tucker Act.[2]  In the alternative, Defendants request that the Court extend Defendants' deadline to respond to Plaintiffs' Complaint by thirty days in the *Abramowitz*'s case. Pursuant to Local Civil Rule 7(m), the undersigned has conferred with counsel for Plaintiffs, who oppose this relief.  A proposed order is attached.

## BACKGROUND

On April 22, 2025, the Court entered a preliminary injunction, requiring Defendants to:

(1) take all necessary steps to return [Global Media] employees and contractors to their status prior to the March 14, 2025 Executive Order 14238, "Continuing the Reduction of the Federal Bureaucracy," including by restoring all [Global Media] employees and personal service contractors, who were placed on leave or terminated, to their status prior to March 14, 2025;

(2) restore the FY 2025 grants with [Global Media] Networks Radio Free Asia and Middle East Broadcasting Networks such that international Global Media outlets can "provide news which is consistently reliable and authoritative, accurate, objective, and comprehensive," 22 U.S.C. § 6202(a), (b), and, to that end, provide monthly status reports on the first day of each month apprising the Court of the status of the defendants' compliance with this Order, including documentation sufficient to show the disbursement to [Radio Free Asia] and [Middle East Broadcasting Networks] of the funds Congress appropriated; and

(3) restore [Voice of America] programming such that [Global Media] fulfills its statutory mandate that [Voice of America] "serve as a consistently reliable and authoritative source of news," 22 U.S.C. § 6202(c).

---

[1]     To be clear, Defendants are not seeking to stay provision 3 of the Court's preliminary injunction or any the portions of the preliminary injunction that are in effect pending the en banc D.C. Circuit's ruling, rather Defendants are moving to stay any further proceedings in the District Court.

[2]     In the related cases—i.e., *RFE/RL v. Lake and Open Technology Fund v. Lake*, Civil A. No. 25-0799 (RCL), *Radio Free Asia v. United States*, Civ. A. No. 25-0907 (RCL), and *Middle East Broadcasting Networks, Inc. v. United States*, Civ. A. No. 25-0966 (RCL)—the Court granted a stay of Defendants' response to the Complaint pending the appeal in each matter and *Widakuswara*.

*Widakuswara*, Civ. A. No. 25-1015, Mem. Op. (ECF No. 98) at 36; *see also Abramowitz*, Civ. A. No. 25-0887, Order (ECF No. 29).

On April 24, 2025, Defendants filed a notice of interlocutory appeal (*Widakuswara*, Civ. A. No. 25-1015, Notice (ECF No. 100)); *see also Abramowitz*, Civ. A. No. 25-0887, Notice (ECF No. 30)) and moved for an emergency stay in both D.C. Circuit cases on April 25, 2025. The D.C. Circuit granted the emergency motion to stay on May 3, 2025. *See Widakuswara*, No. 25-5144, Per Curiam Order (Dkt No. 2114139). Provisions (1) and (2) of the Court's April 22, 2025, preliminary injunction remain stayed pending the D.C. Circuit's resolution of the merits of Defendants' appeal. *Id.*, Order (Dkt No. 2117911).

In *Abramowitz*, Plaintiffs served the United States Attorney's Office with the summons and complaint on or around April 8, 2025, and Defendants response to the Complaint is due on June 9, 2025, and in *Widakuswara*, Plaintiffs served the United States Attorney's Office with the summons and complaint on or around May 19, 2025, and Defendants response to the Complaint is due on July 18, 2025.

Defendants now move to stay all proceedings pending the outcome of Defendants' appeal.

## ARGUMENT

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A decision on whether to stay a case rests on considerations of "economy of time and effort for [the Court], for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Factors that bear on whether to issue a stay include whether (1) "determination of the appeal in the first action will . . . preclude the entire second action" or instead, the second case involves "claims or issues that must be tried regardless of the outcome of the first action," and (2) there are "cogent reasons to fear the effects

of delay."  18A Arthur Wright et al., *Fed. Prac. & Proc. Juris.* § 4433 (3d ed. Apr. 2022 update); *accord Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017) (same).

