UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

PATSY WIDAKUSWARA, JESSICA JERREAT,
KATHRYN NEEPER, JOHN DOES 1-4,
REPORTERS SANS FRONTIÈRES,
REPORTERS WITHOUT BORDERS, INC.,
AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES
(AFSCME), AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES (AFGE),
AMERICAN FOREIGN SERVICE
ASSOCIATION (AFSA), and THE
NEWSGUILD-CWA,

                    Plaintiffs,

        -against-

KARI LAKE, in her official capacity as Senior
Advisor to the Acting CEO of the U.S. Agency for
Global Media; VICTOR MORALES, in his
official capacity as Acting CEO of the U.S.
Agency for Global Media; and U.S. AGENCY
FOR GLOBAL MEDIA,

                    Defendants.

Case No. 1:25-cv-01015-RCL

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Emery Celli Brinckerhoff Abady Ward & Maazel LLP

Government Accountability Project

American Federation of Government Employees, AFL-CIO

American Foreign Service Association

American Federation of State, County and Municipal Employees, AFL-CIO

Democracy Forward Foundation

State Democracy Defenders Fund

Media Freedom and Information Access Clinic at Yale Law School

## INTRODUCTION

Plaintiffs do not oppose Defendants' motion insofar as it seeks to align the deadline for Defendants' to file an answer or motion to dismiss with the deadlines in the *Abramowitz v. Lake*, 1:25-cv-887-RCL (D.D.C. Mar. 26, 2025), case. But Defendants have made no showing that a stay of proceedings is warranted. The Court should therefore deny the motion to the extent it seeks relief beyond aligning the Defendants' deadline to file an answer or motion to dismiss.

## BACKGROUND

On April 22, this Court granted Plaintiffs' motion for a preliminary injunction, requiring three things of Defendants:

> 1) take all necessary steps to return USAGM employees and contractors to their status prior to the March 14, 2025 Executive Order 14238, "Continuing the Reduction of the Federal Bureaucracy," including by restoring all USAGM employees and personal service contractors, who were placed on leave or terminated, to their status prior to March 14, 2025;

> 2) restore the FY 2025 grants with USAGM Networks Radio Free Asia and Middle East Broadcasting Networks such that international USAGM outlets can 'provide news which is consistently reliable and authoritative, accurate, objective, and comprehensive,' 22 U.S.C. § 6202(a), (b), and , to that end, provide monthly status reports on the first day of each month apprising the Court of the status of the defendants' compliance with this Order, including documentation sufficient to show the disbursement to RFA and MBN of the funds Congress appropriated; and

> 3) restore VOA programming such that USAGM fulfills its statutory mandate that VOA 'serve as a consistently reliable and authoritative source of news,' 22 U.S.C. § 6202(c).

Dkt. 99 at 1-2. In granting the injunction, this Court did not rule on the merits of Plaintiffs' First Amendment and statutory firewall claims (Counts I, II, III, and IV). The preliminary injunction proceedings also did not implicate Plaintiffs' Appointments Clause claim (Count IX).

On April 25, Defendants appealed this Court's preliminary injunction order and moved to stay parts (1) and (2). Defendants did not move to stay part (3) of the injunction, which remains

1

operative. A divided panel of the D.C. Circuit stayed parts (1) and (2) on the view that "[t]he district court likely lacked subject-matter jurisdiction to enjoin USAGM's personnel actions and to compel the agency to restore RFA's and MBN's FY 2025 grants." *Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *2 (D.C. Cir. May 3, 2025).

Plaintiffs petitioned for rehearing en banc, which the D.C. Circuit denied. In doing so, however, seven of the eleven active judges on the en banc court explicitly contemplated that proceedings would continue in the district court, even before the D.C. Circuit resolves the pending preliminary injunction appeal. Specifically, Chief Judge Srinivasan, speaking for seven judges, disavowed any agreement with Defendants that this Court lacks subject matter jurisdiction to order personnel actions in service of ensuring Defendants follow the law, noting "insofar as the issue may arise in further proceedings in the district court, that court presumably would consider it in the first instance." No. 25-5144, Doc 2117869 at 3 (D.C. Cir. May 28, 2025) (statement of Srinivasan, C.J.). Concurring, Judge Pillard explained that the D.C. Circuit "has not limited the district court's remedial options going forward" and that this Court "retains the power to require the agency's compliance with its statutory obligations" including, but not limited, to the "authority to modify the preliminary injunction as circumstances develop, even while the appeal of the preliminary injunction is pending." *See id*. at 8 (Pillard, J., concurring).

Judge Pillard was correct to predict that developing circumstances would require this Court's action and intervention before the preliminary injunction appeal concludes. Indeed, three days after the en banc court released its statements, Plaintiffs filed a motion for an order to show cause regarding Defendants' noncompliance with part (3) of the preliminary injunction. In that motion, Plaintiffs explained that Defendants had not resumed broadcast in any meaningful way, had slated for sale the only building equipped to broadcast Voice of America programming, and

had terminated nearly all of the agency's 598 personal service contractors. *See* Dkt. 112 4-6.

