UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

PATSY WIDAKUSWARA, JESSICA JERREAT,
KATHRYN NEEPER, JOHN DOES 1-4,
REPORTERS SANS FRONTIÈRES,
REPORTERS WITHOUT BORDERS, INC.,
AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES
(AFSCME), AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES (AFGE),
AMERICAN FOREIGN SERVICE
ASSOCIATION (AFSA), and THE
NEWSGUILD-CWA,

　　　　　　　　　Plaintiffs,

　　　-against-

KARI LAKE, in her official capacity as Senior
Advisor to the Acting CEO of the U.S. Agency for
Global Media; VICTOR MORALES, in his
official capacity as Acting CEO of the U.S.
Agency for Global Media; and U.S. AGENCY
FOR GLOBAL MEDIA,

　　　　　　　　　Defendants.

Case No. 1:25-cv-01015-RCL

---

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE**


Emery Celli Brinckerhoff Abady Ward & Maazel LLP

Government Accountability Project

American Federation of Government Employees, AFL-CIO

American Foreign Service Association

American Federation of State, County and Municipal Employees, AFL-CIO

Democracy Forward Foundation

State Democracy Defenders Fund

Media Freedom and Information Access Clinic at Yale Law School

## INTRODUCTION

Left without "a clear picture of what VOA is doing, what the defendants' plan is for VOA moving forward, or how the defendants made any of these decisions," the Court ordered Defendants to address six discrete factual issues. ECF No. 126. Defendants' response does little to answer the Court's questions and instead further obscures the contours of VOA's current programming and Defendants' plans for the future, including by contradicting prior representations Defendants made to this Court. The Court should therefore grant Plaintiffs' motion for an order to show cause and order Defendants to produce a plan to run Voice of America consistent with its governing statutory mandates.

### I.    Defendants Have Not Answered the Court's Questions

Defendants' submission is remarkable for its omissions. The little information Defendants do provide is either vague, contradicts prior sworn testimony, or is lacking any reasoned explanation.

### A.   Defendants Have Failed to Provide Information Requested by the Court and Have Contradicted Their Past Representations

Starting with the omissions, Defendants do not address the status of the Persian News Network, nor do they mention the Fiscal Year 2025 budget justification. *But see* ECF No. 126 at 2-4 (requesting information regarding both). In providing a non-detailed breakdown of how VOA has allocated its money thus far, Defendants do not explain the actual functions those funds have supported. ECF No. 127-1 ¶ 12. Their description also cannot be mapped onto the budget charts the Agency provided to Congress in its FY 2025 budget justification, which delineates multiple line items within regional programming divisions. *See* ECF No. 120-3 at 69-71. And their explanation does not address the sworn allegation that VOA spends the vast majority of its budget on staff salaries—money that is now largely used to pay employees to stay home on

administrative leave rather than fulfill the Agency's mission. *See* Declaration of Michael Abramowitz, ECF No. 37-2 in 1:25-cv-887-RCL ¶ 3.

Defendants also fail to discuss any current programming levels, aside from representing in passing that VOA is "broadcasting in Mandarin, Farsi, Dari, and Pashto." ECF No. 127-1 ¶ 14. There, Defendants appear to use the term "broadcasting" to refer not only to radio or television programming—which is the plain meaning of that term—but also, inaccurately, to describe online content, given that Defendants do not now and have not previously described any radio or television programming in Mandarin.

The information that can be gleaned from Ms. Lake's declaration leaves Plaintiffs with more questions than answers. To start, the Court asked for "information on staffing that gives a realistic picture of how VOA will be operating moving forward." *Id*. at 3. Defendants provide a list of 72 active full-time employees but insist on the caveat that "the number is subject to change as the Agency manages its operations." ECF No. 127-1 ¶ 4. Defendants do not explain how, when, or why those numbers might change. They also do not explain the staff's role in performing VOA's mandates, instead vaguely asserting that "some of the above VOA staff are responsible for content development." ECF No. 127-1 ¶ 6. More puzzling still, Defendants do not explain the decision to activate 18 more employees since they represented to the Court on June 27 that there were 54 active Voice of America employees. ECF No. 123-2 at 1.

In discussing VOA's staffing, Defendants do not disclose that on July 8, they informed VOA director Michael Abramowitz that he was being removed from his director role, effective September 6. *See* ECF No. 59-1 ¶¶ 7-8, 13-14. Moreover, press reports indicate, one business day after filing Ms. Lake's declaration, Defendants placed acting CEO and Defendant Victor

Morales on administrative leave.[1] These dramatic changes to senior leadership should have been disclosed to the Court. And the placement of Morales on administrative leave, if true, raises the question of who is running the Agency in his absence. *See* ECF No. 128 (asserting "Defendant Lake is exercising authority delegated to her by [USAGM's] Chief Executive Officer").

