UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ABRAMOWITZ, *et al.*,<br><br>   *Plaintiffs,*<br><br>v.<br><br>KARI LAKE, *et al.*,<br><br>   *Defendants.* | Case No. 1:25-cv-887-RCL |
| PATSY WIDAKUSWARA, *et al.*,<br><br>   *Plaintiffs,*<br><br>v.<br><br>KARI LAKE, *et al.*,<br><br>   *Defendants.* | Case No. 1:25-cv-1015-RCL |

## ORDER

On April 22, 2025, the Court entered preliminary injunctions in the above-captioned cases, Part III of which enjoined the defendants to "restore VOA programming such that VOA fulfills its statutory mandate that VOA 'serve as a consistently reliable and authoritative source of news.'" *See* Preliminary Injunction Order, No. 25-cv-1015-RCL, ECF No. 98. That order remains in effect as of this date. Since the plaintiffs first raised serious questions about the defendants' compliance with the preliminary injunction, the Court has afforded the defendants multiple opportunities to explain how it is doing so. Most recently, on July 30, 2025, the Court entered an Order to Show Cause, the operative language of which is reproduced below, directing the defendants to provide the following information:

1

1. Explain how, since April 22, the defendants have complied with Part III of the preliminary injunction, including:
   a. How the defendants have restored VOA programming such that VOA is producing and broadcasting news consistent with the International Broadcasting Act, in each relevant medium (radio, television, and online content), and for each language in which VOA is operating;
   b. How the defendants' actions are consistent with VOA's congressional appropriations;
   c. Whether the defendants have notified Congress of their significant reduction in broadcast hours, as required by the Further Consolidated Appropriations Act of 2024;
2. Identify the precise number of USAGM employees who have been recalled from administrative leave, and explain whether they are actively working on VOA programming, and what work product they have produced; and identify the precise number of USAGM employees that remain on administrative leave.
3. Produce all documents reflecting the defendants' plan to restore VOA programming to fulfill its statutory mandate.
4. Produce all documents reflecting the defendants' plans for further termination of USAGM staff, including but not limited to any Agency RIF and Reorganization Plans ("ARRPs"), RIF notices to be provided to Agency employees or the unions representing them, lists of positions to be covered by any future RIFs, and any other relevant documents or information the defendants have drafted or compiled on these subjects to date.
5. Produce all documents otherwise relating to the defendants' plans to wind down USAGM's operations.

Order to Show Cause, No. 25-cv-1015-RCL, ECF No. 130 at 10–11.

The Court has carefully studied the defendants' responses thereto and, for the reasons raised at the August 25, 2025 hearing, finds that the defendants' response fails to provide the information ordered in the Court's Order to Show Cause—let alone explain how they are in compliance with the Court's preliminary injunction, even on their preferred interpretation of VOA's statutory mandate. To allow the defendants one final opportunity, short of a contempt trial, to provide such explanation, it is hereby **ORDERED** that Kari Lake, Frank Wuco, and Leili Soltani shall sit for depositions to be taken by the plaintiffs no later than September 15, 2025. It is further

**ORDERED** that the parties shall meet and confer to set a schedule for the foregoing depositions; and should the parties fail to agree on a schedule, they shall jointly and expeditiously move to set a scheduling conference for that purpose. The Court will hold in abeyance any ruling on further coercive action.

Date: August 25, 2025

                                                                Royce C. Lamberth
                                                                United States District Judge