UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ABRAMOWITZ, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 25-0887 (RCL) |
| KARI LAKE, et al., | |
| Defendants. | |
| PATSY WIDAKUSWARA, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 25-1015 (RCL) |
| KARI LAKE, et al., | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' JOINT MOTION TO PAUSE
REDUCTIONS IN FORCE IN SERVICE OF ENFORCING PRONG (3) OF THE
<u>PRELIMINARY INJUNCTION</u>**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities .............................................................................................................. ii

Introduction .......................................................................................................................... 1

Background ........................................................................................................................... 1

Argument .............................................................................................................................. 3

     I.     Plaintiffs Fail to Demonstrate How the Reductions in Force Violate Prong (3) of the Preliminary Injunction Order and Have Not Carried Their Burden. ............... 3

     II.    If the Court Construes Plaintiffs' Motion as a Request for a Temporary Restraining Order, that Request Should be Denied. ................................................ 7

          A.     Plaintiffs Are Not Likely to Prevail on the Merits of their Employment Claims. ..................................................................................................... 8

          B.     Plaintiffs Fail to Show Irreparable Harm Absent an Injunction. .............. 11

          C.     The Equities and Public Interest Weigh Against Relief. ......................... 13

     III.   Any Relief Should Be Limited in Scope.............................................................. 14

Conclusion ......................................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases** **Page**

*Abramowitz v. Lake*,
Civ. A. No. 25-0887 (RCL), 2025 WL 2480354 (D.D.C. Aug. 28, 2025) ............................ 10

*Am. Foreign Serv. Ass'n v. Trump*,
Civ. A. No. 125- 352 (CJN), 2025 WL 2097574 (D.D.C. July 25, 2025)........................ 10, 13

*Ass'n for Educ. Fin. & Pol'y, Inc. v. McMahon*,
Civ. A. No. 25-0999 (TNM), 2025 WL 1568301 (D.D.C. June 3, 2025) ............................. 11

*Athridge v. Iglesias*,
464 F. Supp. 2d 19 (D.D.C. 2006) ....................................................................................... 14

*Chaplaincy of Full Gospel Churches v. England*,
454 F.3d 290 (D.C. Cir. 2006) ....................................................................................... 11, 12

*Flaherty v. Pritzker*,
17 F. Supp. 3d 52 (D.D.C. 2014) ....................................................................................... 3, 4

*Heartland Hosp. v. Thompson*,
328 F. Supp. 2d 8 (D.D.C. 2004) ....................................................................................... 3, 6

*Heartland Reg'l Med. Ctr. v. Leavitt*,
415 F.3d 24 (D.C. Cir. 2005) ......................................................................................... 4, 5, 7

*Hi-Tech Pharmacal Co. v. FDA*,
587 F. Supp. 2d 1 (D.D.C. 2008) ......................................................................................... 11

*Int'l Ladies' Garment Workers' Union v. Donovan*,
733 F.2d 920 (D.C. Cir. 1984) .............................................................................................. 3

*Madsen v. Women's Health Ctr., Inc.*,
512 U.S. 753 (1994) ............................................................................................................. 14

*Maryland v. Dep't of Agric.*,
No. 25-1338, 2025 WL 1073657 (4th Cir. Apr. 9, 2025) ..................................................... 11

*McMahon v. New York*,
145 S. Ct. 2643 (2025) ......................................................................................................... 11

*Munaf v. Geren*,
553 U.S. 674 (2008) ............................................................................................................... 7

*National Association of Immigration Judges v. Owen*,
139 F.4th 293 (4th Cir. 2025) ......................................................................................... 9, 10

*Nat'l Treasury Emps. Union v. Vought*,
No. 25-5091, 2025 WL 2371608 (D.C. Cir. Aug. 15, 2025) ................................... 6, 8, 9, 11

*Neb. Dep't of Health & Hum. Servs. v. Dep't of Health & Hum. Servs.*,
　435 F.3d 326 (D.C. Cir. 2006) ................................................................ 14

*Nken v. Holder*,
　556 U.S. 418 (2009) ................................................................ 14, 7, 8, 13

*Office of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*,
　145 S. Ct. 1914 (2025) ................................................................ 11

*National Treasury Employees Union v. Vought*,
　778 F. Supp. 3d 144 (D.D.C. 2025) ................................................................ 6

*Sherley v. Sebelius*,
　644 F.3d 388 (D.C. Cir. 2011) ................................................................ 7

