# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATSY WIDAKUSWARA, *et al.*, <br><br> *Plaintiffs,* <br><br> –v.– <br><br> KARI LAKE *et al.*, <br><br> *Defendants.* | Case No. 25-cv-1015-RCL |
| MICHAEL ABRAMOWITZ *et al.*, <br><br> *Plaintiffs,* <br><br> –v.– <br><br> KARI LAKE *et al.*, <br><br> *Defendants.* | Case No. 25-cv-00887-RCL |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' JOINT MOTION TO PAUSE REDUCTIONS IN FORCE IN SERVICE OF ENFORCING PRONG (3) OF THE PRELIMINARY INJUNCTION**

Upon review of Plaintiffs' Joint Motion to Pause Reductions in Force in Service of Enforcing Prong (3) of the Preliminary Injunction (ECF No. 144),[1] which is governed by the standard applicable to a motion to enforce a preliminary injunction, the Court GRANTS the motion and finds as follows:

1. This Court has given defendants "multiple opportunities to explain how" they are complying with prong (3) of the Court's preliminary injunction order. Order, No. 25-cv-1015-RCL, ECF No. 72 at 1. Defendants have still not "explain[ed] how they are in compliance with the Court's preliminary injunction, even on their preferred interpretation of VOA's statutory mandate." *Id.* at 2.

2. The current level of programming at Voice of America, as set forth in the declaration of Frank Wuco (Doc. 153-1) and further established by deposition testimony ordered by the Court, is insufficient to satisfy defendants' obligations under prong (3) of the preliminary injunction. As this Court has previously explained, "[i]n attempting to explain why VOA has whittled down to a paucity of coverage in only Dari, Pashto, Farsi, and Mandarin, the defendants fail to engage with the additional statutory provisions regarding required language programming." Order to Show Cause, No. 25-cv-1015-RCL, ECF No. 62 at 8. Defendants' depositions confirm that Defendants continue to fail to engage with those provisions, and that they are in violation of prong (3) of the preliminary injunction.

3. Defendants have justified the size of their proposed reduction in force on the ground it "will not affect Voice of America's ability to broadcast *as it is currently broadcasting*," Defs. Br. at 5 (emphasis added). But because Defendants' current and planned broadcasting levels violate

---

[1] For ease of reference and unless otherwise noted, ECF citations are to Case No. 1:25-cv-1015.

prong (3) of the preliminary injunction, their proposed reduction in force will terminate staff necessary to comply with the preliminary injunction.

    4. As this Court has previously observed during the course of the proceedings resulting in its Order to Show Cause, "information on staffing that gives a realistic picture of how VOA will be operating moving forward" is within this Court's discretion to review, because "'[w]hile the agency does have discretion regarding how it discharges its statutory responsibilities, that discretion is neither boundless nor shielded from judicial review and remediation.'" Memorandum Order, No. 25-cv-1015-RCL, ECF No. 126 at 3 (quoting Clerk's Order No. 2117869 Regarding Denial of Rehearing En Banc, No. 25-5144 (D.C. Cir. May 28, 2025) (Statement of Pillard, J.)). The D.C. Circuit's most recent word on this Court's authority to enter orders regarding agency personnel was the *en banc* Court's statement that it is this Court's prerogative to determine "in the first instance" whether it should appropriately do so. Doc. 2117869 in Case No. 25-5144, at 3.

    THEREFORE, in order to enforce prong (3) of the Court's April 22 preliminary injunction requiring Defendants to restore VOA programming such that USAGM fulfills its statutory mandate that VOA "serve as a consistently reliable and authoritative source of news," 22 U.S.C. § 6202(c), it is hereby ORDERED that:

- A. The Court construes Plaintiffs' September 24 submission (ECF No. 159) as a motion to enforce the preliminary injunction, and Defendants are ordered to file any response to that motion no later than October 14, 2025. Defendants' submission shall set forth a plan for compliance with prong (3) of the preliminary injunction for the Court to evaluate. Plaintiffs shall file any reply thereto no later than October 21, 2025.

B.  The Reduction in Force announced by Defendant Lake on or about August 29, 2025, is SUSPENDED and it may NOT be implemented, effectuated, or completed in any way until this Court has ruled on plaintiffs' motion to enforce the preliminary injunction following the briefing submitted under paragraph A of this Order.

Dated: _____

                                                  _____
Royce C. Lamberth
United States District Judge