UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| PATSY WIDAKUSWARA, JESSICA JERREAT, KATHRYN NEEPER, JOHN DOES 1-4, REPORTERS SANS FRONTIÈRES, REPORTERS WITHOUT BORDERS, INC., AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES (AFSCME), AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES (AFGE), AMERICAN FOREIGN SERVICE ASSOCIATION (AFSA), and THE NEWSGUILD-CWA,<br><br>Plaintiffs,<br><br>-against-<br><br>KARI LAKE, in her official capacities as Deputy CEO and Acting CEO of the U.S. Agency for Global Media; and U.S. AGENCY FOR GLOBAL MEDIA,<br><br>Defendants. | Case No. 1:25-cv-01015-RCL<br><br>**[PROPOSED] FIRST SUPPLEMENTAL COMPLAINT** |

## INTRODUCTION

1. Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiffs hereby file their First Supplemental Complaint, which supplements the original Complaint (ECF No. 1).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (action to redress deprivation of rights secured by the Constitution of the United States).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1).

## PARTIES

4. This supplemental pleading neither adds nor subtracts parties from the action. Defendant Kari Lake, originally sued in her official capacity as Senior Advisor to the Acting CEO of USAGM, is now sued in her official capacity as Acting CEO of USAGM.

## JURY DEMAND

5. Plaintiffs hereby demand a jury trial as to all matters properly triable by jury.

## FACTUAL ALLEGATIONS

6. In a December 11, 2024 posting on social media website Truth Social, Defendant Donald Trump announced his intention to appoint Defendant Kari Lake as director of VOA.[1]

7. However, Trump's plan to appoint Defendant Lake as VOA director was stymied when, in January 2025, he fired all members of the USAGM Advisory Board. Because the heads of USAGM's broadcast programs, including VOA, "may only be appointed or removed if such action has been approved by a majority vote of the Advisory Board," 22 U.S.C. § 6205(e)(1), Lake could not assume control of VOA or become Director of VOA.

8. Instead, Defendant Lake was appointed by President Trump as a "Senior Advisor" to the CEO at USAGM in March 2025. She was "sworn in" on March 3, 2025.

9. That same day, Lake announced that USAGM employee Victor Morales would serve as acting CEO.

10. Although Defendant Lake was purportedly Senior Advisor to Acting CEO Morales, she in fact ran the agency.

---

[1] Donald J. Trump (@realDonaldTrump), TRUTH SOCIAL (Dec. 11, 2024), https://truthsocial.com/@realDonaldTrump/posts/113637437665057869.

11. In her first two weeks at the agency, while she was still Senior Advisor, Defendant Lake was purportedly delegated 95% of the CEO's authorities; the 5% of responsibilities not delegated to Lake consisted only of report writing.

12. After the President issued an Executive Order on March 14, 2025 calling for "the non-statutory components and functions" of USAGM to be "eliminated to the maximum extent consistent with applicable law" and to "reduce the performance of [its] statutory functions and associated personnel to the minimum presence and function required by law," Lake—supposedly Morales's advisor—instead asked Morales and other career leaders for advice on what the statutory minimum was and received a recommendation from them for her.

13. Lake was the decisionmaker responsible for important and consequential agency actions purportedly taken to effectuate the Executive Order, including cancelling the agency's lease to occupy a new building.

14. In June 2025, Defendant Lake directed and authorized the agency's decision to fire the vast majority of its staff, signing reduction in force notices sent to 639 employees. She signed the notices, overriding Acting CEO Morales, who refused to do so himself.

15. Defendant Lake also directed the agency's programming decisions as Senior Advisor. Defendant Lake personally made the decision to broadcast the VOA charter on a loop on TV stations that otherwise would have gone dark after USAGM ceased its programming on March 14. Then in May, Defendant Lake signed a contract with One America News Network to use OAN content on USAGM broadcasts. And after Israel bombed Iran in June 2025, Defendant Lake directed the Voice of America Persian service to resume television coverage in Farsi.

16. Defendant Lake also directed staffing decisions. For instance, in May, Ms. Lake invited Frank Wuco to join the agency as senior advisor. She also informed Leili Soltani, former

director of VOA's Persian service, that she had been promoted to acting director of programming for Voice of America.

