UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATSY WIDAKUSWARA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KARI LAKE, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-1015 (RCL) |

**DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND**

Defendants, by and through undersigned counsel, respectfully move to stay briefing on Plaintiffs' partial motion for summary judgment (ECF No. 166) until sixty days after the latter of either, the D.C. Circuit's issuance of a decision in *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir.) or the Court rules on Defendants' dispositive motion (ECF No. 128). Alternatively, to the extent that the Court denies Defendants' request to stay briefing, Defendants respectfully request that the Court extend Defendants' deadline to respond to Plaintiffs' partial motion for summary judgment, if necessary, until sixty days after the Court issues a decision on this motion. Prior to filing this motion, undersigned counsel conferred with Plaintiffs, through counsel, and Plaintiffs "oppose the request for at least a 60-day extension," but "would not oppose a 10-day extension to respond to the current motion for partial summary judgment."

**BACKGROUND**

On March 21, 2025, Plaintiffs filed this action in the Southern District of New York against Defendants for allegedly placing employees and contractors on paid administrative leave, temporarily ceasing broadcasting and programming operations, cancelling personal services

contracts, and allegedly dismantling Global Media. *See generally* Compl. (ECF No. 1). Plaintiffs allege violations of the First Amendment, the APA, and the statutory firewall and bring claims under the Mandamus Act and the Writs Act and an ultra vires claim. *Id.* The Southern District of New York transferred this matter to this District. *See* Order (ECF No. 61).

On April 22, 2025, the Court entered a preliminary injunction, *see* Mem. Op. and Order (ECF Nos. 98, 99). Subsequently, on April 24, 2025, Defendants filed a notice of interlocutory appeal, *see* Notice (ECF No. 100) and moved for an emergency stay in the D.C. Circuit case on April 25, 2025, *see* Doc. #2113018, *Widakuswara*, No. 25-5144 (D.C. Cir.). The D.C. Circuit granted the emergency motion to stay on May 3, 2025. *See Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *6 (D.C. Cir. May 3, 2025). Provision (1) of the Court's April 22, 2025, preliminary injunction remains stayed pending the D.C. Circuit's resolution of the merits of Defendants' appeal. *See Widakuswara v. Lake*, No. 25-5144, 2025 WL 1521355, at *1 (D.C. Cir. May 28, 2025). Briefing before the D.C. Circuit concluded on July 31, 2025, and oral argument was held on September 22, 2025, s*ee* Doc. #2136163, *Widakuswara*, No. 25-5144, (D.C. Cir.).

On July 18, 2025, Defendants moved to dismiss Plaintiffs' complaint in its entirety. *See generally* Defs. Mot. to Dismiss (ECF No. 128). Specifically, Defendants argued that the Court should dismiss Plaintiffs' complaint, including Counts 5 and 6 (Plaintiffs' APA claims), on numerous grounds, including, but not limited to that this Court lacks jurisdiction over Plaintiffs' claims, and Plaintiffs fail to challenge any discrete agency action under the APA and have other adequate alternative remedies, which forecloses relief under the APA. *Id.* Defendants' motion to dismiss is fully briefed.

Even though Defendants' motion to dismiss raises jurisdictional issues and the D.C. Circuit has not issued a decision on these threshold matters, Plaintiffs recently moved for partial summary

2

judgment only on their APA claims.  See Pls.' Part. Mot. for Summ. Judg. (ECF No. 166).[1]  Defendants now move to stay their deadline to respond to Plaintiffs' premature partial motion.

