UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATSY WIDAKUSWARA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KARI LAKE, et al., <br><br> Defendants. | Civil Action No. 25-1015 (RCL) |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND AND MOTION TO STAY BRIEFING ON PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT**

Defendants, by and through undersigned counsel, respectfully request that the Court: (1) extend Defendants' deadline to respond to Plaintiffs' supplemental complaint until sixty days after the issuance of a decision on Plaintiffs' motion for leave to supplement the complaint and (2) stay briefing on Plaintiffs' partial motion for summary judgment (ECF No. 168) until sixty days after the Court's ruling on Defendants' pending dispositive motion (ECF No. 128) and Defendants' forthcoming response to Plaintiffs' supplemental complaint. Alternatively, to the extent that the Court denies Defendants' request to stay briefing on Plaintiffs' partial motion for summary judgment (ECF No. 168), Defendants respectfully request that the Court extend Defendants' deadline to respond to Plaintiffs' supplemental complaint and partial motion for summary judgment until sixty days after the Court issues a decision on this motion. Prior to filing this motion, undersigned counsel conferred with Plaintiffs, through counsel, and Plaintiffs oppose Defendants' motion but will agree "to an extension of 10 days for a response to both (1) Defendants' deadline to respond to Plaintiffs' supplemental complaint, and (2) Defendants' deadline to respond to Plaintiffs' motion for partial summary judgment (ECF No. 168)."

## BACKGROUND

On March 21, 2025, Plaintiffs filed this action in the Southern District of New York against Defendants for allegedly placing employees and contractors on paid administrative leave, temporarily ceasing broadcasting and programming operations, cancelling personal services contracts, and allegedly dismantling Global Media. *See generally* Compl. (ECF No. 1). Plaintiffs allege violations of the First Amendment, the APA, and the statutory firewall and bring claims under the Mandamus Act and the Writs Act and an ultra vires claim. *Id.* The Southern District of New York transferred this matter to this District. *See* Order (ECF No. 61).

On April 22, 2025, the Court entered a preliminary injunction, *see* Mem. Op. and Order (ECF Nos. 98, 99). Subsequently, on April 24, 2025, Defendants filed a notice of interlocutory appeal, *see* Notice (ECF No. 100) and moved for an emergency stay in the D.C. Circuit case on April 25, 2025, *see* Doc. #2113018, *Widakuswara*, No. 25-5144 (D.C. Cir.). The D.C. Circuit granted the emergency motion to stay on May 3, 2025. *See Widakuswara v. Lake*, No. 25-5144, 2025 WL 1288817, at *6 (D.C. Cir. May 3, 2025). Provision (1) of the Court's April 22, 2025, preliminary injunction remains stayed pending the D.C. Circuit's resolution of the merits of Defendants' appeal. *See Widakuswara v. Lake*, No. 25-5144, 2025 WL 1521355, at *1 (D.C. Cir. May 28, 2025). Briefing before the D.C. Circuit concluded on July 31, 2025, and oral argument was held on September 22, 2025, s*ee* Doc. #2136163, *Widakuswara*, No. 25-5144, (D.C. Cir.).

On July 18, 2025, Defendants moved to dismiss Plaintiffs' complaint in its entirety. *See generally* Defs.' Mot. to Dismiss (ECF No. 128). Specifically, Defendants argued that the Court should dismiss Plaintiffs' complaint on numerous grounds, including, but not limited to, that several of Plaintiffs lack Article III standing and the Court lacks jurisdiction over Plaintiffs'

2

employment and grant cancelation and termination claims. *Id.* Defendants' motion to dismiss is fully briefed.

On November 17, 2025, Plaintiffs moved for leave to supplement their complaint, in which Plaintiffs seek to supplement their appointment clause claim and include new factual allegations and a new claim under the Federal Vacancies Reform Act. *See generally* Pls.' Mot. for Leave (ECF No. 167). Simultaneously, on the same day, Plaintiff filed a partial motion for summary judgment on their Appointments Clause and Federal Vacancies Reform Act claims. *See* Pls.' Part. Mot. for Summ. Judg. (ECF No. 168).[1]

Defendants take no position on Plaintiffs' motion for leave to supplement the complaint, but before proceeding to summary judgment briefing, to the extent the Court grants Plaintiffs' motion, Defendants would like the opportunity to respond to Plaintiffs' supplemental complaint pursuant to Federal Rules of Civil Procedure 12 and 15. Accordingly, Defendants now move to extend their deadline to respond to Plaintiffs' supplemental complaint and stay briefing on Plaintiffs' premature partial motion for summary judgment.

## ARGUMENT

**I.  There is Good Cause to Grant Defendants' Request for an Extension to Respond to Plaintiffs' Supplemental Complaint.**

As a threshold matter, the Court has not ruled on Plaintiffs' motion for leave to supplement the complaint. Nevertheless, to the extent the Court grant Plaintiffs' motion for leave, there is

---

[1] Plaintiffs also filed, on the same day, another partial motion for summary judgment on separate claims. *See generally* Pls.' Part. Mot. for Summ. Judg. (ECF No. 166). Simply put, Plaintiffs filed two partial summary judgment motions on separate claims in one day. Plaintiffs attempt to engage in piecemeal litigation and such litigation choices should be discouraged because it not only burdens the Court and the parties but also promotes judicial inefficiency.

