**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL ABRAMOWITZ, *et al.*, <br><br> *Plaintiffs,* <br><br> –v.– <br><br> KARI LAKE, *et al.*, <br><br> *Defendants.* | **Case No. 1:25-cv-887-RCL** |
| PATSY WIDAKUSWARA, *et al.*, <br><br> *Plaintiffs,* <br><br> –v.– <br><br> KARI LAKE, *et al.*, <br><br> *Defendants.* | **Case No. 1:25-cv-1015-RCL** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

On the afternoon of the day before Thanksgiving, two business days before their opposition to Plaintiffs' motion for partial summary judgment was due, Defendants filed a motion to once again stay a response to a motion filed by Plaintiffs. This is at least the fourth such motion to stay filed by Defendants to date. *See* 25-cv-887, ECF 46 at 6 n.4. It largely rehashes the grounds for a stay, including the D.C. Circuit's consideration of the appeals of the preliminary injunction in *Abramowitz* and *Widakuswara*, 25-cv-887, ECF 105 at 4-6, that this Court previously rejected when denying a prior stay sought by Defendants, *see* 25-cv-887, ECF 50.[1] Because there is no reason to stay Defendants' responsive deadline, Defendants have not shown any hardship, and Plaintiffs face ongoing harm that Defendants completely ignore, this Court should deny Defendants' motion and allow Defendants only the reasonable ten-day extension offered by Plaintiffs.

*First*, Defendants' rationale for staying the deadlines associated with Plaintiffs' motion for partial summary judgment is misguided. Defendants rest on the facts that their motions to dismiss are pending as are the appeals of the preliminary injunction. But Plaintiffs have already explained that the pending appeals of this Court's preliminary injunction do not merit a stay. *See* 25-cv-887, ECF 46 at 4-6 (explaining that the D.C. Circuit is evaluating only Plaintiffs' likelihood of success on the merits, the appeal will not resolve the entire case, and judicial economy is best served by moving the case forward); 25-cv-1015, ECF 118 at 6 (similar). That Defendants' motions to dismiss are also pending does not change the calculus. Plaintiffs' motion for partial summary judgment incorporates discussion of prior issues addressed in the motion-to-dismiss briefing and reflects the current factual record (following depositions) as well as the current legal landscape

---

[1] For purposes of streamlining and given the overlap between this opposition and prior briefing, Plaintiffs incorporate the arguments made in their oppositions to Defendants' prior motions to stay these cases. *See* 25-cv-887, ECF 50; 25-cv-1015, ECF 118.

1

(including discussion of recent caselaw). In other words, this Court is best served by resolving the motions together, not separately, and will benefit from the additional, up-to-date briefing. To the extent that Defendants believe there are redundancies between the motion-to-dismiss briefing and any briefing now, they may simply incorporate prior briefing into their opposition.

*Second*, as before, Defendants have failed entirely to articulate *any* hardship they face from this case not being stayed. Under the well-accepted stay framework, Defendants *must* demonstrate their own hardship when seeking a stay. *See* 25-cv-887, ECF 46 at 6 ("True, a showing by Plaintiffs that they will suffer harm will defeat a motion to stay…. But it is the Defendants who must show that they will suffer hardship.") (collecting cases); 25-cv-1015, ECF 118 at 5 (same). Defendants' repeated failures to show how they are harmed by ongoing proceedings in this Court, standing alone, defeat any argument for a stay. That is especially so when Defendants are the ones continually necessitating further motion practice, including repeated motions for a stay and intransigence in the face of this Court's preliminary injunction.

*Third*, Defendants' *ipse dixit* that there is a lack of harm faced by Plaintiffs is belied by the record in this case. The record is replete with examples of the irreparable and ongoing harm Plaintiffs face due to Defendants' illegal actions. *See* 25-cv-887, ECF 46 at 7 ("That harm compounds each day as VOA employees seek new jobs and audience members go elsewhere for their news."); 25-cv-1015, ECF 118 at 5 ("[T]his Court's preliminary injunction order, including the part of which remains unstayed, has hardly stood in the way of Defendants' plan to hollow out the agency, and in particular Voice of America."). This Court is well aware of the hardship Plaintiffs face and has itself been forced to resolve repeated motion practice related to Defendants' utter refusal to comply with the preliminary injunction. There is no reason to believe that Defendants will conduct themselves in good faith or in compliance with the preliminary injunction

absent further judicial intervention. That will only further harm Plaintiffs. On the other hand, resolving Plaintiffs' motion for partial summary judgment charts a productive path forward for the parties and the Court, bringing this case closer to final resolution.

In sum, there is no reason to grant Defendants a stay here, and every relevant consideration counsels against it. Nor is there any reason to allow Defendants 60 days to respond to Plaintiffs' motion—an extraordinary request that should merit an extraordinary showing that Defendants cannot make and have not come close to making. When Plaintiffs opposed Defendants' third motion to stay in June, Plaintiffs explained:

> Defendants have failed to comply with this Court's preliminary injunction. By way of an example, Defendants have already fired hundreds of VOA employees. As a result, VOA has remained shuttered and essentially defunct for almost three months, despite the temporary restraining order and this Court's preliminary injunction. Defendants continue to engender the emergency-type proceedings that have characterized this litigation to date through their continued illegal actions and non-compliance with the Court's preliminary injunction. A stay would compound these irreparable harms of Defendants' making.

25-cv-887, ECF 46 at 7 (internal citation omitted). That was true then just as it is now, nearly nine months after Defendants began implementing their illegal agenda.

In light of Defendants' clear violations of the law described in Plaintiffs' motion for partial summary judgment and in this Court's decisions, it is urgent that the Court resolve the merits as soon as reasonably possible. Because Defendants have no valid claim to a stay here, Plaintiffs respectfully request that the Court deny Defendants' motion and grant Defendants only a ten-day extension.

Dated: December 2, 2025

ZUCKERMAN SPAEDER LLP

_____/s/_____
William B. Schultz
Margaret M. Dotzel
Jacobus P. van der Ven
Brian J. Beaton, Jr.

2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
mdotzel@zuckerman.com
cvanderven@zuckerman.com
bbeaton@zuckerman.com

*Counsel for Abramowitz Plaintiffs*


EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

_____/s/_____
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American*

Respectfully submitted,

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME)

_____/s/_____
Teague Paterson
Matthew Blumin
Georgina Yeomans

1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

DEMOCRACY FORWARD FOUNDATION

_____/s/_____
Kristin Bateman
Cynthia Liao
Robin F. Thurston
Skye L. Perryman

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); The NewsGuild-CWA*

*Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and The NewsGuild-CWA*

GOVERNMENT ACCOUNTABILITY PROJECT

_____/s/_____
David Z. Seide

1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

DEMOCRACY DEFENDERS FUND

_____/s/_____
Norman L. Eisen
Joshua Kolb
Taryn Wilgus Null
Sofia Fernandez Gold

600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@democracydefenders.org
Joshua@democracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

AMERICAN FOREIGN SERVICE ASSOCIATION

_____/s/_____
Sharon Papp
Raeka Safai

2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff American Foreign Service Association (AFSA)*

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

_____/s/_____
Rushab Sanghvi

80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

MEDIA FREEDOM & INFORMATION ACCESS
CLINIC – YALE LAW SCHOOL

_____/s/_____
David A. Schulz

127 Wall Street
New Haven, CT 06520
tobin.raju@YLSClinics.org
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4*

\*\* The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.

**CERTIFICATE OF SERVICE**

    I hereby certify that, on December 2, 2025, I caused the foregoing to be served on counsel of record via the Court's electronic case filing system.

_____/s/_____
Georgina Yeomans