UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ABRAMOWITZ, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>KARI LAKE, et al.,<br><br>  Defendants. | Civil Action No. 25-0887 (RCL) |
| PATSY WIDAKUSWARA, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>KARI LAKE, et al.,<br><br>  Defendants. | Civil Action No. 25-1015 (RCL) |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT OR, IN THE <u>ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND</u>**

  Defendants, by and through undersigned counsel, respectfully file this reply in further support of their motion to stay briefing on Plaintiffs' partial motion for summary judgment until sixty days after the latter of either, the D.C. Circuit's issuance of a decision in *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir.) and *Abramowitz v. Lake*, No. 25-5145 (D.C. Cir.), or the Court rules on Defendants' dispositive motion.  Alternatively, to the extent that the Court denies Defendants' request to stay briefing, Defendants respectfully request that the Court extend Defendants' deadline to respond to Plaintiffs' partial motion for summary judgment, if necessary, until sixty days after the Court issues a decision on Defendants' stay motion.

**ARGUMENT**

Plaintiffs' partial motion is premature and a stay for the purpose of allowing the Court to issue a decision on Defendants' motion to dismiss or the D.C. Circuit to determine issues that are potentially dispositive in this case is warranted. Plaintiffs' opposition provides no basis to conclude otherwise and, therefore, the Court should grant Defendants' motion.

First, contrary to Plaintiffs' assertions, a stay would serve the public interest. The circumstances of this matter counsel in favor of a stay of briefing on Plaintiffs' partial motion for summary judgment. Defendants moved to dismiss this action, including Plaintiffs' APA claims which is the subject of Plaintiffs' pending partial motion, on jurisdictional grounds, and Defendants' appeal before the D.C. Circuit simultaneously raises some of those jurisdictional issues. Because the Court has not yet issued a decision on Defendants' motion to dismiss, and the D.C. Circuit decision will affect a substantial portion of this case and potentially resolve core jurisdictional issues, it would be premature and an inefficient use of this Court's limited resources to brief the merit issues raised in Plaintiffs' partial motion for summary judgement. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stay may promote "economy of time and effort . . . for counsel, and for litigants"); *IBT/HERE Emp. Reps. Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (stay may be "the fairest course for the parties"). It makes no sense for the parties to brief any merit issues when this Court and the D.C. Circuit, have not made a decision on the jurisdictional issues. Indeed, the Court "must decide jurisdictional questions before merits ones." *Solis Meza v. Renaud*, 9 F.4th 930, 933 (D.C. Cir. 2021). Also, Defendants seek this stay to avoid the potential of contradictory results, further litigation, and appeals. Thus, a stay would also serve the public interest by promoting judicial economy and convenience.

Further, Plaintiffs argue "Defendants have failed entirely to articulate any hardship they face from this case not being stayed." Opp'n at 2. A party requesting a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [they pray] will work damage to someone else." *Landis*, 299 U.S. at 255. Defendants' position, however, raises no possibility that the requested stay would cause any prejudice or undue hardship to Plaintiffs. This is because Defendants' motion to dismiss is fully briefed, the Plaintiffs currently benefit from prong (3) of the Court's April 22, 2025, preliminary injunction, Defendants filed a response to the Court's September 29, 2025, Order on December 9, 2025, and several of the dispositive issues raised in Defendants' motion to dismiss may soon be resolved by the D.C. Circuit. There is no harm to Plaintiffs should the Court grant the stay. Thus, Defendants were not required to establish hardship or inequity in support of their stay request. Defendants' opening motion focused on judicial efficiency as the primary justification for the requested stay. Nevertheless, and given those considerations, Defendants would be harmed by having to devote resources to respond to a motion for partial summary judgment while their dispositive motion raising threshold jurisdictional issues remains pending, and while the D.C. Circuit is poised to issue a decision that, at a minimum, likely will provide important guidance to this case. Also, Any claim of delay in itself is not weighty enough to outweigh the harms to Defendants and the public interest that denying a stay would cause. *See United States v. Philip Morris Inc.*, 314 F.3d 612, 622 (D.C. Cir. 2003) ("A mere assertion of delay does not constitute substantial harm" for purposes of a motion to stay).

Lastly, should the Court be disinclined to grant Defendants' request for a stay, there is good cause to grant Defendants' request that the Court extend their response deadline until sixty days after the Court issues a decision on Defendants' stay motion in light of the Government counsel

3

carrying extremely voluminous dockets and having a slew of deadlines in the coming days and weeks, including significant briefing and hearings in other matters, and the upcoming holidays.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion to stay further briefing on Plaintiffs' partial motion for summary judgment until sixty days after the latter of either, the D.C. Circuit's issuance of a decision in *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir.) and *Abramowitz v. Lake*, No. 25-5145 (D.C. Cir.) or the Court rules on Defendants' dispositive motion, or, in the alternative, extend Defendants' deadline to respond to Plaintiffs' partial motion for summary judgment until sixty days after the Court issues a decision on Defendants' stay motion.

Dated:  December 9, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:       */s/ Stephanie R. Johnson*
    STEPHANIE R. JOHNSON,
      D.C. Bar # 1632338
    Assistant United States Attorney
    Civil Division
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7874
    Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*