February 20, 2026

**VIA ELECTRONIC FILING**

The Honorable Royce C. Lamberth
United States District Judge
United States District Court for the District of Columbia
333 Constitution Avenue NW
Washington, D.C. 20001

      Re:    Plaintiffs' Second Response to the Court's February 5, 2026 Order in *Abramowitz v. Lake*, 25-cv-887 (D.D.C) and *Widakuswara v. Lake*, 25-cv-1015 (D.D.C.)

Dear Judge Lamberth:

      Plaintiffs in the above-captioned cases respectfully submit this letter brief in response to Defendants' February 12, 2026 submission. Because Defendants' submission does not contradict anything in Plaintiffs' letter brief concerning the impact of the new Congressional appropriations to USAGM and VOA, this Court should grant Plaintiffs' motion for partial summary judgment on their APA claims and vacate Defendants' illegal actions.

      Defendants raise two points in their letter brief, neither of which affects the disposition of the motion for partial summary judgment or requested relief. First, Defendants claim that the reduction in funding to USAGM "confirms that Congress itself envisions a smaller-scale agency in FY 2026." ECF 127 at 1.[1] Defendants decline to contest that this change in appropriations *does not* bear on whether they acted illegally when they made and implemented their radical downsizing decision, as Plaintiffs explained in their opening letter brief. That decision was made without consideration of and contrary to the statutes that bind USAGM and VOA and the Agency's appropriation *at the time*. Further, Defendants omit that their illegal decision was to dramatically slash operations across the board, including to reduce VOA to *11 positions*. ECF 119 at 1. That decision is neither consistent with USAGM's prior appropriation nor with the hundreds of millions of dollars Congress has now appropriated for Fiscal Year 2026. The change in appropriations does not affect the disposition of Plaintiffs' APA claims, and nothing in Defendants' briefs or recent letter suggests otherwise.

      Turning to the FY 2026 appropriation, Defendants have never transparently shared with this Court how they have been or will be spending their money, despite extensive briefing concerning the appropriations and orders from this Court that Defendants show their math. *See, e.g.*, ECF 62 (Order to Show Cause) at 5 (explaining that Defendants' representations regarding how they are spending their appropriations are "deficient" because "[l]isting … significant quantities of money in broad strokes and generalities, without any further breakdown of activities

---

[1] Unless otherwise noted, citations are to 25-cv-887.

1

that comprise those hundreds of millions of dollars in spending, is useless to the Court and insufficient to show faithful execution of the programmatic goals evidenced by Congress's appropriation"). It is likely that Defendants' reduced programming and decision to fire over 500 personal service contractors has dramatically reduced spending for the first third of the current fiscal year. And because of inevitable delays in hiring new employees and executing new contracts, Agency expenditures are likely to continue to be lower than the FY 2025 appropriation even if the Agency in good faith begins and completes the process of restoring the pre-March 15 status quo.

Notably, Defendants do not disclose whether any of the FY 2025 appropriation remains available for 2026. The Further Consolidated Appropriations Act of 2024 expressly provided that $42,861,000 of USAGM's total $857,214,000 appropriation for FY 2024 could be used the following fiscal year, until September 30, 2025. Pub. L. No. 118-47, Div. F, Title I (USAGM — International Broadcasting Operations), 138 Stat. 735 (2024). Our understanding is that when Congress passed its continuing resolution in March 2025, that language was reenacted, meaning that, again, nearly $43 million of USAGM's 2025 appropriation can be rolled over for use through September 2026. Pub. L. No. 119-4, Div. A, Title I, § 1103, 139 Stat. 12 (Mar. 15, 2025) ("Appropriations provided by this division that, in the applicable appropriations Act for fiscal year 2024, carried a multiple-year or no-year period of availability shall retain a comparable period of availability."); *see* Congressional Research Service, *Section-by-Section Summary of the Full-Year Continuing Appropriations Act, 2025 (Division A of P.L. 119-4)*, at 5 (April 25, 2025)[2]("[I]f an appropriation provided in one of the regular appropriations acts for FY2024 was made available for two fiscal years (i.e., for FY2024, through September 30, 2025), then that appropriation is available for two fiscal years under the CR as well (i.e., for FY2025, through September 30, 2026)."). Defendants do not address whether these funds remain available to them for use this year.

