UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| PATSY WIDAKUSWARA, JESSICA JERREAT, KATHRYN NEEPER, JOHN DOES 1-4, REPORTERS SANS FRONTIÈRES, REPORTERS WITHOUT BORDERS, INC., AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES (AFSCME), AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES (AFGE), AMERICAN FOREIGN SERVICE ASSOCIATION (AFSA), and THE NEWSGUILD-CWA,<br><br>　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>KARI LAKE, in her official capacity as Senior Advisor to the Acting CEO of the U.S. Agency for Global Media; VICTOR MORALES, in his official capacity as Acting CEO of the U.S. Agency for Global Media; and U.S. AGENCY FOR GLOBAL MEDIA,<br><br>　　　　　　　　Defendants. | Case No. 1:25-cv-01015-RCL<br><br>**PLAINTIFFS' SURREPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT [168] AND IN OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS [202]**<br><br>Oral Argument Requested |

With their reply brief (ECF No. 214), Defendants belatedly submitted several exhibits, which confirm that Defendant Kari Lake's appointments as Senior Advisor and Deputy CEO violated the Appointments Clause and that her service as Acting CEO violated the FVRA and Appointments Clause. Plaintiffs address the documents in turn.

**Bennett Order of Succession to the USAGM CEO (Oct. 25, 2023) (ECF No. 214-1) and OPM Approval (Feb. 24, 2025) (ECF No. 214-4).** Defendants continue to argue that Roman Napoli had authority to appoint Lake as Senior Advisor because he was "carrying out delegable duties and functions" of the CEO, and they point to the Bennett and OPM documents as support. Defs.' Reply at 2, 7. But, even assuming Lake as Senior Advisor was merely an inferior officer and not a principal officer, under *Lucia v. SEC* (which Defendants completely ignore), the authority to appoint an inferior officer *cannot be delegated*. 585 U.S. 237, 244-45, 251 (2018). CEO Bennett had no authority to ignore the Appointments Clause and the Supreme Court's decision in *Lucia* and delegate inferior-officer-appointing duties and functions to Napoli. That the Office of Personnel Management ("OPM"), a different agency, approved Napoli's appointment of Lake is irrelevant because OPM has no authority to appoint inferior officers at USAGM either. Neither the Bennett nor OPM documents can overcome *Lucia*.[1] Lake's appointment as Senior Advisor violated the Appointments Clause.

---

[1] Defendants also describe Napoli as "carrying out those duties of Acting CEO pursuant to an order of succession." Defs.' Reply at 2. Again, to the extent that Defendants are suggesting that Napoli was Acting CEO, Napoli did not meet the criteria under the FVRA, 5 U.S.C. § 3345(a). Pls.' Reply at 5 (ECF No. 208). The FVRA is the "exclusive means for temporarily authorizing" someone to serve as Acting CEO, 5 U.S.C. § 3347(a), absent another statute explicitly and specifically addressing CEO vacancies, which Defendants have not identified. A statute providing "general authority" to an agency head "to delegate duties statutorily vested in that agency head," like the Smith-Mundt Act provision Defendants point to, *see* Defs.' Reply at 6 (citing 22 U.S.C. § 1435), is insufficient. 5 U.S.C. § 3347(b).

**USAGM Delegation Order 2025-01 (Mar. 5, 2025) (ECF No. 214-2).** Order 2025-01 confirms that, as Senior Advisor, Lake had virtually all of the CEO's powers except submitting reports and providing school-related expenses to personnel in the Northern Mariana Islands. Order 2025-01 (listing all 22 subsections of 22 U.S.C. § 6204(a), except § 6204(a)(9), (19), and 22(B)-(C)). The Order confirms that, as Senior Advisor, Lake exercised significant authority and thus was not a mere employee, but was an officer who needed to be appointed consistent with the Appointments Clause. *See* Pls.' Reply at 3-4.

**USAGM Delegation Order 2025-02 (July 11, 2025) (ECF No. 214-3).** Order 2025-02 is identical to Order 2025-01 except for the change in Lake's title. The Orders thus confirm that, as Deputy CEO, Lake had the same authority she had as Senior Advisor. As Senior Advisor, Lake signed RIF notices to terminate 639 employees after Acting CEO Victor Morales refused to do so in June 2025. Lake Dep. Tr. 311:4-6, 308:9-14. The only rational inference to be drawn from the two identical Orders and the temporal proximity between the June RIF and the July issuance of Order 2025-02 is that, as Deputy CEO, Lake had the same power to override the CEO that she had as Senior Advisor. The power to override a principal, however, is not compatible with the constitutional position of an inferior officer.[2] Regardless of her formal title and whatever boilerplate retention language the Orders contained, Lake was the boss at USAGM. To be the boss, Lake needed to be appointed by the President and confirmed by the Senate as a principal officer. An appointment by Morales was insufficient.

