## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL ABRAMOWITZ, *et al.,* | |
| *Plaintiffs,* | |
| –v.– | **Case No. 1:25-cv-887-RCL** |
| KARI LAKE, *et al.,* | |
| *Defendants.* | |
| PATSY WIDAKUSWARA, *et al.,* | |
| *Plaintiffs,* | |
| –v.– | **Case No. 1:25-cv-1015-RCL** |
| KARI LAKE, *et al.,* | |
| *Defendants.* | |

### <u>PLAINTIFFS' MOTION TO ENFORCE THE COURT'S MARCH 20 ORDER</u>

To comply with this Court's recent partial summary judgment orders, Defendants stated in a sworn declaration that they had developed a "Reconstitution Plan." This Court ordered Defendants to file that plan on the docket by April 1, 2026, along with a report detailing their progress toward complying with the Court's summary judgment orders. That day came and went, and Defendants filed nothing. Although the D.C. Circuit stayed this Court's summary judgment orders in the intervening period "to the extent that [the orders] require that 'all employees placed on administrative leave pursuant to defendants' March 2025 directive shall return to work,'" it did not stay the other provisions of this Court's summary judgment orders. And it left untouched this Court's separate order requiring Defendants' April 1 filings.

Defendants still have an obligation to file their Reconstitution Plan, still have an obligation to comply with the unstayed portions of the summary judgment orders, and still have an obligation to report to this Court the steps they've taken toward that compliance. Defendants have ignored those obligations. In light of Defendants' refusal, Plaintiffs move to enforce this Court's order requiring that Defendants file their Reconstitution Plan and report to the Court regarding their compliance with the operative portions of the summary judgment orders.

## BACKGROUND

On March 17, 2026, this Court granted partial summary judgment for Plaintiffs. It found that Defendants' decision to dramatically downsize the U.S. Agency for Global Media and Voice of America, as reflected in the March 2025 Statutory Minimum Memorandum, was arbitrary and capricious in violation of § 706(2) of the Administrative Procedure Act. *See* ECF 134[1] (Mem. Op.) at 25, 34; ECF 133 (March 17 Order) at 1-2. "[N]ot only is there an absence of 'reasoned analysis' from the defendants," the Court explained, "there is an absence of any analysis whatsoever." Mem. Op. at 25 (citation omitted). Following the "normal" course, the Court held that vacatur was the right remedy for this § 706(2) violation. *Id.* at 32-33.

The Court also found that Defendants had "unlawfully withheld or unreasonably delayed" required agency action under § 706(1) of the APA. *Id.* at 29. USAGM is required by statute to "broadcast by radio to particular areas of the world and must retain surge capacity to deploy during foreign crises." *Id.* at 30. And "there is no dispute," the Court explained, "that the placement of most staff on administrative leave . . . leaves USAGM *incapable* of operating in regions where it is statutorily required to do so." *Id.* at 31 (emphasis in original). Because Defendant Lake had

---

[1] Unless stated otherwise, all docket citations are to the docket in *Abramowitz v. Lake*, No. 1:25-cv-887-RCL (D.D.C.).

2

"repeatedly thumbed her nose at these statutory requirements," the Court concluded that the "withholding of these mandatory actions requires relief." *Id.* at 32.

To address Defendants' APA violations, the Court ordered several forms of relief. Specifically, among other things, the Court:

1) Vacated and set aside "the March 18 Statutory Minimum Memorandum";

2) Vacated and set aside "the March 15 placement of 1,042 employees on administrative leave";

3) Vacated and set aside "the suspension of broadcasting operations";

4) Vacated and set aside "the termination of non-contractor staff"; and

5) Ordered that, "no later than March 23, 2026, all employees placed on administrative leave pursuant to the defendants' March 2025 directive shall return to work."

March 17 Order at 1-2.

In a subsequent filing, Defendants claimed that they could not meet the Court's March 23 deadline.  But they assured the Court that they had developed a plan "to comply with th[e] Order" entered on "March 17, 2026."  ECF 138-1 (Decl. of David Kotz) ¶¶ 3, 5.  This already developed "Reconstitution Plan," they said, "sequences the return of personnel based on operational necessity." *Id.* ¶¶ 5-6.

