**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MICHAEL ABRAMOWITZ, *et al.,* | |
| *Plaintiffs,* | |
| –v.– | **Case No. 1:25-cv-887-RCL** |
| KARI LAKE, *et al.,* | |
| *Defendants.* | |
| PATSY WIDAKUSWARA, *et al.,* | |
| *Plaintiffs,* | |
| –v.– | **Case No. 1:25-cv-1015-RCL** |
| KARI LAKE, *et al.,* | |
| *Defendants.* | |

**JOINT STATUS REPORT**

Pursuant to the Court's March 24, 2026 Order, which directed the parties to meet and confer within seven days of the D.C. Circuit's decision on Defendants' stay motion and then file a status report within seventy-two hours, the parties in the above-captioned cases jointly submit the following status report:

***The D.C. Circuit's Stay***

On March 31, 2026, the D.C. Circuit granted Defendants' motions for a stay of the Court's summary judgment orders pending appeal "to the extent that [the orders] require that 'all employees placed on administrative leave pursuant to defendants' March 2025 directive shall

1

return to work.'"  Order, Nos. 25-5144, 25-5145, 26-5086 & 26-5087, Doc. No. 2166451, at 3 (D.C. Cir. Mar. 31, 2026). Defendants' appeals in those cases remain pending.

### *The Parties' April 6, 2026 Motions*

On April 6, 2026, the *Abramowitz* and *Widakuswara* Plaintiffs filed motions to enforce the Court's March 20 Order, which they contend required Defendants to file their "Reconstitution Plan" and report to the Court regarding their compliance with the operative portions of the Court's summary judgment orders.  *See Abramowitz* Dkt. 145; *Widakuswara* Dkt. 232.

Also on April 6, 2026, Defendants filed a motion in the *Widakuswara* case, seeking reconsideration of the Court's March 7, 2026 Order to the extent that it "concluded that none of [Kari] Lake's actions—including those taken when she served as Senior Advisor and Deputy CEO pursuant to a delegation from then-acting CEO Victor Morales—could be ratified by an officer properly designated as CEO or acting CEO." *Widakuswara* Dkt. 233 at 1.

### *The* Widakuswara *Plaintiffs Now Seek Discovery Regarding their Outstanding First Amendment and Firewall Claims, Which Defendants Oppose*

On April 7, 2026, the parties met and conferred by telephone to discuss anticipated further proceedings in these cases.  The parties briefly discussed their pending motions, summarized above, and the *Widakuswara* Plaintiffs proposed that the parties in the *Widakuswara* case propose a discovery schedule to the Court for discovery regarding the *Widakuswara* Plaintiffs' First Amendment and Statutory Firewall-related claims, which were not addressed by the parties' summary judgment motions or the Court's orders to date.

Defendants' position is that discovery should not proceed until Defendants' fully briefed motion to dismiss the *Widakuswara* Plaintiffs' First Amendment and Statutory Firewall-related

claims is resolved.[1]  *See Widakuswara* Dkts. 128, 131, 148. After the motion is resolved, the parties will have a more concrete basis for conferring about the scope of appropriate discovery, if any. (Defendants maintain that the Court should grant their motion to dismiss.) Should the Court be inclined to view additional discovery as potentially appropriate while the motion to dismiss is pending, Defendants request the opportunity to file a motion to stay discovery.

The *Widakuswara* Plaintiffs' position is that discovery should proceed on these claims. Defendants have not sought a stay of discovery pending a decision on their motion to dismiss and, even if they had, a discovery stay is not warranted here.  Although the Court has not yet ruled on Plaintiffs' First Amendment and related Statutory Firewall claims, it has noted that it finds Defendants' central First Amendment argument, that they were "not motivated by viewpoint" discrimination, "dubious," in light of Defendants' decision to shut down broadcasting due to the VOA newsroom's perceived "radical" and "so far to the left" viewpoint.  *See* Order Granting Preliminary Injunction, Dkt. 98 at 27 n.25.

The *Widakuswara* Plaintiffs propose the following discovery schedule with respect to their First Amendment and Statutory Firewall claims:

- Rule 26(a) disclosures due: **April 24, 2026**;

- Deadline to exchange initial discovery requests: **May 27, 2026**;

- Close of fact discovery: **September 18, 2026**; and

- Motions for summary judgment due: **October 16, 2026**.

---

[1] Defendants also moved to dismiss the *Widakuswara* Plaintiffs' Mandamus Act, All Writs Act, and ultra vires claims.

***The* Abramowitz *Plaintiffs Do Not Seek Discovery At This Time***

The *Abramowitz* Plaintiffs believe that the Court should keep this case open to resolve the pending motion to enforce and anything that follows from that motion practice, including ensuring that Defendants comply with the Court's operative orders.  The *Abramowitz* Plaintiffs' complaint does not include the First Amendment and Statutory Firewall-related claims described above in the *Widakuswara* complaint.  For that reason, the *Abramowitz* Plaintiffs do not seek discovery at this time, but reserve their right to seek discovery in the future, particularly (but not only) with regard to Defendants' compliance with the Court's operative orders.

Defendants' position is that the Court should grant Defendants' motion to dismiss Plaintiffs' constitutional and ultra vires claims. Defendants' position is also that the Court should deny the motion to enforce, for reasons Defendants will explain in their forthcoming opposition to Plaintiffs' motion. As the Court's rulings on the summary judgment motions gave the *Abramowitz* Plaintiffs the relief they sought, Defendants' view is that discovery in that case should be closed, and the Court should enter final judgment after granting the motion to dismiss the constitutional and ultra vires claims.

Dated: April 10, 2026

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

_____/s/_____
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs Patsy Widakuswara,
Jessica Jerreat, Kathryn Neeper, John Doe 1,
John Doe 2, John Doe 3, John Doe 4,
American Federation of State, County and
Municipal Employees (AFSCME); American
Federation of Government Employees
(AFGE); American Foreign Service
Association (AFSA); and The NewsGuild-
CWA*


ZUCKERMAN SPAEDER LLP

_____/s/_____
William B. Schultz
Jacobus P. van der Ven
Brian J. Beaton, Jr.

2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
cvanderven@zuckerman.com
bbeaton@zuckerman.com

*Counsel for* Abramowitz *Plaintiffs*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

_____/s/_____
ELIZABETH HEDGES
BRANTLEY T. MAYERS
Counsel to the Assistant Attorney General
Civil Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (771) 209-1978
Elizabeth.T.Hedges@usdoj.gov


JEANINE FERRIS PIRRO
United States Attorney

_____/s/_____
STEPHANIE R. JOHNSON
SAMANTHA-JOSEPHINE BAKER
Assistant United States Attorneys
601 D Street, NW
Washington, DC 20530
Telephone: (202) 252-2435
Stephanie.Johnson5@usdoj.gov
Samantha-Josephine.Baker@usdoj.gov

*Counsel for Defendants*