# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PATSY WIDAKUSWARA, *et al.*,

    *Plaintiffs,*

v.

KARI LAKE, *et al.*,

    *Defendants*.

Case No. 1:25-cv-1015-RCL

## ORDER

On March 7, 2026, this Court granted partial summary judgment to the plaintiffs in this case on their claim that Defendant Kari Lake had exercised the functions and authorities of the position of CEO of the U.S. Agency for Global Media ("USAGM") in violation of the Federal Vacancies Reform Act (the "Vacancies Act") and that actions taken by her therefore lacked force or effect. *See Widakuswara v. Lake*, — F. Supp. 3d —, 2026 WL 638676 (D.D.C. Mar. 7, 2026). The defendants in this case have moved for reconsideration of a sliver of the Court's accompanying opinion, in which it held that actions Lake took under authority delegated to her by acting CEO Victor Morales could not be ratified under the anti-ratification provisions of the Vacancies Act. *See* Mot. for Reconsideration, ECF No. 233; 5 U.S.C. § 3348(d)(2) ("An action that has no force or effect . . . may not be ratified").

The motion is now fully briefed. The Court presumes familiarity with the facts of this case, which were detailed at length in its partial summary judgment opinion. *See Widakuswara*, 2026 WL 638676, at *1–4. For the reasons explained below, the Court concludes that the defendants have not met the standard for interlocutory reconsideration under Rule 54(b). *See Lyles v. District of Columbia*, 65 F. Supp. 3d 181, 188 (D.D.C. 2014) (explaining that Rule 54(b) reconsideration

is appropriate where "the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or [when] a controlling or significant change in the law has occurred" (citation omitted)).  The motion is therefore **DENIED**.

1. **The defendants failed to address the plaintiffs' argument concerning ratification during partial summary judgment proceedings.**

The plaintiffs first contend that reconsideration should be denied because the defendants failed to raise their argument concerning ratification at the time of partial summary judgment briefing.  Opp'n 5, ECF No. 236.  The defendants contend that ratification was not at issue on summary judgment, so they did not brief the issue.  Reply 2, ECF No. 239.

"[F]ailure to raise an available argument earlier is generally not grounds for reconsideration . . . ." *Johnson v. District of Columbia*, No. 1:22-cv-2764-TSC, 2024 WL 4467146, at *2 (D.D.C. Oct. 10, 2024).  Generally, a party seeking reconsideration cannot "relitigate an issue that . . . should have been raised at an earlier stage in the litigation."  *Palateria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 79 F. Supp. 3d 60, 72 (D.D.C. 2015).

In their opening brief supporting partial summary judgment, the plaintiffs argued that they were entitled to permanent vacatur because "[t]he [Vacancies Act] provides that '[a]n action taken by any person who is not acting under 3345, 3346, 3357, or as provided by subsection (b), in the performance of any function or duty of a vacant office to which [the Vacancies Act applies] shall have no force or effect' and '*may not be ratified.*'"  Mem. in Support of Summ. J. 21, ECF No. 168-1 (emphasis, first and third alterations added) (quoting 5 U.S.C. § 3348(d)(1)–(2)).  As the plaintiffs point out, the defendants did not address § 3348(d)(2) in their opposition, instead addressing the scope of vacatur with a nearly verbatim rehashing of arguments made in earlier briefing regarding injunctions the plaintiffs had not requested.  *See* Defs.' Mot. for Summ. J. 15–

16, ECF No. 202.  That is despite this Court's generous allowance of *six* extensions for the filing of such response due to a range of personal and professional occurrences.

The defendants insist that ratification was not at issue at the partial summary judgment stage, but their insistence is belied by the following fact: once the plaintiffs raised the issue, it was incumbent on the defendants to have at least some response.  *Parrott v. District of Columbia*, No. 1:21-cv-2930, 2025 WL 1836145, at *7 (D.D.C. July 3, 2025) (faulting plaintiffs moving for reconsideration who failed to "proffer any reason that they could not have made this argument in their original opposition to the motion," explaining that "a motion for reconsideration is not a vehicle to proffer forfeited arguments").  In the interests of thoroughness and clarity, however, the Court will address the merits of the defendants' argument.

