**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATSY WIDAKUSWARA, et al., | |
| Plaintiffs, | Civil Action No. 25-cv-1015 (RCL) |
| v. | |
| KARI LAKE, et al., | |
| Defendants. | |
| | |
| MICHAEL ABRAMOWITZ, et al., | |
| Plaintiffs, | Civil Action No. 25-cv-0887 (RCL) |
| v. | |
| KARI LAKE, et al., | |
| Defendants. | |

**DEFENDANTS' STATUS REPORT**

Defendants file this status report per the Court's order dated May 14, 2026.

**1.**    Per the Court's request, Defendants attach a copy of the Reconstitution Plan, *see* Order, ECF No. 240[1] at 9, but maintain that this Plan was developed to comply with the return-to-work requirement in the Court's March 17, 2026, partial summary judgment order and is now defunct and obsolete for the reasons explained in Defendants' opposition to Plaintiffs' motion to enforce. *See* ECF No. 237. In short, the Plan was developed to comply with the return-to-work requirement before the D.C. Circuit stayed that requirement. Although this Court described Defendants as having represented that "the Reconstitution Plan relates to compliance with the

---

[1] Citations to "ECF No." are to docket entries in *Widakuswara*.

1

March 17 Order writ large, not merely with the injunction," ECF No. 240 at 5, Defendants stated clearly in their declaration that "USAGM has developed a detailed Reconstitution Plan that outlines a phased, risk-managed approach to reinstate all 484 employees while ensuring continuity of mission-critical operations and safeguarding agency systems and infrastructure," ECF No. 225-1 at 2. The Plan has not been followed after the stay. It is obsolete and is not relevant to anything beyond the stayed portion of the order.

2.      Although the return-to-work requirement is stayed, some employees have returned to active work. Specifically, 44 employees have returned to active work since the Court's order. In addition, USAGM has hired three new employees.

3.      The Court has also requested a status report on the vacatur portions of the order.

a.      At the outset, Defendants do not believe that those vacaturs—which were part of a grant of partial summary judgment—have immediate effect. Vacatur is a final remedy, not a preliminary one. And final remedies do not become effective until appealable, when final judgment (or partial final judgment under Federal Rule of Civil Procedure 54(b)) is entered. *See* 11 Moore's Federal Practice - Civil § 56.122 ("Of course, the reference to 'judgment' in the term 'partial summary judgment' is a misnomer. Any ruling that disposes of less than all issues and fewer than all parties in an action is not a judgment within the meaning of Rule 54."); *see also* Fed. R. Civ. P. 54(a) (judgment is "any order from which an appeal lies"); 54(b) (order that adjudicates fewer than all the claims and is not certified as final under Rule 54(b) "may be revised at any time before the entry of a judgment"); Fed. R. Civ. P. 56 advisory committee's note to 1946 amendment ("[P]artial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case."); 10B Wright & Miller, Fed. Prac. & Proc. Civ. § 2737 (4th

ed. 2026) (similar). Injunctions, by contrast, take immediate effect—but that is also why they are immediately appealable. *See* 28 U.S.C. § 1292(a).

To be clear, Defendants are not currently taking any action based on the agency actions that the Court's order vacated, or otherwise treating those actions as operative. But as a technical matter, the vacaturs will not take effect until final judgment (or partial final judgment) is entered, and for that reason alone there is nothing to report on compliance with those vacaturs.

b.      Even assuming the vacaturs took effect immediately, Defendants are not aware of any legal basis for interpreting the vacaturs to require concrete, specific actions, like an injunction. Vacatur is simply a declaration that actions are void—as one of the key cases cited in the Court's order recognizes. *See Texas v. United States*, 40 F.4th 205, 220 (5th Cir. 2022) (holding that "vacatur *does nothing but* re-establish the status quo absent the unlawful agency action," and "neither compels nor restrains further agency decision-making" (emphasis added)). Accordingly, even treating the vacaturs as immediately effective (as Defendants have effectively done), there is nothing further to report on "compliance" with those vacaturs. Vacatur is self-executing; it strips the agency action of legal effect but does not require any specific acts of "compliance."

Defendants are acting accordingly. Defendants are not aware of any vacated action that remains extant or outstanding. Nor has any person (to Defendants' knowledge) asserted that any vacated action is still being effectuated or that Defendants are acting *ultra vires* with respect to such actions. Of course, if a person believes that Defendants are in some way relying on a vacated agency action, and that doing so has caused the person cognizable harm, that person is free to seek appropriate relief. But this is not a matter of "compliance"—it would be no different from any other challenge to *ultra vires* agency action.

3

In its order on the motion to enforce, the Court quoted *Texas*'s language indicating that an agency's actions following vacatur must comply with "the constitutional or statutory basis on which the court invalidated an agency action." ECF No. 240 at 8 (quoting *Texas*, 40 F.4th at 220). That proves the point: the only constraints with which the agency must "comply" following vacatur are the constitutional and statutory restrictions that always constrain agency conduct. And if any persons believe Defendants are acting inconsistent with those restrictions and are injured by it, they can sue. Again, Defendants are not presently aware of any such allegation or injury.

This Court also cited *Asylumworks v. Mayorkas*, 2023 WL 2733722 (D.D.C. Mar. 31, 2023), and that case too is consistent with Defendants' understanding here. There, after vacating two agency rules, the court held that "defendants were only obligated to vacate and set aside the rules, as they have done." *Id.* at *6. And it noted that "[p]laintiffs may challenge the sufficiency of any further agency act or the reasonableness of the agency's delays in a separate action with the filing of a new complaint." *Id. Mayorkas* does not support an understanding of this Court's March 17 vacatur as having required some particular affirmative agency action.

        **c.**      Finally, to the extent the Court disagrees with any of the above and believes the vacatur portions of the partial summary judgment order both have immediate effect and require affirmative compliance steps, then those parts of the order are effectively injunctive in nature, and would form part of Defendants' pending appeal. *See* ECF No. 224 (notice of appeal directed to the entire order); Emergency Motion for Stay Pending Appeal and Immediate Administrative Stay, Doc. #2164685, at 5, 7, *Abramowitz v. Lake*, No. 26-5086 (D.C. Cir. Mar. 20, 2026) (explaining that appeal is intended to challenge injunctive portions of the order). At the time of filing their stay motions in the D.C. Circuit, Defendants understood the return-to-work requirement to be the only portion of the March 17 order that required immediate compliance action, and sought a stay of that

part of the order. But if any portions of the vacatur order are now interpreted to impose immediately enforceable, injunctive, concrete compliance actions, Defendants would move to expand the D.C. Circuit's stay to extend to any such requirements.

Dated: May 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

*/s/ Elizabeth Hedges*
ELIZABETH HEDGES
BRANTLEY T. MAYERS
Counsel to the Assistant Attorney General
Civil Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0929
Elizabeth.T.Hedges@usdoj.gov

*Attorneys for Defendants*