**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL ABRAMOWITZ, *et al.,* | |
| *Plaintiffs,* | |
| –v.– | **Case No. 1:25-cv-887-RCL** |
| KARI LAKE, *et al.,* | |
| *Defendants.* | |
| PATSY WIDAKUSWARA, *et al.,* | |
| *Plaintiffs,* | |
| –v.– | **Case No. 1:25-cv-1015-RCL** |
| KARI LAKE, *et al.,* | |
| *Defendants.* | |

<u>**PLAINTIFFS' REPLY TO DEFENDANTS' MAY 21, 2026 AND JUNE 4, 2026 STATUS
REPORTS**</u>

Complying with the Court's May 14, 2026 order granting Plaintiffs' motion to enforce should not be complicated. ECF 150. And yet, Defendants refuse to do so. Because Defendants' position is that they are not required to do *anything* in response to this Court's March 17 order—only one provision of which was stayed by the D.C. Circuit—the Court should order that Defendants produce certain information to gauge their compliance with the orders.

To recap, on March 17, 2026, "[a]s is the ordinary course for a § 706(2) violation," the Court entered an order vacating and setting aside the Agency's illegal decision to dramatically reduce operations and all actions taken pursuant to that decision. *Id.* at 2-3. Beyond vacating the Statutory Minimum Memorandum itself, *id.* at 3, this Court ordered that the Agency vacate (1) "the March 15 placement of 1,042 employees on administrative leave"; (2) "the suspension of broadcasting operations"; and (3) "the termination of non-contractor staff." *Id.* As this Court explained, Defendants appealed and sought a stay of just one part of the March 17 order—the injunctive provision requiring an immediate return to work—but the remaining provisions from the March 17 order, as modified by the March 20 order to remove the return-to-work date, and the provisions of the March 20 order remain fully in effect. *Id.* at 5-6. That includes regular status reports from Defendants "regarding compliance with the vacatur provisions of the March 17 Order." *Id.* at 8.

This Court has now resolved several evident misunderstandings Defendants harbored with respect to their current obligations. Thus, save for the "injunctive aspect" of the March orders, Defendants must presently adhere to the orders. *Id.* at 6. And, contrary to Defendants' position that "they should have nothing to report in response to the vacatur provisions," *id.* at 8, Defendants must demonstrate that they have "revert[ed] to the *pre-action status quo*," which "often requires a change in course by the agency," *id.* at 8-9 (emphasis added). Indeed, the Agency clearly

1

understood the Court's judgment to require a return to the status quo, given that it developed a plan to not only bring staff back from leave, but also to "restore core broadcasting and technical capabilities," and to "enabl[e] a steady and manageable ramp-up to full operational capacity." ECF 151-1 at 3. These actions related to the aspects of the Court's order other than the return-to-work requirement which was the subject of a stay.

It was thus surprising when, in response to a clear order from this Court, Defendants' court-ordered status update revealed that Defendants are doing nothing to comply with the March orders. ECF 151 at ¶ 3(a). Any argument that this conduct is lawful is foreclosed by this Court's decisions. This Court has already held, throughout its opinion granting Plaintiffs' motion to enforce, that the non-appealed portions of the March 17 order—*i.e.* the vacatur portions—remain *in effect*, requiring the Agency's compliance forthwith. *See, e.g.*, ECF 150 at 5 ("[T]he vacatur provisions of the March 17 Order remain in effect."); *id.* at 7 ("As in earlier stages of this litigation, the non-appealed portions of this Court's order were necessarily not at issue in the stay motion before the D.C. Circuit, and therefore remain in effect." (citing the en banc statements of Chief Judge Srinivasan and Judge Pillard, in connection with denial of rehearing en banc in these cases)). None of the sources Defendants cite in their May status report supports the contrary proposition that when the court enters summary judgment on some, but not all claims, that judgment's effectiveness is automatically stayed pending resolution of other claims. *See* ECF 151 at 2-3.

Defendants next claim that they "are not aware of any legal basis for interpreting the vacaturs to require concrete, specific actions." *Id.* at 3. But the Court did not require "concrete, specific actions"; it required Defendants to effectuate vacatur, as ordered, by reverting the Agency's status and operations to the "pre-action status quo."

