**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL ABRAMOWITZ, *et al.*,<br>*Plaintiffs,*<br>–v.–<br>KARI LAKE, *et al.*,<br>*Defendants.* | **Case No. 1:25-cv-887-RCL** |
| PATSY WIDAKUSWARA, *et al.*,<br>*Plaintiffs,*<br>–v.–<br>KARI LAKE, *et al.*,<br>*Defendants.* | **Case No. 1:25-cv-1015-RCL** |

**PLAINTIFFS' MOTION FOR INFORMATION RELATED TO VACATUR**

On June 8, 2026, Plaintiffs filed a response[1] to Defendants' May 21 and June 4 status updates following the Court's order granting Plaintiffs' motion to enforce the March 17 vacatur order. ECF 154. Since Plaintiffs filed their response, Defendants have submitted two further status updates—one on June 18 and another on July 6—providing essentially no information related to Agency functions or efforts Defendants have taken to effectuate the Court's vacatur order. In light of Defendants' apparent failure to take steps to effectuate the Court-ordered vacatur, Plaintiffs respectfully request that the Court order that Defendants produce certain information to gauge their compliance with the Court's orders.

In its order granting Plaintiffs' motion to enforce, the Court made clear what Defendants' obligations under the March 17 vacatur order entail. ECF 150. The Court explained that its vacatur order required vacating and setting aside the Agency's illegal decision to dramatically reduce operations and all actions taken pursuant to that decision, *id.* at 2-3, as well as (1) "the March 15 placement of 1,042 employees on administrative leave"; (2) "the suspension of broadcasting operations"; and (3) "the termination of non-contractor staff," *id.* The unstayed provisions from the March 17 order, as modified by the March 20 order, remain fully in effect. *Id.* at 5-6. Defendants must demonstrate that they have "revert[ed] to the *pre-action status quo*," which "often requires a change in course by the agency." *Id.* at 8-9 (emphasis added).

With respect to updating the parties and the Court on Defendants' progress toward effecting vacatur, the Court "ordered status reports requir[ing] explanation of 'progress toward compliance with the Court's March 17 Order,'" except for the injunctive portion of the Order which has been stayed. *Id.* at 7. Defendants' court-ordered status updates do not reveal anything that Defendants are doing to comply with the March orders. *See, e.g.*, ECF 151 at ¶ 3(a). This Court has already

[1] Plaintiffs incorporate by reference their June 8 response.

held that the non-appealed portions of the March 17 order remain in effect, requiring immediate Agency compliance. *See, e.g.*, ECF 150 at 5 ("[T]he vacatur provisions of the March 17 Order remain in effect."); *id.* at 7 ("As in earlier stages of this litigation, the non-appealed portions of this Court's order were necessarily not at issue in the stay motion before the D.C. Circuit, and therefore remain in effect." (citing the en banc statements of Chief Judge Srinivasan and Judge Pillard, in connection with denial of rehearing en banc in these cases)).

Defendants have taken the position that they are already in compliance with the vacatur order. ECF 151 at 3. Given that the Agency appears to be operating at nearly the same level as it was prior to the Court's vacatur decision, the Court should not accept this representation at face value. Most notably, the vast majority of broadcasting operations that were suspended based on the now-vacated agency decisionmaking remain suspended, and the government has not explained why or how that is permissible now that the actions the agency took to suspend the broadcasts and any justifications for doing so have been vacated by this Court.

The purpose of the status-report obligation was for Defendants to explain the steps they have taken to effectuate vacatur. They have not done so. Plaintiffs therefore respectfully request that the Court order that Defendants provide the following information so that Plaintiffs and the Court can evaluate whether Defendants are in compliance with the portions of the Court's order that are in effect:

1. Explain what authority presently justifies the Agency's operation of the Agency at roughly the same functional levels as prior to the March 2026 vacatur order.

2. As part of suspending Agency operations in March 2025 and thereafter, identify the contracts that were cancelled.

3. As part of suspending such operations in March 2025 and thereafter, identify the leases and partnership agreements that were canceled.

4. Identify the other steps taken to suspend broadcasting operations in March 2025 and thereafter.

5. With respect to the Reconstitution Plan Defendants prepared following the Court's March 17, 2026 Order, Defendants stated that they had developed a plan to "restore core broadcasting and technical capabilities," and to "enabl[e] a steady and manageable ramp-up to full operational capacity." ECF 151-1 at 3. Identify all the details of such plan.

Dated: July 10, 2026

Respectfully submitted,

ZUCKERMAN SPAEDER LLP

_______/s/______
William B. Schultz
Brian J. Beaton, Jr.

2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
bbeaton@zuckerman.com

Aaron S.J. Zelinsky

100 East Pratt Street, Suite 2440
Baltimore, MD 21230
Tel: (410) 949-1167
azelinsky@zuckerman.com

*Counsel for Abramowitz Plaintiffs*

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME)

_______/s/______
Teague Paterson
Matthew Blumin
Georgina Yeomans

1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

_______/s/______
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com

DEMOCRACY FORWARD FOUNDATION

_______/s/______
Kristin Bateman
Cynthia Liao
Robin F. Thurston
Skye L. Perryman

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org

dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and The NewsGuild-CWA*

rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); The NewsGuild-CWA*

GOVERNMENT ACCOUNTABILITY PROJECT

_______/s/______
David Z. Seide

1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

DEMOCRACY DEFENDERS FUND

_______/s/______
Norman L. Eisen
Joshua Kolb
Taryn Wilgus Null
Sofia Fernandez Gold
Zsa'Queria Martin

600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@democracydefenders.org
Joshua@democracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org
Zsaqueria@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

AMERICAN FOREIGN SERVICE ASSOCIATION

_______/s/______
Sharon Papp
Raeka Safai

2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

_______/s/______
Rushab Sanghvi

80 F. Street, NW
Washington, DC 20001
(202) 639-6424

papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff American Foreign Service Association (AFSA)*

SanghR@afge.org

*Counsel for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

MEDIA FREEDOM & INFORMATION ACCESS CLINIC – YALE LAW SCHOOL

_______/s/______
David A. Schulz

127 Wall Street
New Haven, CT 06520
David.schulz@YLSClinics.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4*

** The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 10, 2026, I caused the foregoing to be served on counsel of record via the Court's electronic case filing system.

_______*/s/*______
Georgina Yeomans