Defendants intend to submit dispositive motions in each case under Federal Rule of Civil Procedure 12, focusing on the contention that this Court lacks jurisdiction to provide relief on Plaintiffs' employment claims and lacks jurisdiction under the Tucker Act.  Defendants' appeal before the D.C. Circuit simultaneously raises these jurisdictional issues.  Thus, the D.C. Circuit is virtually certain to resolve the issue of this Court's jurisdiction.  Because the issues are jurisdictional in nature, the D.C. Circuit must consider them before the merits under its own precedents.  *See Solis Meza v. Renaud*, 9 F.4th 930, 933 (D.C. Cir. 2021) ("we must decide jurisdictional questions before merits ones"); *Mittleman v. Postal Regul. Comm'n*, 757 F.3d 300, 303 (D.C. Cir. 2014) ("When a case is moot, a federal court is without jurisdiction to decide it.").

Staying this case pending the D.C. Circuit's issuance of a decision in *Widakuswara* and *Abramowitz* would promote judicial economy.  A stay would avoid the need to spend any time addressing dispositive issues that the D.C. Circuit will soon resolve itself, enabling this Court to focus its limited resources on other cases on its docket.  Indeed, the D.C. Circuit's eventual decision in *Widakuswara* and *Abramowitz*, whether favorable or adverse to the Government, will likely render unnecessary any resources that this Court expends addressing the issue on its own. For this reason, judges in this District routinely stay actions pending the D.C. Circuit's resolution of cases raising dispositive issues.  *See, e.g.*, Order, *Woodward Health Sys., LLC v. Becerra*, Civ. A. No. 20-3098 (JEB), at *2 (D.D.C. Feb. 23, 2022) (a stay would provide most "efficient use of party and judicial resources," and it "would [ ] seem imprudent for this Court not to wait to hear what the D.C. Circuit has to say"); *Guam v. United States*, Civ. A. No. 17-2487 (KBJ), 2019 WL

1003606, at *10 (D.D.C. Feb. 28, 2019) ("staying the case during the pendency of the D.C. Circuit's interlocutory review will promote the efficient use of judicial resources"); *Univ. of Colo.*, 233 F. Supp. 3d at 88 ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *State Nat'l Bank of Big Spring v. Lew*, 197 F. Supp. 3d 177, 179 (D.D.C. 2016) ("Given the likelihood that this issue will soon be decided by the Circuit, this Court will hold this matter in abeyance until the Court of Appeals rules"); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) ("resolution of [pending case] by the D.C. Circuit will be dispositive of the Plaintiffs' arguments here . . . a stay is appropriate, will further judicial economy, and will save time and expense for the parties." (cleaned up)); *Al Qosi v. Bush*, Civ. A. No. 04-1937 (PLF), 2004 WL 4797470, at *1 (D.D.C. Dec. 17, 2004) ("all proceedings in this matter will be held in abeyance pending resolution of [a case] by the court of appeals.").

Further, delay will cause no party prejudice. The D.C. Circuit recently ordered the parties to submit within seven days of May 28, 2025 "a proposed schedule and format for the briefing . . . on an expedited basis." *Widakuswara*, No. 25-5144, Order (Dkt. No. 2117911). While Defendants cannot predict when the D.C. Circuit will schedule an oral argument or issue a decision in *Widakuswara* and *Abramowitz*, there is no reason to assume that the duration of proceedings will be unusually long. Nor is there reason to believe that a stay would impose undue hardship on Plaintiff. Accordingly, the length of time that this case has been pending thus far—approximately two months—does not militate against a stay. Indeed, Judges in this District have stayed cases that have "been pending for several years" pending resolution of collateral proceedings. *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 174 (D.D.C. 2011).

**CONCLUSION**

For these reasons, this Court should stay this case pending the D.C. Circuit's issuance of a decision in *Widakuswara*, No. 25-5144 and *Abramowitz*, No. 25-5145.

Dated: June 2, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Stephanie R. Johnson*
    STEPHANIE R. JOHNSON,
      D.C. Bar # 1632338
    BRENDA GONZÁLEZ HOROWITZ,
      D.C. Bar # 1017243
    Assistant United States Attorneys
    Civil Division
    601 D Street, NW
    Washington, DC 20530
    Main: (202) 252-2500

*Attorneys for the United States of America*