Plaintiffs also cited reporting that the agency planned to terminate the vast majority of its full-

time staff as well. *Id*. at 5-6. After Plaintiffs filed that motion, Defendant Lake sent a letter to

Congress proposing to reduce the agency's full-time staff from over 1,000 people to just 81, and

shrinking Voice of America itself to fewer than 20 employees. *See* David Bauder & Aamer

Madhani, *Congressional letter obtained by AP outlines draft job cuts expected at Voice of*

*America*, Associated Press (June 4, 2025), https://apnews.com/article/voa-radio-trump-media-

cuts-5f87df41daf0748e755ed9bc87dfcb3d; Minho Kim, *Nearly All Remaining Voice of America*

*Employees Could Be Fired Under Plan*, The New York Times (June 4, 2025),

https://www.nytimes.com/2025/06/04/us/politics/trump-voice-of-america.html. Defendants have

also announced that they will begin using "the conservative media network OAN's feed on

Voice of America," though it is not yet clear in what capacity. David Bauder, *Trump*

*administration will provide programming from conservative network OAN for Voice of America*,

Associated Press (May 7, 2025), https://apnews.com/article/voa-oan-media-voice-of-america-

89649b6a62df9a40c5b3af682770d6b9.

## ARGUMENT

Defendants have made no showing that a stay of "any further proceedings" is merited.

Dkt. 114 at 2 n.1. The background presumption is that a "case will proceed forward expeditiously

in the district court" while an interlocutory appeal is pending. *Soc'y for Animal Rights, Inc. v.*

*Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975).  As the party seeking the stay, Defendants must

justify departing from the default presumption that "litigation [will] continue as usual." *OCA -*

*Asian Pac. Am. Advocs. v. Rubio*, No. CV 25-287 (TJK), 2025 WL 1393153, at *1 (D.D.C. May

14, 2025).  That background presumption is particularly compelling, and thus difficult to

overcome, here, where the en banc D.C. Circuit has indicated it expects litigation to continue in this Court while the preliminary injunction appeal is pending.

In assessing whether to enter a discretionary stay, this Court should assess three factors: "(1) harm to the nonmoving party if a stay does not issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019).

### I.    A Stay Would Harm Plaintiffs

Defendants contend that further delay "will cause no party prejudice." Dkt. 114 at 5. In doing so, they fail to account for the full scope of claims in this case and the dynamic and developing factual circumstances animating this litigation.

*First*, Plaintiffs have a "right to maintain their case." *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971). That includes pursuing the First Amendment, statutory firewall, and Appointments Clause counts that are in no way implicated by the preliminary injunction appeal. Defendants offer no reason why these claims should await the D.C. Circuit's decision on Defendants' preliminary injunction appeal.

*Second*, given the evolving facts of this case, Plaintiffs have a clear interest in not being forced to "deviate from the normal course of the litigation process," *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 140 (D.D.C. 2016), and Plaintiffs rightfully "fear the effects of a delay." *Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017); *Center for Biological Diversity et al v. Ross*, 419 F. Supp. 3d (D.D.C. 2019). This case has been litigated both before this court and before the D.C. Circuit on an expedited basis because the circumstances giving rise to the litigation are exigent. There is no reason to think that will

4

change. In point of fact, this Court's preliminary injunction order, including the part of which remains unstayed, has hardly stood in the way of Defendants' plan to hollow out the agency, and in particular Voice of America, as discussed in the motion for an order to show cause, Dkt. 112. In the short period of time since Plaintiffs filed that motion, Defendants have announced their intention to fire nearly everyone at the agency. Moreover, the exact use the agency will make of OAN content remains unclear. Plaintiffs may need to amend the complaint, seek limited discovery, seek additional preliminary relief, move for expedited summary judgment, or request additional relief to address these quickly changing circumstances. Staying all proceedings would preclude those options, seriously prejudicing Plaintiffs.

## II.    Defendants Have Not Demonstrated That They Will Suffer Harm Absent a Stay

A defendant must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work to damage someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Defendants, however, have made no argument of hardship or inequity at all, much less a clear one.

Simply defending a suit, "without more, does not constitute a clear case of hardship or inequity." *See Center for Biological Diversity et al v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019). This is especially true when the case is being defended by "counsel for the United States, the richest, most powerful, and best represented litigant to appear before the court." *Id.* (internal quotation marks and citations omitted). Defendants have provided no clear articulation of any "hardship or inequity" they will face without a stay; they therefore have not met their high burden. *See Wrenn*, 179 F. Supp. 3d at 140 (denying a stay when "[Movants] hardly elaborate on the alleged harm to them, which does not seem to exceed the harm necessarily entailed in participating in this litigation").

5

### III.    Defendants Have Not Demonstrated a Stay Would Promote Efficient Use of the Court's Resources

Finally, Defendants argue that the D.C. Circuit's eventual decision, whether favorable or adverse to the Government, will render unnecessary any resources that this Court expends addressing the issue on its own. This "judicial efficiency" argument is unmoored from the circumstances of this case for several reasons.