Defendants' response regarding the Edward R. Murrow Shortwave Transmitting Station is equally troubling, as it suggests Defendants misrepresented their programming levels in a declaration on June 27. On that date, Frank Wuco swore that USAGM had "recommenced shortwave radio broadcasts from the Edward R. Murrow Shortwave Transmitting Station." ECF No. 123-1 ¶ 19. Defendants relied on that representation in their filing to claim that "shortwave signal blankets all Latin America and the Caribbean." ECF No. 123 at 6. But after being pressed for specifics, Defendants have now backtracked, disclosing that the Edward R. Murrow Station is an intended "hub for *future* VOA activities." ECF No. 127-1 ¶ 11 (emphasis added). Ms. Lake's declaration says nothing about what VOA content is being broadcast from there *now* and is most naturally read as an admission that there is none.

And while Defendants once again tout their plans to disseminate information on the 50 states, those descriptions, too, underscore the unreliability of Defendants' representations. On June 27, Frank Wuco described a plan to broadcast content from *Brand USA* and state tourism videos. ECF No. 123-1 ¶¶ 13-15. Ms. Lake's declaration contains no discussion of that plan, discussing instead an intent to boost videos produced by the White House. ECF No. 127-1 ¶ 8. Either way, Plaintiffs do not understand how content produced outside the agency respects "editorial independence," 22 U.S.C. § 6205(d)(6)(A), or how White House-produced videos

---

[1] Scott Nover, *Kari Lake Moves to Consolidate Her Power to Dismantle Voice of America*, Wash. Post (July 23, 2025), https://www.washingtonpost.com/business/2025/07/23/kari-lake-voa-dismissals-dismantling/ (last accessed July 24, 2025).

represent a "balanced and comprehensive projection of significant American thought and institutions," *id.* § 6202(b)(2).

B. *Defendants' Explanations Regarding Languages and Regions Do Not Demonstrate Reasoned Decisionmaking*

The Court, reminding Defendants that reference to an executive order does not excuse the Agency from its obligation to undertake reasoned decisionmaking, also asked the agency to explain why it retained programming only in Dari, Pashto, Farsi, and Mandarin, and why it abandoned altogether the African continent. ECF No. 4-5 & n.2. As to its decision about languages, Defendants' primary explanation is to point to cherry-picked statutory requirements, a clear nod to Executive Order 14238's directive to reduce "statutory functions and associated personnel to the minimum presence and function required by law." ECF No. 127-1 ¶ 14; 90 Fed. Reg. 13043. Regarding African programming, Defendants say they "decided not to broadcast into Africa" because, they assert, *ipse dixit*, they are "not statutorily required to." ECF No. 127-1 ¶ 13.

Defendants' brief explanation of their thinking illuminates that they have not engaged in the reasoned decisionmaking required by the Administrative Procedure Act ("APA"), and that their view of statutory requirements continues to be overly narrow, ignoring once again the myriad laws that govern their conduct, including the International Broadcasting Act ("IBA"), the 2024 Appropriations Act, and the APA itself. *See* ECF No. 124 at 6-10 (explaining why these laws are binding on Defendants, including by being incorporated into this Court's preliminary injunction order).

Regarding their language programming decisions, Defendants once again do not explain why they view the provisions regarding Mandarin, Farsi (for which they rely upon a 2009 appropriations act), Dari, and Pashto as binding upon VOA, but not the Congressional directives

regarding North Korea, the Balkans, Russia, Latin America, the Pacific Islands, Ukraine, or Sindhi or Kurdish language programming. *See* ECF No. 120 at 4-7 (discussing these Congressional directives). They also do not explain how focusing on specific language requirements at the expense of 22 U.S.C. § 6202's directives fulfills their mandates. *See, e.g.*, 22 U.S.C. § 6202(b)(5) ("programming to meet needs which remain unserved by the totality of media voices available to the people of certain nations"); *id*. § 6202(b)(6) ("information about developments in each significant region of the world"); *id*. § 6202(b)(7) ("a variety of opinions and voices from within particular nations and regions prevented by censorship or repression from speaking to their fellow countrymen"); *id*. § 6202(c) ("The long-range interests of the United States are served by communicating directly with the peoples of the world by radio.").

As to not broadcasting to Africa at all, despite these statutory mandates, Defendants assert that VOA's work is duplicative since "major news networks such as CNN International already broadcast into Africa." ECF No. 127-1 ¶ 13. But CNN International appears to broadcast in Africa only in English, whereas VOA broadcasts to Africa in ten languages. *Compare* CNN Worldwide Fact Sheet, https://cnnpressroom.blogs.cnn.com/cnn-fact-sheet/, *with* Voice of America Language Service Fact Sheets, https://www.insidevoa.com/a/voa-fact-sheets/3780820.html. And unlike VOA, CNN International does not broadcast on over-the-air radio to Africa , leaving significant and vulnerable audiences without a trusted news source. *See* ECF No. 124 (citing ECF No. 16-15 ¶ 20 ("Our correspondents in Bangladesh, Ethiopia, Kenya, Pakistan, South Africa, and Zimbabwe report that rural regions in these nations remain mostly or entirely reliant on radio for news coverage.")).