*St. Croix Chippewa Indians of Wis. v. Kempthorne*,
　535 F. Supp. 2d 33 (D.D.C. 2008) ................................................................ 13

*U.S. Chamber of Com. v. EPA*,
　642 F.3d 192 (D.C. Cir. 2011) ................................................................ 14-15

*Widakuswara v. Lake*,
　779 F. Supp. 3d 10 (D.D.C. 2025) ................................................................ 2, 4

*Widakuswara v. Lake*,
　No. 25-5144, 2025 WL 1521355 (D.C. Cir. May 28, 2025) ................................................................ 2

*Widakuswara v. Lake*,
　No. 25-5144, 2025 WL 1556440 (D.C. Cir. May 22, 2025) ................................................................ 2

*Widakuswara v. Lake*,
　No. 255144, 2025 WL 1288817 (D.C. Cir. May 3, 2025) ................................................................ 2, 8, 10, 13, 14

*Winter v. Nat. Res. Def. Council, Inc.*,
　555 U.S. 7 (2008) ................................................................ 7

*Wis. Gas Co. v. Fed. Energy Regul. Co.*,
　758 F.2d 669 (D.C. Cir. 1985) ................................................................ 13

**Statutes, Rules, Regulations, and Other Authorities**

22 U.S.C. § 6202 ................................................................ 2, 3, 5

Fed. R. App. P. 8 ................................................................ 14

Defendants, by and through undersigned counsel, respectfully oppose the joint motion to pause reductions in force in service of enforcing prong (3) of the preliminary injunction filed by Plaintiffs in both actions. *See Widakuswara*, ECF No. 144, *see also Abramowitz*, ECF No. 84.[1]

## INTRODUCTION

Plaintiffs once again seek to micromanage U.S. Agency for Global Media ("Global Media") and transform this Court into an overseer of Global Media's day-to-day affairs and operations and personnel decisions, including staffing levels. Plaintiffs request that this Court pause the reduction in force in service of enforcing prong (3) of the April 22, 2025, preliminary injunction; however, the only personnel-related prong of the Court's injunction—i.e., relating to Global Media's personnel decisions and actions and ordering Defendants to immediately reinstate all employees as existed prior to the March 14, 2025, Executive Order—was stayed by the D.C. Circuit and is not currently in force. Ultimately, Plaintiffs ask this Court to turn a blind eye to the stay issued by the D.C. Circuit, but this Court should decline to do so and immediately deny Plaintiffs' request for the extraordinary relief.

## BACKGROUND

On April 22, 2025, the Court entered a preliminary injunction, requiring Defendants, , to: (1) take all necessary steps to return Global Media employees and contractors to their status prior to the March 14, 2025 Executive Order 14238, "Continuing the Reduction of the Federal Bureaucracy," including by restoring all Global Media employees and personal service contractors, who were placed on leave or terminated, to their status prior to March 14, 2025; (2) restore the FY 2025 grants with Global Media Networks Radio Free Asia and Middle East

---

[1]    The motions filed in both matters are identical, so for ease, Defendants throughout the opposition primarily cite the *Widakuswara* motion, but the arguments equally apply to both cases.

Broadcasting Networks; and (3) restore Voice of America programming such that Global Media fulfills its statutory mandate that Voice of America "serve as a consistently reliable and authoritative source of news," 22 U.S.C. § 6202(c). *See Widakuswara v. Lake*, 779 F. Supp. 3d 10, 39–40 (D.D.C. 2025).

On April 24, 2025, Defendants filed a notice of interlocutory appeal, *see Widakuswara*, ECF No. 100, and moved for an emergency stay in the D.C. Circuit on April 25, 2025. The D.C. Circuit granted the emergency motion to stay on May 3, 2025. *See Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *6 (D.C. Cir. May 3, 2025). The D.C. Circuit explained that the "district court likely lacked jurisdiction over [Global Media's] personnel actions." *Id.* at *2. And "while [Global Media's] employees and contractors might have viable, discrete claims with respect to their individual personnel actions, those claims must be pursued through other remedial channels." *Id.* at *3. And although Plaintiffs moved for en banc reconsideration of the stay panel's order, the en banc Court of Appeals denied Plaintiffs' petition as to prong (1), meaning the personnel related portion of the Court's April 22, 2025, preliminary injunction remains stayed pending the D.C. Circuit's resolution of the merits of Defendants' appeal and is currently in effect as of the date of this filing. *See Widakuswara v. Lake*, No. 25-5144, 2025 WL 1556440, at *1 (D.C. Cir. May 22, 2025) (en banc); *see also Widakuswara v. Lake*, No. 25-5144, 2025 WL 1521355, at *1 (D.C. Cir. May 28, 2025) (en banc). The appeal is now fully briefed, with oral argument calendared for September 22, 2025. *See* Clerk's Order, No. 25-5144 (D.C. Cir. July 1, 2025).