17. Defendant Lake, while Senior Advisor, was also responsible for the agency's efforts, or lack thereof, to comply with the Court's April 22 preliminary injunction. For instance, in June, Lake reviewed a declaration submitted by Mr. Wuco to the Court regarding the agency's compliance efforts.

18. In July 2025, Defendant Lake expressed interest to Sergio Gor, the Director of the White House Presidential Personnel Office (PPO), in becoming Deputy CEO. At the time, there was nobody serving in the position of Deputy CEO at USAGM, nor had there been since Defendant Lake became Senior Advisor and was delegated 95% of the CEO's duties in March.

19. Within days of expressing her interest to Mr. Gor, Defendant Lake was appointed to serve as Deputy CEO.

20. As Deputy CEO, Defendant Lake continued to exercise virtually all of the CEO's powers, except writing reports.

21. During Defendant Lake's short tenure as Deputy CEO, Acting CEO Morales was on vacation.

22. Shortly after Lake was elevated to Deputy CEO, and as soon as within a few days, the White House, acting in consultation with Defendant Lake, placed Acting CEO Morales on administrative leave and returned him to his pre-March position as senior policy advisor. The White House decided to sideline Morales after Defendant Lake expressed that she'd lost confidence in him.

23. The practical effect of Morales's placement on administrative leave and demotion to senior policy advisor was that Defendant Lake, as Deputy CEO, assumed all authorities of the Acting CEO.

24. As Acting CEO, Lake has continued to exercise significant decisionmaking authority on behalf of the agency.

25. On August 29, 2025, Lake approved a reduction in force that would terminate 532 USAGM and VOA employees—the vast majority of their 797 remaining staff. Lake signed the individual notices issued to staff.

26. Defendant Lake also directed Voice of America to begin producing digital content, and digital content only, in Korean and Russian.

## SUPPLEMENTAL CAUSES OF ACTION

## TENTH CAUSE OF ACTION

**Violation of the Appointments Clause**

27. Plaintiffs have an implied right of action under the Constitution to challenge governmental action that violates the Appointments Clause. *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010).

28. "The Appointments Clause prescribes the exclusive means of appointing 'Officers [of the United States].'" *Lucia v. Sec. & Exch. Comm'n*, 585 U.S. 237, 244 (2018).

29. Defendant Lake is an "Officer" because she "exercises significant authority pursuant to the laws of the United States." *Kennedy v. Braidwood Mgmt., Inc.*, 145 S. Ct. 2427, 2442 (2025) (citation omitted).

30. Principal officers must be nominated by the President and confirmed by the Senate. This is also the default method for inferior officers, but alternatively, Congress "may by

Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. Const., art. II, § 2, cl. 2; *Edmond v. United States*, 520 U.S. 651, 660 (1997).

31. The Chief Executive Officer of USAGM is a principal officer of the United States requiring Senate confirmation. 22 U.S.C. § 6203(b)(1).

32. Congress vested the CEO with the power to "appoint . . . personnel for the Chief Executive Officer." 22 U.S.C. § 6204(a)(11).

33. Defendant Lake's appointment as Senior Advisor, Deputy CEO, and Acting CEO violated the Appointments Clause because she was a principal officer who was not confirmed by the Senate. Alternatively, to the extent she was an inferior officer, she was not appointed by the CEO of USAGM.

34. Defendant Lake's actions were therefore void and must be set aside as "not in accordance with law." 5 U.S.C. § 706(2)(A).

## ELEVENTH CAUSE OF ACTION

**Violation of the Federal Vacancies Reform Act, Administrative Procedure Act**

35. The Federal Vacancies Reform Act (FVRA) describes certain circumstances under which Congress has delegated to the President a limited authority to appoint acting officials. *See* 5 U.S.C. §§ 3345-3346.

36. The FVRA is the "exclusive means for temporarily authorizing an acting official to perform the functions and duties of any office of an Executive agency." 5 U.S.C. § 3347(a).