**ARGUMENT**

Defendants request that the Court stay further briefing on Plaintiffs' partial motion for summary judgment until sixty days after the latter of either, the D.C. Circuit's issuance of a decision in *Widakuswara*, No. 25-5144 (D.C. Cir.) or the Court rules on Defendants' fully briefed dispositive motion (ECF No. 128).  In the alternative, if the Court denies Defendants' request to stay briefing, Defendants respectfully request that the Court extend Defendants' deadline to respond to Plaintiffs' partial motion for summary judgment, if necessary, until sixty days after the Court issues a decision on this motion.  Plaintiffs' partial motion is premature, and the requested stay will further judicial economy and the Court's administration of this matter.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  This includes "broad discretion when deciding case management and scheduling matters."  *Comm. on Ways & Means v. Dep't of the Treasury*, Civ. A. No. 19-1974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019).  The Court must proceed and consider the circumstances in this case, "weigh[ing] competing interests and maintain[ing] an even balance."  *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016).  A decision on whether to stay a case rest on considerations of "economy of time and effort for [the Court], for counsel, and for litigants."  *Landis v. N. Am. Co.*,

---

[1] Plaintiffs also filed, on the same day, another partial motion for summary judgment on separate claims they wish to include in their original complaint.  *See generally* Pls's Mot. (ECF No. 168).  Simply put, Plaintiffs filed two partial summary judgment on separate claims in one day.  Plaintiffs attempt to engage in piecemeal litigation and such litigation choices should be discouraged because it not only burdens the Court and the parties but also promotes judicial inefficiency.

299 U.S. 248, 254 (1936).  Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)).

As an initial matter, Plaintiffs' partial motion is premature.  "This Court's general practice is to adhere to the traditional litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment." *Comm. on Ways & Means*, 2019 WL 4094563, at *2.  "This process allows the Court to assure itself of jurisdiction and address threshold matters" before dealing with other litigation issues.  *Id.*  The Court should not abandon the general practice in this matter, especially since Defendants' motion and a D.C. Circuit decision may ultimately dispose of Plaintiffs' entire case, which includes the APA claims that are the subject of Plaintiffs' pending partial motion for summary judgment.

Further, Defendants moved to dismiss this action, including Plaintiffs' APA claims, focusing on the contention that this Court lacks jurisdiction to provide relief on Plaintiffs' employment and grant cancellation or termination claims and lacks jurisdiction under the Tucker Act.  *See* Defs. Mot. to Dismiss (ECF No. 128) at 11–34.  Defendants' appeal before the D.C. Circuit simultaneously raises these jurisdictional issues and the D.C. Circuit is virtually certain to resolve the issue of this Court's jurisdiction.  And because the issues are jurisdictional in nature, this Court must determine that it has jurisdiction before proceeding.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), *abrogated on other grounds as stated in Riley v. Bondi*, No. 23-1270, 2025 WL 1758502, at *8 (U.S. June 26, 2025) ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted); *see also Solis Meza v. Renaud*, 9 F.4th 930, 933

4

(D.C. Cir. 2021) ("we must decide jurisdictional questions before merits ones"); *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 603 (D.C. Cir. 2017) ("Before delving into the merits, we pause to assure ourselves of our jurisdiction, as is our duty."). Defendants' appeal and motion to dismiss argue in the first instance that no judicial review is available here, even under the APA, and the Court must first determine whether it has jurisdiction before proceeding to the merits of any argument.

Further, staying Defendants' deadline pending a decision on Defendants' dispositive motion and the D.C. Circuit's issuance of a decision in *Widakuswara*, No. 25-5144 (D.C. Cir.) would promote judicial economy. A stay would avoid the need to spend any time addressing dispositive issues that Defendants raised in their motion to dismiss, and the D.C. Circuit will likely resolve itself, enabling this Court to focus its limited resources on other cases on its docket and Defendants to focus on responding to the Court's order to show cause, *see e.g.,* Order (ECF No. 164). The D.C. Circuit's eventual decision on Defendants' appeal, whether favorable or adverse to the Government, will likely render unnecessary any resources that this Court expends addressing the threshold issues on its own, which is why other judges in this District routinely stay actions pending the D.C. Circuit's resolution of cases raising dispositive issues. *See, e.g.*, *Woodward Health Sys., LLC v. Becerra*, Civ. A. No. 20-3098 (JEB), at *2 (D.D.C. Feb. 23, 2022) (a stay would provide most "efficient use of party and judicial resources," and it "would [ ] seem imprudent for this Court not to wait to hear what the D.C. Circuit has to say"); *Guam v. United States*, Civ. A. No. 17-2487 (KBJ), 2019 WL 1003606, at *10 (D.D.C. Feb. 28, 2019) ("staying the case during the pendency of the D.C. Circuit's interlocutory review will promote the efficient use of judicial resources"); *Univ. of Colo.*, 233 F. Supp. 3d at 88 ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide

5

instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *State Nat'l Bank of Big Spring v. Lew*, 197 F. Supp. 3d 177, 179 (D.D.C. 2016) ("Given the likelihood that this issue will soon be decided by the Circuit, this Court will hold this matter in abeyance until the Court of Appeals rules"); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) ("resolution of [pending case] by the D.C. Circuit will be dispositive of the Plaintiffs' arguments here . . . a stay is appropriate, will further judicial economy, and will save time and expense for the parties." (cleaned up)); *Al Qosi v. Bush*, Civ. A. No. 04-1937 (PLF), 2004 WL 4797470, at *1 (D.D.C. Dec. 17, 2004) ("all proceedings in this matter will be held in abeyance pending resolution of [a case] by the court of appeals."). Forcing the parties to further brief these threshold issues in the absence of guidance from the D.C. Circuit undercuts fundamental notions of judicial economy and would only serve to waste precious resources for the parties, counsel, and the Court.

Further, delay will cause no party prejudice nor is there reason to believe that a stay would impose undue hardship on Plaintiffs. Plaintiffs currently benefit from prong (3) of the Court's April 22, 2025, preliminary injunction (Mem. Op. and Order (ECF Nos. 98, 99)), Defendants are currently preparing a response to the Court's September 29, 2025, Order (ECF No. 164) which is due on December 8, 2025, and several of the dispositive issues raised in Defendants' opening brief may soon be resolved by the D.C. Circuit. The briefing before the D.C. Circuit concluded on July 31, 2025, and oral argument was held on September 22, 2025. *See* Doc. #2136163, *Widakuswara*, No. 25-5144, (D.C. Cir.). While Defendants cannot predict when the D.C. Circuit will issue a decision on Defendants' appeal and the threshold issues, there is no reason to assume that the duration of proceedings will be unusually long. Accordingly, Defendants request that the Court stay their deadline. Should the Court be disinclined to grant Defendants' request for a stay,

Defendants request that the Court extend Defendants' response deadline until sixty days after the Court issues a decision on this instant motion, in light of the other significant briefing occurring in this case, undersigned counsel's schedule, and the upcoming holidays.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion to stay further briefing on Plaintiffs' partial motion for summary judgment until sixty days after the latter of either, the D.C. Circuit's issuance of a decision in *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir.) or the Court rules on Defendants' dispositive motion (ECF No. 128), or, in the alternative, extend Defendants' deadline to respond to Plaintiffs' partial motion for summary judgment until sixty days after the Court issues a decision on this instant motion. A proposed order is attached.

Dated: November 26, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Stephanie R. Johnson*
　　STEPHANIE R. JOHNSON,
　　　D.C. Bar # 1632338
　　BRENDA GONZÁLEZ HOROWITZ,
　　　D.C. Bar # 1017243
　　Assistant United States Attorneys
　　Civil Division
　　601 D Street, NW
　　Washington, DC 20530
　　Main: (202) 252-2500

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATSY WIDAKUSWARA, et al.,

    Plaintiffs,

  v.

KARI LAKE, et al.,

    Defendants.

Civil Action No. 25-1015 (RCL)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion to stay briefing on Plaintiffs' partial motion for summary judgment or, in the alternative, for extension of time to respond it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that further briefing on Plaintiffs' partial motion for summary judgment is STAYED until sixty days after the latter of either, the D.C. Circuit's issuance of a decision in *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir.) or this Court issuance of a decision on Defendants' motion to dismiss.

SO ORDERED.

Dated

ROYCE C. LAMBERTH
United States District Court Judge