3

good cause supporting Defendants' extension request to respond to Plaintiffs' supplemental complaint and this is Defendants' first request to extend the deadline.

Assigned Government counsel carry extremely voluminous dockets and have a slew of deadlines in the coming days and weeks, including significant briefing, emergency motions, and hearings in other matters. All of these deadlines are set to occur between Thanksgiving and the December holidays, significantly impacting counsel's ability to engage in piecemeal briefing in this action. While Plaintiffs request to expedite briefing on their motions, simply put, there is no urgency to the relief they seek, particularly as the underlying challenged actions have been stayed by this Court pending additional briefing on the Court's order to show cause. Further, the extension will not significantly impact any future deadlines. Defendants are seeking additional time in good faith and not for purposes of gaining any unfair advantage in the case. Allowing Defendants a reasonable amount of time beyond that provided by the Federal Rules of Civil Procedure under the circumstances to further research, plan, and prepare an appropriate response to Plaintiffs' supplemental complaint is just.

Accordingly, Defendants request this extension of time.

## II.    Briefing on Plaintiffs' Partial Motion for Summary Judgment Should Be Stayed Pending the Court's Decision on Defendants' Dispositive Motions.

As to Plaintiffs' partial motion for summary judgment, Defendants request that the Court stay briefing on Plaintiffs' partial motion for summary judgment until sixty days after the Court's ruling on Defendants' pending dispositive motion and Defendants' forthcoming response to Plaintiffs' supplemental complaint. In the alternative, to the extent that the Court denies Defendants' request to stay briefing on Plaintiffs' partial motion for summary judgment, Defendants respectfully request that the Court extend Defendants' deadline to respond to Plaintiffs' supplemental complaint and partial motion for summary judgment until sixty days after

4

the Court issues a decision on this motion. Plaintiffs' partial motion is premature, and the requested stay will further judicial economy and the Court's administration of this matter.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This includes "broad discretion when deciding case management and scheduling matters." *Comm. on Ways & Means v. Dep't of the Treasury*, Civ. A. No. 19-1974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019). The Court must proceed and consider the circumstances in this case, "weigh[ing] competing interests and maintain[ing] an even balance." *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016). A decision on whether to stay a case rest on considerations of "economy of time and effort for [the Court], for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Indeed, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)).

As an initial matter, Plaintiffs' partial motion is premature. "This Court's general practice is to adhere to the traditional litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment." *Comm. on Ways & Means*, 2019 WL 4094563, at *2. "This process allows the Court to assure itself of jurisdiction and address threshold matters" before dealing with other litigation issues. *Id.* The Court should not abandon the general practice in this matter, especially since the Court has not ruled on Plaintiffs' motion for leave, Defendants have not had an opportunity to respond to Plaintiffs' supplemental

complaint, and Defendants' pending dispositive motion and a D.C. Circuit decision may ultimately dispose of Plaintiffs' entire case or at least a majority of the claims.

Also, Defendants previously moved to dismiss this action focusing on the contention that this Court lacks jurisdiction to provide relief to Plaintiffs. *See* Defs.' Mot. to Dismiss (ECF No. 128) at 11–34. Also, Defendants' appeal before the D.C. Circuit simultaneously raises some of the jurisdictional issues Defendants raised in their motion to dismiss, so the D.C. Circuit is virtually certain to resolve some of the issues as it pertains to this Court's jurisdiction. And because the issues are jurisdictional in nature, this Court must determine that it has jurisdiction before proceeding to the merits of any argument. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), *abrogated on other grounds as stated in Riley v. Bondi*, No. 23-1270, 2025 WL 1758502, at *8 (U.S. June 26, 2025) ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted); *see also Solis Meza v. Renaud*, 9 F.4th 930, 933 (D.C. Cir. 2021) ("we must decide jurisdictional questions before merits ones"); *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 603 (D.C. Cir. 2017) ("Before delving into the merits, we pause to assure ourselves of our jurisdiction, as is our duty.").

Further, staying Defendants' deadline to respond to Plaintiffs' partial motion for summary judgment pending a decision on Defendants' pending motion to dismiss and forthcoming response to Plaintiffs' supplemental complaint, and the D.C. Circuit's issuance of a decision in *Widakuswara*, No. 25-5144 (D.C. Cir.), would promote judicial economy. A stay would avoid the need to spend any time addressing dispositive issues that Defendants raised or will raise and the D.C. Circuit may likely resolve itself, enabling this Court to focus its limited resources on other cases on its docket and Defendants to focus on their response to Plaintiffs' supplemental complaint and responding to the Court's order to show cause, *see e.g.,* Order (ECF No. 164).