Second, Defendants state that this Court may not order "wholesale vacatur" of their illegal actions because of the reduced appropriation. ECF 127 at 1. To be frank, Plaintiffs do not understand what Defendants mean by "*wholesale* vacatur." Vacatur is just that: the setting aside of Defendants' illegal actions. It is the remedy to which Plaintiffs are entitled per the text of the APA, as Plaintiffs explained in their opening letter brief. A change in funding does not alter the *statutory* remedy this Court should order. Defendants do not state otherwise, nor could they. Surely Defendants do not mean to suggest that this Court should be in the business of prorating vacatur to meet agency budgetary considerations.

Perhaps Defendants mean that USAGM and VOA cannot be reconfigured exactly as they were operating pre-March 15, 2025. As discussed above, it is unlikely the approximately 20% reduction in funding supports this contention. Defendants' complete lack of transparency with respect to the Agency's operations deprives Defendants of any legitimate argument that the appropriate remedy is not to restore the Agency to its pre-March 15, 2025 status.

For nearly a year, Defendants have continued to pay approximately 500 VOA employees while prohibiting them from doing any work. They have decimated USAGM's and VOA's

---

[2] Available at https://www.congress.gov/crs-product/R48517.

operations by firing PSCs, terminating contracts, and reducing transmitting capacity. They have done all of this with no explanation and in direct defiance of the hundreds of millions of dollars Congress previously appropriated. Now, they are doing it in defiance of the hundreds of millions of dollars Congress appropriated for Fiscal Year 2026. For the reasons stated in Plaintiffs' partial summary judgment briefing and opening letter briefing, this Court should grant Plaintiffs' motion for partial summary judgment, vacate Defendants' illegal actions, and order the measures identified in Plaintiffs' proposed order.

Dated: February 20, 2026

ZUCKERMAN SPAEDER LLP

_____*/s/*_____
William B. Schultz
Jacobus P. van der Ven
Brian J. Beaton, Jr.

2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
cvanderven@zuckerman.com
bbeaton@zuckerman.com

*Counsel for Abramowitz Plaintiffs*

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

_____*/s/*_____
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com

Respectfully submitted

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME)

_____*/s/*_____
Teague Paterson
Matthew Blumin
Georgina Yeomans

1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

DEMOCRACY FORWARD FOUNDATION

_____*/s/*_____
Kristin Bateman
Cynthia Liao
Robin F. Thurston
Skye L. Perryman

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

nbourland@ecbawm.com

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and The NewsGuild-CWA*

GOVERNMENT ACCOUNTABILITY PROJECT

_____/s/_____
David Z. Seide

1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

*Counsel for Plaintiffs American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); The NewsGuild-CWA*

DEMOCRACY DEFENDERS FUND

_____/s/_____
Norman L. Eisen
Joshua Kolb
Taryn Wilgus Null
Sofia Fernandez Gold

600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@democracydefenders.org
Joshua@democracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

AMERICAN FOREIGN SERVICE ASSOCIATION

_____/s/_____
Sharon Papp
Raeka Safai

2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

_____/s/_____
Rushab Sanghvi

80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for Plaintiff American Federation of*

*Counsel for Plaintiff American Foreign Service Association (AFSA)*

MEDIA FREEDOM & INFORMATION ACCESS CLINIC – YALE LAW SCHOOL

_____*/s/*_____
David A. Schulz

127 Wall Street
New Haven, CT 06520
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4*

\*\* The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.

*Government Employees, AFL-CIO (AFGE)*

5