---

[2] *Edmond v. United States*, 520 U.S. 651, 662-63 (1997) ("Whether one is an 'inferior' officer depends on whether he has a superior. It is not enough that other officers may be identified who formally maintain a higher rank, or possess responsibilities of a greater magnitude. . . . '[I]nferior officers' are officers whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the advice and consent of the Senate.").

**Deputy CEO Position Description (Feb. 2023) (ECF No. 214-8).** Defendants attempt to distinguish *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1 (D.D.C. 2020), which addressed a newly created principal deputy position, on the ground that the Deputy CEO position has existed since February 2023. But a comparison of the February 2023 position description ("PD") and Order 2025-02 shows that the Deputy CEO position was revamped specifically for Lake. The PD describes the Deputy CEO as someone who "advises" and "assists" the CEO and acts as "directed" by the CEO. PD at 1. The PD is not tied to any particular individual serving in the role. *See* PD. In Order 2025-02, on the other hand, "Kari Lake" is "designated to perform the functions and responsibilities specified in the following provisions under 22 U.S.C. § 6204," followed by a list of virtually all of the "Authorities of Chief Executive Officer" listed in § 6204. Order 2025-02; 22 U.S.C. § 6204. Defendants cannot get around *Cuccinelli* by keeping the Deputy CEO job title the same but re-structuring the position into one where Lake specifically functions as the CEO and can override the Acting CEO.

* * *

Ultimately, Defendants' theory that "delegation" can be used to paper over the installation of an agency head without Senate confirmation "flies in the face of the constitutional design, the clear text of the FVRA that provides the 'exclusive' means for temporary appointment, and the history of Executive Branch evasion of the Appointments Clause that led Congress to pass the FVRA in the first place." *Bullock v. U.S. Bureau of Land Mgmt.*, 489 F. Supp. 3d 1112, 1126 (D. Mont. 2020). The Court should reject it and grant Plaintiffs' motion for partial summary judgment and deny Defendants' cross-motions.

| | |
|---|---|
| March 5, 2026 | Respectfully submitted, |
| GOVERNMENT ACCOUNTABILITY PROJECT | EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP |
| _____/s/_____ <br> David Z. Seide (D.C. Bar # 421899) <br> 1612 K Street, NW <br> Washington, DC 20006 <br> (202) 457-0034 <br> davids@whistleblower.org | _____/s/_____ <br> Andrew G. Celli, Jr. <br> Debra L. Greenberger <br> Daniel M. Eisenberg (D.C. Bar # 90017823) <br> Nick Bourland <br> One Rockefeller Plaza, 8th Floor <br> New York, New York 10020 <br> (212) 763-5000 <br> acelli@ecbawm.com <br> dgreenberger@ecbawm.com <br> deisenberg@ecbawm.com <br> nbourland@ecbawm.com |
| *Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4* | |
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME) | *Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA* |
| _____/s/_____ <br> Teague Paterson (D.C. Bar # 144528) <br> Matthew Blumin (D.C. Bar # 1007008) <br> Georgina Yeomans (D.C. Bar # 1510777) <br> 1625 L Street, N.W. <br> Washington, D.C. 20036 <br> (202) 775-5900 <br> Tpaterson@afscme.org <br> Mblumin@afscme.org <br> Gyeomans@afscme.org | |
| | AMERICAN FOREIGN SERVICE ASSOCIATION |
| *Counsel for Plaintiff American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)* | _____/s/_____ <br> Sharon Papp (D.C. Bar # 107992) <br> Raeka Safai (D.C. Bar # 977301) <br> 2101 E Street, N.W. <br> Washington, D.C. 20037 <br> (202) 338-4045 <br> papp@afsa.org <br> safai@afsa.org |
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO | |
| _____/s/_____ <br> Rushab Sanghvi (DC Bar # 1012814) <br> 80 F. Street, NW | *Counsel for Plaintiff American Foreign Service Association (AFSA)* |

Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for American Federation of Government Employees, AFL-CIO (AFGE).*

DEMOCRACY FORWARD FOUNDATION

_____/s/_____
Kristin Bateman (D.C. Bar # 90037068)
Cynthia Liao (D.C. Bar # 90036947)
Robin F. Thurston (D.C. Bar # 1531399)
Skye L. Perryman (D.C. Bar # 984573)
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and the NewsGuild-CWA*

DEMOCRACY DEFENDERS FUND

_____/s/_____
Norman L. Eisen (D.C. Bar # 435051)
Joshua Kolb
Taryn Wilgus Null (D.C. Bar # 985724)
Sofia Fernandez Gold (D.C. Bar. # 90010196)
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@democracydefenders.org
Joshua@democracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

MEDIA FREEDOM & INFORMATION ACCESS CLINIC - YALE LAW SCHOOL [3]

_____/s/_____
David A. Schulz (D.C. Bar # 459197)
127 Wall Street
New Haven, CT 06520
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4*

---

[3] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.