The Court accommodated Defendants' concern.  In a new, March 20 order, the Court both modified its March 17 order and imposed new requirements.  It vacated "the March 23 deadline for compliance with the Court's injunction."  ECF 141 (March 20 Order) at 7.  And then, relying on Defendants' sworn declaration, the Court ordered "defendants to file a copy of the Reconstitution Plan on the dockets of these cases by the close of business on April 1, 2026." *Id.* at 8.  It further ordered Defendants to "file a status report the same date and every fourteen days thereafter describing (i) progress toward compliance with the Court's March 17 Order, including

3

the number of employees onboarded since the entry of that order, and (ii) any intended or incidental modifications to or deviations from the Reconstitution Plan." *Id*.

Defendants sought emergency relief from the D.C. Circuit of one portion of the March 17 partial summary judgment orders. The D.C. Circuit ultimately granted that request. Namely, the D.C. Circuit stayed the "orders entered on March 17, 2026 . . . to the extent that they require that 'all employees placed on administrative leave pursuant to defendants' March 2025 directive shall return to work.'" Order, Nos. 25-5144, 25-5145, 26-5086 & 26-5087, Doc. No. 2166451, at 3 (D.C. Cir. Mar. 31, 2026) (D.C. Cir. Order). But the D.C. Circuit did not stay the rest of this Court's March 17 summary judgment orders, which Defendants did not request to be stayed. And the D.C. Circuit left untouched all of this Court's March 20 order, which Defendants did not appeal.

Defendants' deadline to file "on the dockets" the Reconstitution Plan and status report "describing . . . progress toward compliance with the" unstayed portions of "the Court's March 17 Order" was April 1, 2026. March 20 Order at 8. The dockets for that day reflect no activity.

Pursuant to Local Rule 7(m), counsel for Plaintiffs conferred with counsel for Defendants regarding the basis for and relief sought in this motion to enforce. Counsel for Defendants stated that Defendants oppose the motion.

**ARGUMENT**

A "motion to enforce is the usual method for requesting a court to . . . compel compliance" with its own order. *Garcia Ramirez v. U.S. Immigr. & Customs Enf't*, 812 F. Supp. 3d 86, 97 (D.D.C. 2025) (citation omitted). That is because "district courts have the authority to enforce the deadlines they impose." *Commodity Futures Trading Comm'n v. Trade Exch. Network Ltd.*, 117 F. Supp. 3d 22, 26 (D.D.C. 2015). And when "a defendant has not complied" with a deadline, the "Court should grant a motion to enforce" an operative order. *Sierra Club v. McCarthy*, 61 F. Supp.

4

3d 35, 39 (D.D.C. 2014). "In determining compliance with an order, the Court is guided not only by the text of that order but also by its related opinions." *Garcia Ramirez*, 812 F. Supp. 3d at 97.

Defendants have disobeyed this Court's order, entered on March 20, to file their already developed Reconstitution Plan on the docket along with a status report detailing their progress toward complying with the Court's March 17 partial summary judgment orders. There can be no dispute that Defendants failed to make this filing.

They were required to do so. The D.C. Circuit's partial stay pending appeal did not relieve Defendants of their April 1 responsibilities or any other obligations beyond the requirement "that 'all employees placed on administrative leave pursuant to defendants' March 2025 directive shall return to work.'"

For one, the D.C. Circuit's order made no mention of this Court's March 20 order—the one that imposed a requirement for Defendants to make filings on April 1. The D.C. Circuit was explicit: The only thing stayed pending appeal was a portion of the "district court's orders entered on March 17, 2026." D.C. Cir. Order at 3. Defendants did not request relief from this Court's March 20 order or from the other portions of the March 17 order, and the D.C. Circuit afforded no such relief.

In addition, the D.C. Circuit was clear that it stayed only one portion of this Court's March 17 order. As noted above, this Court vacated and set aside certain actions taken by Defendants (items one to four above), but then also compelled Defendants to "return to work" "all employees placed on administrative leave pursuant to the defendants' March 2025 directive" (item five above). March 17 Order at 1-2, as modified by March 20 Order at 8.