2. **The Vacancies Act's anti-ratification bar applies in this case because Lake served as the de facto acting CEO of USAGM without complying with the Vacancies Act.**

As the Court explained in its memorandum opinion, the delegation of the CEO's statutory authorities transformed Lake into the de facto CEO of USAGM.  Indeed, Lake was never truly in a subordinate role at USAGM, including when she served as both senior advisor and as CEO.  To start, it was Lake who announced to USAGM staff that Victor Morales had been designated acting CEO.  Statement of Undisputed Material Facts ¶ 5, ECF No. 168-2 ("SUMF").  Lake testified that she was then promptly delegated "95 percent" of the CEO's statutory authorities.  *Id.* ¶ 6.  She testified that only the President and God supervised her, only later including the acting CEO as an afterthought.  *Id.* ¶ 15.  She repeatedly took public credit for the executive decisionmaking at USAGM on social media and in other remarks.  *Id.*  And she identified herself as the President's "politically appointed representative to *run* USAGM" in a sworn declaration during show-cause proceedings in this case.  *Id.* ¶ 18 (emphasis added); *cf. United States v. Giraud*, 795 F. Supp. 3d 560, 594 (D.N.J. 2025) ("[T]he Government has reiterated the position that 'Ms. Habba is the

person the President wishes to head the Office of the United States Attorney for the District' of New Jersey."). Thus, although Morales nominally retained the ability to exercise the CEO's authorities, the record evidence makes clear that Lake was functioning as the acting CEO in charge of USAGM: making senior hiring decisions, sending reduction-in-force notices to employees after Morales "refused to do" so, and later liaising directly with the White House to have Morales placed on administrative leave and elevate her stature within the agency. SUMF ¶¶ 12, 16–17.

As the Court also explained, this arrangement violates the exclusivity provisions of the Vacancies Act, which "prohibit[] the use of general vesting and delegation statutes to 'temporarily authoriz[e] an acting official to perform the functions and duties' of a vacant office." *Widakuswara*, 2026 WL 638676, at *7 (quoting *United States v. Giraud*, 160 F.4th 390, 403 (3d Cir. 2025) and 5 U.S.C. § 3347(b))). The creation of a "de facto" acting officer through "broad delegat[ion]" of 95 percent of the acting CEO's responsibilities makes nonsense of Congress's carefully crafted statutory scheme. *Giraud*, 160 F.4th at 403. To the extent the defendants now rest on an alternative theory of delegation authority than what they asserted at summary judgment[1] — that delegation is "presumptively permissible" — the exclusivity provisions of the Vacancies Act supply "evidence of a contrary congressional intent" when the breadth of the delegation — here, 95 percent of the relevant statutory authority — effectively transforms a subordinate officer into an acting Senate-confirmable officer. *U.S. Telecom. Ass'n v. F.C.C.*, 359 F.3d 554, 565 (D.C. Cir. 2004).

Because Lake operated as acting CEO without conforming to the Vacancies Act's exclusive provisions even during her nominal service as senior adviser and deputy CEO, her "action[s] . . .

---

[1] At summary judgment, the defendants asserted that 22 U.S.C. § 1435 authorized Morales to delegate CEO authority to Lake. *See Widakuswara*, 2026 WL 638676, at *7. The Court rejected that argument because the statutory text only addresses delegation by the Secretary of State. *Id.*

have no force or effect." 5 U.S.C. § 3348(d)(1). And as the Court explained, such actions "may not be ratified." *Id.* § 3348(d)(2); *see Asylumworks v. Mayorkas*, 590 F. Supp. 3d 11, 24 (D.D.C. 2022) ("[U]nder section 3348, if an official who is exercising the duties of a vacant office in an acting capacity does not meet the requirements of sections 3345, 3346, or 3347, then that official's actions have no force or effect and cannot be ratified." (quoting *NLRB v. Newark Elec. Corp.*, 14 F.4th 152, 161 (2d Cir. 2021))).

The defendants insist that the foregoing analysis is incorrect because § 3348(d)(2) applies only to the exclusive functions and duties of the acting CEO, and the authorities delegated to Lake do not fall within that scope. The Court is not convinced. Although the defendants point to out-of-circuit cases in their favor, they acknowledge that no binding authority compels their result. Moreover, two esteemed judges of this Court have persuasively rejected the defendants' position. In meticulously reasoned analyses of the text and structure of the Vacancies Act, Judge Howell and Judge Moss each decided against the defendants' proposed construction of the anti-ratification provision, concluding that the applicability of the ratification bar did not turn on whether the authority at issue could be delegated. *See Asylumworks*, 590 F. Supp. 3d at 23–24; *L.M.-M v. Cuccinelli*, 442 F. Supp. 3d 1, 31–34 (D.D.C. 2020). The Court agrees with its peers that the ratification bar applies without respect to whether the underlying authorities exercised were subject to delegation. Lake's actions therefore cannot be ratified post hoc.

\*\*\*

For the foregoing reasons, the Motion for Reconsideration is **DENIED**.

**SO ORDERED.**

Date: ___May 14, 2026___

Royce C. Lamberth
United States District Judge