Defendants also argue that they are already in compliance with the vacatur order, asserting without any support that they are no longer operating under the guidance of vacated agency decisionmaking, and professing to be unaware of any such actions that "remain[] extant or outstanding." *Id.* at 3. Given that the Agency is operating at nearly the same levels as it was *prior to* the Court's vacatur decision, the Court should not accept Defendants' representation that they have provided an accurate description of what is going on at the Agency. By way of example, Defendants report that 44 employees have returned to work since the Court's May 14, 2026 order (updated to 50 in their June 4, 2026 status report) and that USAGM has hired three new employees (updated to four in the June 4 report), *id.* at 2, ECF 153 at 1, but Defendants do not report that anything else has been done to effectuate vacatur through restoring the pre-March 15, 2025 status quo. Most notably, the vast majority of broadcasting operations that were suspended based on the now-vacated agency decisionmaking remain suspended, and the government has not explained why or how that is permissible now that the actions the agency took to suspend the broadcasts and any justifications for doing so have been vacated by this Court.

The purpose of the status-report obligation was for Defendants to explain the steps they have taken to effectuate reversion to the status quo. They have not done so. Plaintiffs therefore respectfully propose that the Court order that Defendants include the following information in their next status report:

1. Since "all actions taken pursuant to the defendants' decision to reduce VOA to the statutory minimum, as set forth in the Statutory Minimum Memorandum" have been vacated and set aside, explain what authority presently justifies the Agency's operation of the Agency at roughly the same functional levels as prior to the March 2026 vacatur order.

2. Since "the suspension of broadcasting operations" has been vacated and set aside, identify the steps Defendants have taken to revert to the pre-March 15, 2025 status quo with respect to broadcasting operations, and respond to the following questions:

      i. As part of suspending such operations, what contracts were cancelled?

3

ii.  As part of suspending such operations, what leases and partnership agreements were canceled?

iii.  In the Reconstitution Plan Defendants prepared following the Court's March 17, 2026 order, Defendants stated that they had developed a plan to "restore core broadcasting and technical capabilities," and to "enabl[e] a steady and manageable ramp-up to full operational capacity." ECF 151-1 at 3. What are the details of such plan?

iv.  What other steps were taken to suspend broadcasting operations?

Dated: June 8, 2026

Respectfully submitted,

ZUCKERMAN SPAEDER LLP

_____/s/_____
William B. Schultz
Brian J. Beaton, Jr.

2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
bbeaton@zuckerman.com

Aaron S.J. Zelinsky

100 East Pratt Street, Suite 2440
Baltimore, MD 21230
Tel: (410) 949-1167
azelinsky@zuckerman.com

*Counsel for Abramowitz Plaintiffs*

EMERY CELLI BRINCKERHOFF ABADY WARD
& MAAZEL LLP

_____/s/_____
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs Patsy Widakuswara,
Jessica Jerreat, Kathryn Neeper, John Doe 1,
John Doe 2, John Doe 3, John Doe 4,
American Federation of State, County and*

AMERICAN FEDERATION OF STATE, COUNTY,
AND MUNICIPAL EMPLOYEES, AFL-CIO
(AFSCME)

_____/s/_____
Teague Paterson
Matthew Blumin
Georgina Yeomans

1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff American Federation of
State, County, and Municipal Employees, AFL-
CIO (AFSCME)*

DEMOCRACY FORWARD FOUNDATION

_____/s/_____
Kristin Bateman
Cynthia Liao
Robin F. Thurston
Skye L. Perryman

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs American Federation of
State, County and Municipal Employees
(AFSCME); American Federation of
Government Employees (AFGE); American*

5

*Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and The NewsGuild-CWA*

*Foreign Service Association (AFSA); The NewsGuild-CWA*

GOVERNMENT ACCOUNTABILITY PROJECT

_____/s/_____
David Z. Seide

1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

DEMOCRACY DEFENDERS FUND

_____/s/_____
Norman L. Eisen
Joshua Kolb
Taryn Wilgus Null
Sofia Fernandez Gold
Zsa'Queria Martin

600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@democracydefenders.org
Joshua@democracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org
Zsaqueria@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

AMERICAN FOREIGN SERVICE ASSOCIATION

_____/s/_____
Sharon Papp
Raeka Safai

2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff American Foreign Service Association (AFSA)*

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

_____/s/_____
Rushab Sanghvi

80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

6

MEDIA FREEDOM & INFORMATION ACCESS
CLINIC – YALE LAW SCHOOL


_____/s/_____
David A. Schulz

127 Wall Street
New Haven, CT 06520
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara,
Jessica Jerreat, Kathryn Neeper, and John
Does 1-4*

** The views expressed herein do not purport
to represent the institutional views of Yale
Law School, if any.

7

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 8, 2026, I caused the foregoing to be served on counsel of record via the Court's electronic case filing system.


_____/s/_____
Georgina Yeomans