*First*, as noted, there are myriad issues in this case that are simply not implicated in the preliminary injunction appeal. *Second*, the pending appeal of this Court's preliminary injunction will address only Plaintiffs' "likelihood of success on the merits" regarding the two issues before the Circuit; the Circuit Court's decision in itself will not dispose of the case, as Defendants seem to suggest. *See, e.g., Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc) (explaining that a "court's finding of reasonable probability of success on the merits is not a resolution of any merit-based issue"); *Webb v. GAF Corp.,* 78 F.3d 53, 55-56 (2d Cir. 1996) (per curiam) ("[Q]uite different considerations are presented by a preliminary injunction that is entered prior to a final judgment on the merits, and a permanent injunction that constitutes a central component of such a final judgment."); *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 140 (D.D.C. 2016) ("[Movants'] claims regarding the impact of further proceedings on their time and resources simply do not justify a pause in this litigation, particularly because this argument is substantially based on [their] speculation about the downstream effect of the D.C. Circuit's resolution of the interlocutory appeal").

## CONCLUSION

Because Defendants have demonstrated no basis to enter a discretionary stay, Plaintiffs respectfully request that the Court deny their motion.

Dated:          June 13, 2025                    Respectfully Submitted,
                New York, New York

GOVERNMENT ACCOUNTABILITY              EMERY CELLI BRINCKERHOFF
PROJECT                                ABADY WARD & MAAZEL LLP

_____/s/_____      _____/s/_____
David Z. Seide (D.C. Bar # 421899)      Andrew G. Celli, Jr.**
1612 K Street, NW                       Debra L. Greenberger**
Washington, DC 20006                    Daniel M. Eisenberg (D.C. Bar # 90017823)
(202) 457-0034                          Nick Bourland**
davids@whistleblower.org                One Rockefeller Plaza, 8th Floor
                                        New York, New York 10020
*Counsel for Plaintiffs Patsy Widakuswara,*   (212) 763-5000
*Jessica Jerreat, Kathryn Neeper, John Doe*   acelli@ecbawm.com
*1, John Doe 2, John Doe 3, and John Doe 4*   dgreenberger@ecbawm.com
                                        deisenberg@ecbawm.com
                                        nbourland@ecbawm.com
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL                   *Counsel for Plaintiffs Patsy Widakuswara,*
EMPLOYEES, AFL-CIO (AFSCME)             *Jessica Jerreat, Kathryn Neeper, John Doe*
                                        *1, John Doe 2, John Doe 3, John Doe 4,*
_____/s/_____      *American Federation of State, County and*
Teague Paterson (D.C. Bar # 144528)     *Municipal Employees (AFSCME); American*
Matthew Blumin (D.C. Bar # 1007008)     *Federation of Government Employees*
Georgina Yeomans (D.C. Bar # 1510777)   *(AFGE); American Foreign Service*
1625 L Street, N.W.                     *Association (AFSA); and the NewsGuild-*
Washington, D.C. 20036                  *CWA*
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org                      AMERICAN FOREIGN SERVICE
GYeomans@afscme.org                     ASSOCIATION

*Counsel for Plaintiff American Federation*    _____/s/_____
*of State, County, and Municipal Employees,*   Sharon Papp (D.C. Bar # 107992)
*AFL-CIO (AFSCME)*                      Raeka Safai (D.C. Bar # 977301)
                                        2101 E Street, N.W.
                                        Washington, D.C. 20037
                                        (202) 338-4045
                                        papp@afsa.org
                                        safai@afsa.org

                                        *Counsel for Plaintiff American Foreign*
                                        *Service Association (AFSA)*

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO

_____/s/_____
Rushab Sanghvi (DC Bar # 1012814)
80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for American Federation of
Government Employees, AFL-CIO (AFGE).*

DEMOCRACY FORWARD
FOUNDATION

_____/s/_____
Kristin Bateman***
Robin F. Thurston (D.C. Bar # 1531399)
Skye L. Perryman (D.C. Bar # 984573)
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs American Federation
of State, County and Municipal Employees
(AFSCME); American Federation of
Government Employees (AFGE); American
Foreign Service Association (AFSA); and
the NewsGuild-CWA*

STATE DEMOCRACY DEFENDERS
FUND

_____/s/_____
Norman L. Eisen (D.C. Bar # 435051)
Joshua Kolb*
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@statedemocracydefenders.org
Joshua@statedemocracydefenders.org

*Counsel for Reporters Sans Frontières,
Reporters Without Borders, Inc., American
Federation of State, County and Municipal
Employees (AFSCME); and American
Federation of Government Employees
(AFGE)*

MEDIA FREEDOM & INFORMATION
ACCESS CLINIC - YALE LAW
SCHOOL[1]

_____/s/_____
David A. Schulz (D.C. Bar # 459197)
127 Wall Street
New Haven, CT 06520
tobin.raju@YLSClinics.org
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara,
Jessica Jerreat, Kathryn Neeper, and John
Does 1-4*

\* *Pro hac vice* application forthcoming

\*\* *Pro hac vice* application pending

\*\* D.C. Bar admission pending. Admitted
only in California; practice supervised by
members of the D.C. Bar.

---

[1] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.