II.        **The Court Should Grant Plaintiffs' Motion**

Defendants' inability to meaningfully respond to the Court's direct questions, their inconsistent statements to the Court, their failure to disclose significant upheaval in Agency leadership, and their silence on the numerous statutory obligations Plaintiffs have highlighted throughout the extended briefing on this motion, demonstrate that their failure to engage in reasoned decisionmaking pervades not only the events giving rise to this litigation, but also Defendants' minimal efforts to comply with this Court's order. Disconcertingly, Defendants have also resisted producing the administrative record as required under Local Civil Rule 7(n)(1). *See* ECF No. 128 at 44-45.

Defendants have given every indication that they intend to do very little, if anything, to meet statutory obligations or comply with the Court's order unless and until confronted with an order that they do otherwise. Plaintiffs therefore respectfully request that the Court reiterate that its preliminary injunction order requires Defendants to comply with all the laws that underlie that order, including the IBA, the 2024 Appropriations Act, and the APA. *See* ECF No. 124 at 6-10. Defendants' description of their statutory obligations and their assertion that they have the right to unilaterally make significant policy changes without accountability, *see* ECF No. 127-1 ¶ 10, suggest that Defendants do not understand or accept that principle; it is therefore necessary that the Court declare as much.

Plaintiffs also respectfully request that the Court, after clarifying for Defendants the legal force of its injunction, grant Plaintiffs' motion for an order to show cause and order the Defendants to create and produce a plan that, consistent with the true meaning of the Court's order, reflects (1) how Defendants will operate VOA such that it delivers, through all communication means including radio, television, and online print articles, meaningful

programming to a global audience in compliance with statutory mandates; (2) how Defendants will spend VOA's congressional appropriations as Congress intended; (3) that Defendants have brought back sufficient personnel to create and disseminate programming that complies with statutory mandates; and (4) that Defendants have restored VOA's operational capacity such that it can meet its mandate and spend its appropriation. The recent, undisclosed upheaval regarding Agency leadership only underscores the need for Defendants to articulate and commit to a plan for running VOA. Upon receipt of that plan, Plaintiffs will be positioned to assess whether contempt proceedings are warranted.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant Plaintiffs' motion for an order to show cause.

Dated:       July 25, 2025
              New York, New York

Respectfully Submitted,

GOVERNMENT ACCOUNTABILITY
PROJECT

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

_____ /s/ _____

David Z. Seide (D.C. Bar # 421899)
1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs Patsy Widakuswara,
Jessica Jerreat, Kathryn Neeper, John Doe
1, John Doe 2, John Doe 3, and John Doe 4*

AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL
EMPLOYEES, AFL-CIO (AFSCME)

_____ /s/ _____

Teague Paterson (D.C. Bar # 144528)
Matthew Blumin (D.C. Bar # 1007008)
Georgina Yeomans (D.C. Bar # 1510777)
1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff American Federation
of State, County, and Municipal Employees,
AFL-CIO (AFSCME)*

_____ /s/ _____

Andrew G. Celli, Jr.**
Debra L. Greenberger**
Daniel M. Eisenberg (D.C. Bar # 90017823)
Nick Bourland**
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs Patsy Widakuswara,
Jessica Jerreat, Kathryn Neeper, John Doe
1, John Doe 2, John Doe 3, John Doe 4,
American Federation of State, County and
Municipal Employees (AFSCME); American
Federation of Government Employees
(AFGE); American Foreign Service
Association (AFSA); and the NewsGuild-
CWA*

AMERICAN FOREIGN SERVICE
ASSOCIATION

_____ /s/ _____

Sharon Papp (D.C. Bar # 107992)
Raeka Safai (D.C. Bar # 977301)
2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff American Foreign
Service Association (AFSA)*

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO

_____/s/_____
Rushab Sanghvi (DC Bar # 1012814)
80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for American Federation of
Government Employees, AFL-CIO (AFGE).*

DEMOCRACY FORWARD
FOUNDATION

_____/s/_____
Kristin Bateman***
Robin F. Thurston (D.C. Bar # 1531399)
Skye L. Perryman (D.C. Bar # 984573)
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs American Federation
of State, County and Municipal Employees
(AFSCME); American Federation of
Government Employees (AFGE); American
Foreign Service Association (AFSA); and
the NewsGuild-CWA*

STATE DEMOCRACY DEFENDERS
FUND

_____/s/_____
Norman L. Eisen (D.C. Bar # 435051)
Joshua Kolb*
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@statedemocracydefenders.org
Joshua@statedemocracydefenders.org

*Counsel for Reporters Sans Frontières,
Reporters Without Borders, Inc., American
Federation of State, County and Municipal
Employees (AFSCME); and American
Federation of Government Employees
(AFGE)*

MEDIA FREEDOM & INFORMATION
ACCESS CLINIC - YALE LAW
SCHOOL[2]

_____/s/_____
David A. Schulz (D.C. Bar # 459197)
127 Wall Street
New Haven, CT 06520
tobin.raju@YLSClinics.org
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara,
Jessica Jerreat, Kathryn Neeper, and John
Does 1-4*

\* *Pro hac vice* application forthcoming

\*\* *Pro hac vice* application pending

\*\* D.C. Bar admission pending. Admitted
only in California; practice supervised by
members of the D.C. Bar.

---

[2] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.

10