On July 18, 2025, Defendants moved to dismiss the complaint and argued, among other things, that the Court lacks jurisdiction over Plaintiffs' employment claims. *See Widakuswara*, ECF No. 128, *see also Abramowitz*, ECF No. 58. Defendants' motion to dismiss is fully briefed.

On August 29, 2025, Global Media sent formal notices via letter regarding Global Media's reduction in force. *See, e.g.,* Aug. 29, 2025, Ltr, *Widakuswara*, ECF No. 144-4 at 2. The letter notified recipients that separation would be effective September 30, 2025. *Id.* More than a week later, on September 8, 2025, Plaintiffs moved to pause the reductions in force. *See Widakuswara*, ECF No. 144, *see also Abramowitz*, ECF No. 84.

## ARGUMENT

Plaintiffs request that the Court enforce prong (3) of the injunction by temporarily enjoining the reduction in force until the Court determines whether the Defendants are complying with prong (3) of the Court's April 22, 2025, preliminary injunction, which requires Global Media to restore Voice of America programming such that Global Media fulfills its statutory mandate that Voice of America "serve as a consistently reliable and authoritative source of news," 22 U.S.C. § 6202(c); *see also Widakuswara*, ECF No. 144; *Abramowitz*, ECF No. 84. Plaintiffs' motion is improper under the circumstances here, and Plaintiffs fail to meet their burden under the motion to enforce standard or the standard to obtain a temporary restraining order. Thus, for the reasons discussed below, the Court should deny Plaintiffs' motion.

**I.    Plaintiffs Fail to Demonstrate How the Reductions in Force Violate Prong (3) of the Preliminary Injunction Order and Have Not Carried Their Burden.**

When deciding a motion to enforce a preliminary injunction, a district court has "the authority to enforce the terms of its mandate." *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 55 (D.D.C. 2014) (cleaned up); *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922 (D.C. Cir. 1984). A court asked to enforce a prior order should grant the motion only when a "prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it." *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004). The overarching question is whether the plaintiff has "received all relief required" by the court's prior order. *Id.* "Success on

a motion to enforce a judgment gets a plaintiff only 'the relief to which [the plaintiff] is entitled under [its] original action and the judgment entered therein.'" *Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 29 (D.C. Cir. 2005) (quoting *Watkins v. Washington*, 511 F.2d 404, 406 (D.C. Cir. 1975)).

Under this standard, Plaintiffs face problems out of the gate. For starters, prong (3) of the injunction, which Plaintiffs seek to enforce, does not prohibit reductions in force. Simply put, reductions in force are not covered by the "terms of [the preliminary injunction's] mandate." *Flaherty*, 17 F. Supp. 3d at 55 (D.D.C. 2014). The challenged mandate is that Global Media "restore [Voice of America] programming such that USAGM fulfills its statutory mandate that [Voice of America] serve as a consistently reliable and authoritative source of news." *Widakuswara*, 779 F. Supp. 3d at 40 (quotation omitted). The mandate does not entitle Plaintiffs to relief as to particular employment and personnel decisions. *See Heartland Reg'l Med. Ctr.*, 415 F.3d at 29. And this is underscored by prong (1) of the Court's injunction—which did explicitly address personnel and employment. As discussed above, prong (1) of the injunction is currently stayed. This Court should reject Plaintiffs' attempt to circumvent the stay of the personnel-related injunction.