37. Defendant Lake is ineligible to serve as Acting CEO of USAGM under the three pathways set forth in § 3345(a). She has not been confirmed by the Senate for any position. *Id.* § 3345(a)(2). She was not an "officer or employee" at USAGM "during the 365-day period

preceding" the resignation of the last Senate-confirmed CEO, Amanda Bennett, who, upon information and belief, resigned on January 20, 2025. *Id.* § 3345(a)(3).

38. Defendant Lake is also ineligible to serve as Acting CEO under § 3345(a)(1).

39. Defendant Lake was not properly appointed as the "first assistant," *i.e.*, as Deputy CEO. *See supra* ¶¶ 18-20.

40. As Deputy CEO, Defendant Lake was not the first "assistant" to the CEO because she was not subordinate to the CEO. She never actually served as the Acting CEO's assistant, either in theory or in practice, during her few short days as Deputy CEO.

41. In addition, Defendant Lake was not the Deputy CEO at the time the CEO office became vacant on January 20, 2025.

42. Actions taken by Defendant Lake thus "shall have no force or effect" and "may not be ratified." 5 U.S.C. § 3348(d). Alternatively, they are not "in accordance with law" and are "in excess of statutory jurisdiction, authority, or limitations" and must be set aside. 5 U.S.C. § 706(2)(A), (C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter each of the following forms of relief:

a. Declare that Defendant Kari Lake's appointments as Senior Advisor, Deputy CEO, and Acting CEO of USAGM violated the Appointments Clause and the Federal Vacancies Reform Act;

b. Declare that any actions taken by Defendant Kari Lake—or by any other persons, under the direction of Lake's purported authority as Senior Advisor, Deputy CEO or Acting CEO of USAGM—are void and without force or effect;

c. Enter an injunction ordering that actions taken by Defendant Kari Lake—or by any other persons, under the direction of Lake's purported authority as Senior Advisor, Deputy CEO or Acting CEO of USAGM—are vacated;

d. Award Plaintiffs reasonable attorneys' fees and costs; and

e. Grant such other relief as this Court deems just and proper.

November 17, 2025

GOVERNMENT
ACCOUNTABILITY PROJECT

_____/s/_____
David Z. Seide (D.C. Bar # 421899)
1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

AMERICAN FEDERATION OF
STATE, COUNTY, AND
MUNICIPAL EMPLOYEES, AFL-
CIO (AFSCME)

_____/s/_____
Teague Paterson (D.C. Bar # 144528)
Matthew Blumin (D.C. Bar # 1007008)
Georgina Yeomans (D.C. Bar # 1510777)
1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
Tpaterson@afscme.org
Mblumin@afscme.org
Gyeomans@afscme.org

Respectfully submitted,

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

_____/s/_____
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg (D.C. Bar # 90017823)
Nick Bourland
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA*

AMERICAN FOREIGN SERVICE
ASSOCIATION

*Counsel for Plaintiff American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

_____/s/_____
Rushab Sanghvi (DC Bar # 1012814)
80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for American Federation of Government Employees, AFL-CIO (AFGE).*

DEMOCRACY FORWARD FOUNDATION

_____/s/_____
Kristin Bateman (D.C. Bar # 90037068)
Cynthia Liao (D.C. Bar # 90036947)
Robin F. Thurston (D.C. Bar # 1531399)
Skye L. Perryman (D.C. Bar # 984573)
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA*

_____/s/_____
Sharon Papp (D.C. Bar # 107992)
Raeka Safai (D.C. Bar # 977301)
2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff American Foreign Service Association (AFSA)*

DEMOCRACY DEFENDERS FUND

_____/s/_____
Norman L. Eisen (D.C. Bar # 435051)
Joshua Kolb
Taryn Wilgus Null (D.C. Bar # 985724)
Sofia Fernandez Gold (D.C. Bar. # 90010196)
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@democracydefenders.org
Joshua@democracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

MEDIA FREEDOM & INFORMATION ACCESS CLINIC - YALE LAW SCHOOL[2]

---

[2] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.

/s/
David A. Schulz (D.C. Bar # 459197)
127 Wall Street
New Haven, CT 06520
tobin.raju@YLSClinics.org
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4*