In addition, the D.C. Circuit's eventual decision on Defendants' appeal, whether favorable or adverse to the Government, will likely render unnecessary any resources that this Court expends addressing many of the threshold issues on its own, which is why other judges in this District routinely stay actions pending the D.C. Circuit's resolution of cases raising dispositive issues. *See, e.g.*, *Woodward Health Sys., LLC v. Becerra*, Civ. A. No. 20-3098 (JEB), at *2 (D.D.C. Feb. 23, 2022) (a stay would provide most "efficient use of party and judicial resources," and it "would [ ] seem imprudent for this Court not to wait to hear what the D.C. Circuit has to say"); *Guam v. United States*, Civ. A. No. 17-2487 (KBJ), 2019 WL 1003606, at *10 (D.D.C. Feb. 28, 2019) ("staying the case during the pendency of the D.C. Circuit's interlocutory review will promote the efficient use of judicial resources"); *Univ. of Colo.*, 233 F. Supp. 3d at 88 ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *State Nat'l Bank of Big Spring v. Lew*, 197 F. Supp. 3d 177, 179 (D.D.C. 2016) ("Given the likelihood that this issue will soon be decided by the Circuit, this Court will hold this matter in abeyance until the Court of Appeals rules"); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) ("resolution of [pending case] by the D.C. Circuit will be dispositive of the Plaintiffs' arguments here . . . a stay is appropriate, will further judicial economy, and will save time and expense for the parties." (cleaned up)); *Al Qosi v. Bush*, Civ. A. No. 04-1937 (PLF), 2004 WL 4797470, at *1 (D.D.C. Dec. 17, 2004) ("all proceedings in this matter will be held in abeyance pending resolution of [a case] by the court of appeals.").

Moreover, delay will cause no party prejudice nor is there reason to believe that staying Defendants' response deadline would impose undue hardship on Plaintiffs. Indeed, Plaintiffs currently benefit from prong (3) of the Court's April 22, 2025, preliminary injunction (Mem. Op.

7

and Order (ECF Nos. 98, 99)), the underlying challenged actions have been stayed by this Court pending additional briefing on the Court's order to show cause and Defendants response is due on December 8, 2025, and several of the dispositive issues raised in Defendants' pending dispositive brief may soon be resolved by the D.C. Circuit. The briefing before the D.C. Circuit concluded on July 31, 2025, and oral argument was held on September 22, 2025. *See* Doc. #2136163, *Widakuswara*, No. 25-5144, (D.C. Cir.). While Defendants cannot predict when the D.C. Circuit will issue a decision on Defendants' appeal and many of the threshold issues, there is no reason to assume that the duration of proceedings will be unusually long.

Accordingly, Defendants request that the Court stay their deadline to respond to Plaintiffs' partial motion for summary judgment. Should the Court be disinclined to grant Defendants' request for a stay, Defendants request that the Court extend Defendants' response deadline until sixty days after the Court issues a decision on this instant motion, in light of the other significant briefing occurring in this case, undersigned counsel's schedule, and the upcoming holidays.

*    *    *

## CONCLUSION

For these reasons, the Court should: (1) extend Defendants' deadline to respond to Plaintiffs' supplemental complaint until sixty days after the issuance of a decision on Plaintiffs' motion for leave to supplement the complaint; and (2) stay briefing on Plaintiffs' partial motion for summary judgment (ECF No. 168) until sixty days after the Court's ruling on Defendants' pending dispositive motion (ECF No. 128) and Defendants' forthcoming response to Plaintiffs' supplemental complaint or, in the alternative, extend Defendants' deadline to respond to Plaintiffs' supplemental complaint and partial motion for summary judgment until sixty days after the Court issues a decision on this motion.

Dated: November 26, 2025                                 Respectfully submitted,

                                                     JEANINE FERRIS PIRRO
                                                     United States Attorney

                                                     By: */s/ Stephanie R. Johnson*
                                                          STEPHANIE R. JOHNSON,
                                                            D.C. Bar # 1632338
                                                          BRENDA GONZÁLEZ HOROWITZ,
                                                            D.C. Bar # 1017243
                                                          Assistant United States Attorneys
                                                          Civil Division
                                                          601 D Street, NW
                                                          Washington, DC 20530
                                                          Main: (202) 252-2500

                                                     *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATSY WIDAKUSWARA, et al.,

    Plaintiffs,

v.

KARI LAKE, et al.,

    Defendants.

Civil Action No. 25-1015 (RCL)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' motion for extension of time to respond and motion to stay briefing on Plaintiffs' partial motion for summary judgment it is hereby

ORDERED that Defendants' motion is GRANTED;

ORDERED that Defendants' deadline to respond to Plaintiffs' supplemental complaint is extended until sixty days after the Court rules on Plaintiffs' motion for leave to supplement the complaint; and it is further

ORDERED that further briefing on Plaintiffs' partial motion for summary judgment is STAYED until sixty days after this Court issuance of a decision on Defendants' motions to dismiss.

SO ORDERED.

_____    _____
Dated                     ROYCE C. LAMBERTH
                          United States District Court Judge