It was only this last portion, item five, that the D.C. Circuit stayed pending appeal. Quoting this Court's language, the D.C. Circuit stayed pending appeal the March 17 orders "*to the extent*

that they require that 'all employees placed on administrative leave pursuant to defendants' March 2025 directive shall return to work.'" D.C. Cir. Order at 3 (emphasis added). This was, in fact, all the relief Defendants asked for. Defendants explained that the "government appealed from the injunctive aspect" of the March 17 orders, relief that was distinct from the aspects that "vacated various agency actions." Emergency Mot. for Stay Pending Appeal, No. 26-5086, Doc. No. 2164685, at 7 (Mar. 20, 2026). For that reason, the earlier portions of this Court's orders, the ones vacating Defendants' actions, remain untouched. Specifically, this Court's order that "the March 18 Statutory Minimum Memorandum, the March 15 placement of 1,042 employees on administrative leave, the suspension of broadcasting operations, and the termination of non-contractor staff" be "VACATED and SET ASIDE" remains just as operative today as the day it was issued. March 17 Order at 1-2.

Defendants thus retain a responsibility to comply with those portions of the March 17 summary judgment orders—and thus a responsibility to detail to the Court their compliance with those provisions, as this Court ordered on March 20. The vacatur remedy in the summary judgment orders, which remain operative today, "deprive[]" the vacated actions "of force." *AFL-CIO v. Chao*, 496 F. Supp. 2d 76, 85 (D.D.C. 2007). "A 'vacatur' order . . . 'annul[s]' an action already taken." *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, 793 F. Supp. 3d 19, 63 (D.D.C. 2025) (citation omitted). The vacated actions are thus "off the books," *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 50 (D.D.C. 2020) (citation omitted), and the agency's responsibility is to "re-establish the status quo absent the unlawful agency action," *Coal. for Humane Immigrant Rts. v. Noem*, 805 F. Supp. 3d 48, 72 (D.D.C. 2025) (quoting *Texas v. United States*, 40 F.4th 205, 220 (5th Cir. 2022)). This Court ordered Defendants to explain their progress in complying with its summary judgment vacatur orders. Defendants must do so.

6

In sum, Defendants disregarded their obligation to file by April 1 their Reconstitution Plan and a report detailing their progress toward compliance with the unstayed portions of this Court's March 17 order.

## CONCLUSION

For the above-mentioned reasons, Plaintiffs respectfully request that the Court order Defendants to file, within one day of its order on this motion, Defendants' Reconstitution Plan.  In addition, Plaintiffs request that the Court order Defendants to file, within five days of its order on this motion and every two weeks thereafter, a status report detailing their progress toward compliance with the vacatur remedy in the Court's March 17 order.

Finally, Plaintiffs request that this Court order Defendants to respond to this motion within five days.  Plaintiffs will file any reply within three days after Defendants' response.

Dated: April 6, 2026

ZUCKERMAN SPAEDER LLP

_____/s/_____
William B. Schultz
Jacobus P. van der Ven
Brian J. Beaton, Jr.

2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
cvanderven@zuckerman.com
bbeaton@zuckerman.com

*Counsel for Abramowitz Plaintiffs*

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

_____/s/_____
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service*

Respectfully submitted

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME)

_____/s/_____
Teague Paterson
Matthew Blumin
Georgina Yeomans

1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

DEMOCRACY FORWARD FOUNDATION

_____/s/_____
Kristin Bateman
Cynthia Liao
Robin F. Thurston
Skye L. Perryman

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); The NewsGuild-CWA*

8

*Association (AFSA); and The NewsGuild-CWA*

GOVERNMENT ACCOUNTABILITY PROJECT

_____/s/_____
David Z. Seide

1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

DEMOCRACY DEFENDERS FUND

_____/s/_____
Norman L. Eisen
Joshua Kolb
Taryn Wilgus Null
Sofia Fernandez Gold

600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@democracydefenders.org
Joshua@democracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

AMERICAN FOREIGN SERVICE ASSOCIATION

_____/s/_____
Sharon Papp
Raeka Safai

2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff American Foreign Service Association (AFSA)*

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

_____/s/_____
Rushab Sanghvi

80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

9

MEDIA FREEDOM & INFORMATION ACCESS
CLINIC – YALE LAW SCHOOL

_____/s/_____
David A. Schulz

127 Wall Street
New Haven, CT 06520
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara,
Jessica Jerreat, Kathryn Neeper, and John
Does 1-4*

** The views expressed herein do not purport
to represent the institutional views of Yale
Law School, if any.

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 6, 2026, I caused the foregoing to be served on counsel of record via the Court's electronic case filing system.


_____/s/_____
Georgina Yeomans