Plaintiffs' motion faces another problem on its own terms: it admits that these reductions in force in and of themselves do not violate prong (3) of the injunction. Rather than claiming that the reductions in force would violate prong (3) of the injunction, Plaintiffs explain that the Court is "in the midst of determining whether Defendants have complied with the active portion of the Court's preliminary injunction" and the reductions in force "threaten that effort, and will hamper the Court's ability to enforce its injunction in the future." *Widakuswara*, ECF No. 144 at 2. Plaintiffs argue that the reductions in force will "frustrate Defendant's ability to comply with prong

(3) of the Court's preliminary injunction" and "could frustrate this Court's ability to compel compliance with its order." *Id.* at 5-6. In other words, Global Media's reduction in force would not actually violate prong (3) of the preliminary injunction. Instead, Plaintiffs ask this Court to exert extraordinary relief just in case it *might* make enforcing its preliminary injunction down the road easier *if* Defendants are found not to be in compliance. By Plaintiffs' own admission, their motion is prophylactic and rests on speculation.

On the merits of prong (3) of the injunction—which Plaintiffs do not address—Global Media maintains that it is complying with the Court's order. Defendants have demonstrated that Voice of America is meeting its statutory obligations under the International Broadcasting Act and complying with the Court's requirement that it serve, pursuant to its statutory mandate, as a "consistently reliable and authoritative source of news," *see* 22 U.S.C. § 6202(c). *See generally Widakuswara* Defs.' Responses (ECF Nos. 117, 123, 127, 134, 141). Voice of America is currently broadcasting in short wave radio transmissions, produces daily web stories, and produces content (both written and digital) in four languages (i.e., Mandarin, Dari, Pashto and Farsi), in addition to the existing broadcasting occurring through the Office of Cuba Broadcasting. *See generally* Soltani Decl. ¶¶ 3–9 (*Widakuswara*, ECF No. 117-1) (explaining the responsibilities of the Persian, Mandarin, Pashto, and Dari Language Services); Wuco Decl. ¶ 6(a)-(d) (same) (attached hereto); *see also* 2d Thomas Decl. ¶¶ 6–7 (*Abramowitz*, ECF No. 24-4) (explaining the Office of Cuba Broadcasting). Also, Global Media is taking steps to restore Korean-language and Russian-language broadcasting. *See* Wuco Decl. ¶ 6(f)-(g). And the reductions in force will not affect Voice of America's ability to broadcast as it is currently broadcasting. All the positions that are currently working on Voice of America broadcasting will remain. *Id.* ¶ 4. But even if the Court somehow finds that the current level of broadcasting does not meet prong (3) of the

injunction, decisions about who to hire and how to manage Global Media's workforce rest squarely within its discretion. Enjoining the reductions in force would be a wholly overbroad and improper remedy.

Plaintiffs rely heavily on *National Treasury Employees Union v. Vought*, 778 F. Supp. 3d 144, 150 (D.D.C. 2025), *appeal dismissed*, No. 25-5091, 2025 WL 1385557 (D.C. Cir. May 12, 2025). *Widakuswara*, ECF No. 144 at 6–8. Plaintiffs assert that "[a]nother judge in this district [] paus[ed the reductions in force] pending the disposition of preliminary-injunction compliance proceedings—where, as here, the D.C. Circuit had partially stayed the court's preliminary injunction, including the injunction's prohibition on conducting reductions in force, and plaintiffs subsequently filed a successful order to show cause concerning compliance with the unstayed portion of the injunction." *Id.* at 6–7. Plaintiffs, however, neglect to mention the relevant procedural history following issuance of the district court's injunction. Indeed, just last month the D.C. Circuit vacated the preliminary injunction, holding that the district court lacked jurisdiction over claims "predicated on loss of employment," which must proceed through the specialized-review scheme established in the Civil Service Reform Act ("CSRA"). *Nat'l Treasury Emps. Union v. Vought*, No. 25-5091, 2025 WL 2371608, at *1 (D.C. Cir. Aug. 15, 2025) ("*Nat'l Treasury Emps. Union II*"). The D.C. Circuit has vacated the preliminary injunction upon which that Plaintiffs rely and remanded the case for further proceedings consistent with the D.C. Circuit's opinion. *Id.* at *21. If anything, *National Treasury Employees Union* supports Defendants' position, not Plaintiffs'.

In sum, a court asked to enforce a prior order should grant the motion only when a "prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it." *Heartland Hosp.*, 328 F. Supp. 2d at 11. Plaintiffs are not "prevailing plaintiff[s]" on

this issue.  In Plaintiffs' own words, "Defendants' compliance with the injunction is . . . an open, unresolved question." *Widakuswara*, ECF No. 144 at 6.  And even if Plaintiffs did prevail on this issue, Plaintiffs' relief would be limited to what Plaintiffs are "entitled under [its] original action and the judgment entered therein." *Heartland Reg'l Med. Ctr.*, 415 F.3d at 29 (quotation omitted). And Plaintiffs are not entitled to pause or delay the reduction in force under prong (3) of the Court's injunction.  Accordingly, the Court should deny Plaintiffs' motion.

## II. If the Court Construes Plaintiffs' Motion as a Request for a Temporary Restraining Order, that Request Should be Denied.

Although Plaintiffs try to hide behind a motion styled as a "motion to enforce," Plaintiffs are essentially seeking another injunction—a temporary restraining order to enjoin the Global Media's reduction in force.  But Plaintiffs altogether fail to show how they meet the stringent elements required for a temporary restraining order. Indeed, Plaintiffs fail to cite the standard needed or the authority or cause of action by which Plaintiffs assert this Court could enjoin the reductions in force.

An injunction is an "extraordinary and drastic remedy" that should "never [be] awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citation omitted).  To warrant relief, the movant must satisfy a four-prong test, establishing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *accord Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011).  The third and fourth factors of the analysis—harm to others and the public interest— "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Temporary restraining orders are subject to similar standards.

**A.      Plaintiffs Are Not Likely to Prevail on the Merits of their Employment Claims.**

This Court lacks jurisdiction to grant Plaintiffs' requested relief—i.e., suspending the reduction in force.  The parties have rehashed the same arguments relating to this Court lacking jurisdiction over Global Media's personnel decisions, including, but not limited to, terminations, reductions in force, and staffing levels.  *See, e.g.*, *Widakuswara*, ECF No. 128 at 11–19; *id.*, ECF No. 148 at 2–7.  Plaintiffs continue to argue that Defendants are wrong on the jurisdictional issues, *see Widakuswara*, ECF No. 144 at 8–12, but the D.C. Circuit already has spoken on this issue:

> We have long held that federal employees may not use the Administrative Procedure Act to challenge agency employment actions . . . Congress has instead established comprehensive statutory schemes for adjudicating employment disputes with the federal government . . .  Federal employees may not circumvent [the requisite statutes'] requirement and limitations by resorting to the catchall APA to challenge agency employment actions . . . [W]hile [Global Media's] employees and contractors might have viable, discrete claims with respect to their individual personnel actions, those claims must be pursued through other remedial channels.

*Widakuswara*, 2025 WL 1288817, at *2.  The D.C. Circuit stayed prong (1) of the Court's April 22, 2025, preliminary injunction, writing that, "[t]he district court likely lacked jurisdiction over [Global Media's] personnel actions." *Id.* at * 2. Even if this Court were to conclude that the D.C. Circuit's statements do not conclusively resolve the very specific issue presented in Plaintiffs' motion, this Could should follow the D.C. Circuit's highly persuasive analysis for the proposition that Plaintiffs here must pursue their personnel-related claims through the requisite statutory schemes, including the CSRA.

Also, similar to *Widakuswara*, 2025 WL 1288817, at *2, the D.C. Circuit in *National Treasury Employees Union II* recently issued a similar holding concerning jurisdictional issues involving personnel-related claims.  The *National Treasury Employees Union,* 2025 WL 2371608, at *1, plaintiffs sued "to stop what they describe[d] as a decision to 'shut down' the" Consumer Financial Protection Bureau based on the Bureau's decision to terminate employees, cancel

contracts, decline additional funding, move to a smaller headquarters, and require advance approval for agency work. The D.C. Circuit explained that the organizations' claims were precluded by the CSRA review scheme because (1) a finding of preclusion would not foreclose meaningful judicial review; (2) the employment claims were not wholly collateral to the CSRA scheme; and (3) the claims were not beyond the expertise of the Merit Systems Protection Board ("MSPB") and Federal Labor Relations Authority ("FLRA"). *Id.* at *5–6. The D.C. Circuit vacated the preliminary injunction, holding, among other things, that "the district court lacked jurisdiction to consider the claims predicated on loss of employment." *Id.* The same logic applies here and forecloses Plaintiffs' claims and request for injunctive relief.

Plaintiffs suggest this matter is distinguishable from *National Treasury Employees Union II* because the D.C. Circuit did not consider a Fourth Circuit case, *National Association of Immigration Judges v. Owen*, 139 F.4th 293 (4th Cir. 2025). Plaintiffs argue that their claims are not subject to channeling because the President's removal of "members of each CSRA administrative agency has collapsed any implication of jurisdiction stripping that may have been discernible." *Widakuswara*, ECF No. 144 at 10 (citing *Owen*, 139 F.4th at 304). As an initial matter, *Owen* is an out-of-circuit decision and not dispositive of the issue. Moreover, even a persuasive out-of-circuit decision does not alter the binding nature of D.C. Circuit's holdings on this Court.

In any event, when assessing whether the CSRA stripped the district court of jurisdiction, the Fourth Circuit remanded to the district court the first *Thunder Basin* inquiry—whether Congress's intent to preclude district-court jurisdiction is "fairly discernible in the statutory scheme." 139 F.4th at 303–04 (quoting *Thunder Basin*, 510 U.S. at 207). Plaintiffs conspicuously decline to acknowledge that *Owen* concluded that all three factors of *Thunder Basin*'s second step

were met, meaning that the Fourth Circuit concluded that plaintiffs' claims—including their constitutional ones—were just the type Congress intended to be reviewed within the CSRA's statutory structure.  *Owen*, 139 F.4th at 308–13.  And *Owen*'s reasoning is wrong on the merits. As this Court has pointed out, Plaintiffs' lack of "authority, binding or otherwise, compelling the conclusion that the lack of a quorum factors into the *Thunder Basin* analysis" is "notable," especially "given that the MSPB similarly lacked a quorum from 2017 to 2022."  *Abramowitz v. Lake*, Civ. A. No. 25-0887 (RCL), 2025 WL 2480354, at *6 (D.D.C. Aug. 28, 2025).

Further, Plaintiffs argue that because "Defendants have purported to cancel [American Federation of Government Employees'] and [American Federation of State, County and Municipal Employees'] collective bargaining agreements with the Agency, the unions no longer have available to them the option to file a grievance under those [collective bargaining agreements] or engage in any related proceedings before the FLRA."  *Widakuswara*, ECF No. 144 at 12.  This argument is not relevant.  Even if the FLRA is not available to the unions themselves, Plaintiffs' members, the federal employees, may pursue their claims through the CSRA to challenge the reduction in force, terminations, suspensions, etc. and the cases Plaintiffs cite to do not suggest otherwise.  *See Widakuswara*, 2025 WL 1288817, at *3 ("while [Global Media's] employees and contractors might have viable, discrete claims with respect to their individual personnel actions, those claims must be pursued through other remedial channels," which includes the CSRA); *see also Am. Foreign Serv. Ass'n v. Trump*, Civ. A. No. 125- 352 (CJN), 2025 WL 2097574, at *9 (D.D.C. July 25, 2025) ("As to [American Federation of Government Employees], which represent [federal] employees, the Court explained at length when denying the preliminary injunction that the [CSRA]… likely channel[s] their members' claims to various agencies and provide[s] for subsequent review in specific Article III courts.").

Numerous courts, including the Supreme Court, in recent months effectively allowed the challenged reductions in force to go forward or determined that employment claims are precluded, and this Court should follow suit. *See*, *e.g.*, *McMahon v. New York*, 145 S. Ct. 2643 (2025) (staying a district court order that required the government to reinstate Department of Education employees fired as part of a reduction in force); *Office of Pers. Mgmt. v. Am. Fed'n of Gov't Emps.*, 145 S. Ct. 1914 (2025) (staying a district court injunction ordering six departments and agencies to immediately offer reinstatement to over 16,000 employees who had been laid off); *see also Nat'l Treasury Emps. Union*, 2025 WL 2371608 at *1, 5–6; *Maryland* v. *Dep't of Agric.*, No. 25-1338, 2025 WL 1073657, at *1 (4th Cir. Apr. 9, 2025) ("The Government is likely to succeed in showing the district court lacked jurisdiction over Plaintiffs' claims" challenging the "terminat[ion] [of] thousands of probationary federal employees").

Plaintiffs attempt to transform this Court into an ongoing monitor of personnel decisions and staffing levels, but "[j]udges were never meant to be czars overseeing the day-to-day affairs of agencies," *Ass'n for Educ. Fin. & Pol'y, Inc. v. McMahon*, Civ. A. No. 25-0999 (TNM), 2025 WL 1568301, at *7 (D.D.C. June 3, 2025), and therefore, the Court should reject Plaintiffs' invitation to get deeply involved with Global Media's personnel decisions. Instead, Plaintiffs' motion should be denied.

### B.    Plaintiffs Fail to Show Irreparable Harm Absent an Injunction.

In addition to the Court lacking authority to issue such an injunction and their lack of success on the jurisdictional issue, Plaintiffs likewise fail to establish that they or their members will suffer irreparable harm absent an injunction. To show irreparable harm, Plaintiffs must meet a "high standard" and show that they face injuries that are "certain, great, actual, and imminent," *Hi-Tech Pharmacal Co. v. FDA*, 587 F. Supp. 2d 1, 11 (D.D.C. 2008), and "beyond remediation.," *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). "Mere

injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm." *Id.* at 297–98 (quoting *Wis. Gas Co. v. Fed. Energy Regul. Co.*, 758 F.2d 669, 674 (D.C. Cir. 1985)).  While Plaintiffs address the relevant inquiry in a cursory way, they clearly fail to meet the high hurdle needed for such extraordinary relief.

Here, in terms of the harms, Plaintiffs argue that "this Court has already held that absent a preliminary injunction, including the blocking of mass terminations of [Global Media] employees, Plaintiffs face irreparable harm" and "the [reduction in force] threaten[s] to upend [Voice of America] Director Michael Abramowitz's ability to lead [Voice of America] consistent with its statutory mandates." *Widakuswara*, ECF No. 144 at 8, 11.  Despite these purported harms, the D.C. Circuit already has considered and rejected these arguments.  As the D.C. Circuit stated, "[a]lthough we appreciate the gravity of these harms, there remain several avenues for their remediation." *Widakuswara*, WL 1288817, at *5 (citing *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297).  "Loss of government employment generally does not constitute irreparable injury," *see id.* (citing *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974), "especially since employees seeking to challenge their termination or placement on administrative leave may seek emergency stays from the Office of Special Counsel and MSPB, *Widakuswara*, WL 1288817, at *5.  *See also Nat'l Treasury Emps. Union II*, 2025 WL 2371608, at *5–6 (determining that the organizations' injuries arise from the termination of their members, which the MSPB may remedy by ordering reinstatement with backpay, and in any event the CSRA precludes district-court jurisdiction); *Farris v. Rice*, 453 F. Supp. 2d 76, 79–80 (D.D.C. 2006) ("[C]ases are legion holding that loss of employment does not constitute irreparable injury")

Also, Plaintiffs argue that the "plaintiffs who have no relationship to federal employment will also be harmed by the [reduction in force] and their effect on programming" (*see Widakuswara*, ECF No. 144 at 11), but this argument is speculative at best.  When assessing irreparable harm, the claimed injury must be "certain," and "actual not theoretical."  *Wis. Gas Co.*, 758 F.2d at 674.  Indeed, "the threatened injury must be of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm, because injunctions are not intended to prevent injuries neither extant nor presently threatened, but only merely feared."  *St. Croix Chippewa Indians of Wis. v. Kempthorne*, 535 F. Supp. 2d 33, 36 (D.D.C. 2008) (citation omitted).  "[I]t is the plaintiff's burden to substantiate the claim that [such] irreparable injury is likely to occur and provide proof . . . indicating that the harm is certain to occur in the near future," *Am. Foreign Serv. Ass'n*, , 2025 WL 2097574, at *15 (citation modified; citing *Wis. Gas*, 758 F.2d at 674), and Plaintiffs have not done so here.

### C.      The Equities and Public Interest Weigh Against Relief.

The third and fourth requirements for issuance of an injunction—the balance of harms and whether the requested injunction will disserve the public interest—"merge when the Government is the opposing party."  *Nken*, 556 U.S. at 435.  Plaintiffs do not directly address these factors but suggest that the Court would not be "permanently reinstating employees or frustrating the agency's personnel decisions." *Widakuswara*, ECF No. 144 at 9. Contrary to Plaintiffs' assertions, the factors tilt decisively against granting an injunction here.  As the D.C. Circuit stated, "[t]he Executive Branch has a significant interest in maintaining control over personnel matters." *Widakuswara*, 2025 WL 1288817, at *5.  In requiring the agency to pause the reduction in force, such an "injunction interferes with this important responsibility" and "[t]his intrusion is particularly harmful because it implicates the Executive Branch's foreign-affairs authority." *Id.* "By depriving the Executive Branch of control over the individuals involved in its international

broadcasting, [an] injunction threatens its prerogative to 'speak with one voice' on behalf of the United States in foreign affairs." *Id.* Accordingly, these factors weigh heavily against Plaintiffs' attempt to control personnel-related matters.

### III. Any Relief Should Be Limited in Scope.[2]

Although the Court should deny Plaintiffs' motion for the reasons discuss above, to the extent the Court decides to grant injunctive relief, it is well settled that such relief "must be narrowly tailored to remedy the specific harm shown," *Neb. Dep't of Health & Hum. Servs. v. Dep't of Health & Hum. Servs.*, 435 F.3d 326, 330 (D.C. Cir. 2006) (citation omitted), and "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs," *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994) (citation omitted). In light of these principles, any injunctive relief the Court grants should be limited to Plaintiffs alone—and, even then, only to those Plaintiffs who have clearly shown that they have standing and face imminent irreparable harm in the absence of relief. Also, the presence of associational plaintiffs does not change those principles. *Cf. U.S. Chamber of Com. v. EPA*, 642 F.3d 192, 199 (D.C. Cir. 2011) ("When a [plaintiff] claims associational standing, it is not enough to aver that unidentified members have been injured… Rather the [plaintiff] must specifically 'identify members who have suffered the requisite harm.'" (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009)); *Am. Chem. Council v. Dep't of Transp.*, 468 F.3d 810, 819 (D.C. Cir. 2006) ("It

---

[2] If the Court decides to grant injunctive relief, it should stay any such injunction pending any appeal authorized by the Solicitor General. *See* Fed. R. App. P. 8(a). For the reasons explained above, Defendants have, at a minimum, satisfied the requirements for a stay of any injunction pending appeal. *See Nken*, 556 U.S. at 434 (describing the standard for obtaining such a stay and noting the "substantial overlap" between that standard and "the factors governing preliminary injunctions"). Moreover, staying the matter would avoid the threat of wasting time and judicial resources. *See, e.g., Athridge v. Iglesias*, 464 F. Supp. 2d 19, 22–23 (D.D.C. 2006) (district court consideration of a matter already on appeal would cause "confusion and the waste of time and judicial resources…").

is not enough to allege that ... associations comprise the majority" of affected individuals.). "The Court's constitutionally prescribed role is to vindicate the individual rights of the people appearing before it," *Gill v. Whitford*, 585 U.S. 48, 72 (2018), and Plaintiffs therefore should not be allowed to seek relief on behalf of individuals who are not parties to this suit, unidentified members of the organization(s), or non-members. *See, e.g.*, *New Mexico v. Musk*, 769 F. Supp. 3d 1, 6–7 (D.D.C. 2025) ("Terminating thousands of federal employees may cause extreme harm to the individual employees, and potentially the institution writ large . . . But harm that might befall unnamed third parties does not satisfy the irreparable harm requirement in the context of emergency injunctive relief, which must instead be connected specifically to the parties before the Court.").

Moreover, if the Court declines to limit relief to Plaintiffs, Defendants request that the Court limited relief to the Voice of America employees. Plaintiffs make no argument to suggest why such relief should be expanded to other Global Media employees included in the reduction in force.

*                *                *

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion.


Dated: September 18, 2025                    Respectfully submitted,

                                            JEANINE FERRIS PIRRO
                                            United States Attorney

                                            BRIAN P. HUDAK, D.C. Bar #90034769
                                            Chief, Civil Division

                                            By:  _____*/s/ Stephanie R. Johnson*_____
                                               STEPHANIE R. JOHNSON,
                                                 D.C. Bar # 1632338
                                               BRENDA GONZÁLEZ HOROWITZ
                                                 D.C. Bar # 017243
                                               Assistant United States Attorneys
                                               Civil Division
                                               601 D Street, NW
                                               Washington, DC 20530
                                               Main: (202) 252-2500

                                            *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ABRAMOWITZ, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 25-0887 (RCL) |
| KARI LAKE, et al., | |
| Defendants. | |
| PATSY WIDAKUSWARA, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 25-1015 (RCL) |
| KARI LAKE, et al., | |
| Defendants. | |

## [PROPOSED] ORDER

UPON CONSIDERATION of Plaintiffs' joint motion to pause reductions in force in service of enforcing prong (3) of the preliminary injunction, Defendants' opposition, and the entire record herein, it is hereby

ORDERED that Plaintiffs' motion is DENIED.

SO ORDERED:

_____
Date

_____
ROYCE C. LAMBERTH
United States District Judge