`

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL ABRAMOWITZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KARI LAKE, et al.<br><br>Defendants. | Civil Action No. 25-00887 (RCL) |
| PATSY WIDAKUSWARA, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>KARI LAKE, *et al.*<br><br>Defendant. | Civil Action No. 25-1015 (RCL) |

**PLAINTIFFS' MEMORANDUM REGARDING MOOTNESS**

Defendants' own filings make crystal clear that this case is not moot. By their own account, Defendants took no steps whatsoever to implement this Court's vacatur order, and VOA continues to broadcast at a level close to the March 2025 shutdown and essentially the same as in March 2026 when the Court granted Plaintiffs partial summary judgment on their APA claims. Defendants argue that the Court and Plaintiffs should 'trust' that they have abandoned the Statutory Minimum Memorandum, without showing (or even promising) that they will no longer rely on it in the future. As this Court recognized in its Order, such voluntary cessation (and this is hardly cessation) is inadequate to moot this case.

In March 2025, Defendants drove a bulldozer through the United States Agency for Global Media and Voice of America. Now they point to a tiny piece of flimsy plywood nailed over the

`

gaping hole they created to argue mootness. That is not enough. This Court explicitly noted that voluntary cessation requires showing that Defendants have "completely and irrevocably eradicated the effects of the alleged violation." ECF 178, at 9 n. 2, quoting *Aref v. Lynch*, 833 F.3d 242, 251 (D.C. Cir. 2016). Defendants do not even pay lip service to that legal standard, let alone show they have met it. This Court should not reward Defendants' continued attempts to play possum by dismissing this live controversy.

## ARGUMENT

### 1. By Their Own Account, Defendants May Resume Reliance on the Statutory Minimum Memorandum Tomorrow

Defendants contend that Plaintiffs' claim for vacatur of the Statutory Minimum Memorandum is moot because "[n]o decisionmaker for UASGM [sic] relies on the Memorandum in *making future decisions*." ECF 185, at 5 (emphasis added). But their supporting document belies the application of this broad assertion of future conduct. Defendants provide only the Wallace Declaration, which states: "*I do not use or rely* on the March 2025 Statutory Minimum Executive Summary Memo to make operational decisions," and that "VOA and USAGM continue to assess their needs and . . . *are not relying* in any way on the March 2025 Statutory Minimum Executive Summary Memo." *Id*. (citing Wallace Decl. ¶¶ 4, 17, ECF 185-1) (emphasis added). All the Wallace Declaration shows is (at most) that VOA and USAGM are not *currently* "relying" on the Memorandum. And the Wallace Declaration is carefully written to cover only the affiant in its widest sweep ("I do not use or rely"). As for the rest of VOA and USAGM, the Declaration does not even echo its own prior individualized standard ("use or rely"); rather, it describes only reliance, leaving open by implication the possibility that VOA and USAGM may continue to "use" the Statutory Minimum Memorandum to inform their decision-making without necessarily "relying" on it for support for any given decision.

`

Moreover, the Defendants provide no evidence whatsoever for their assertion that no decisionmaker will rely on the Statutory Minimum Memorandum in "making future decisions." ECF 185, at 5. There is not a scintilla of evidence to indicate the Defendants cannot—tomorrow—return to making decisions relying on the Statutory Minimum Memorandum. There is merely the Defendants' *ipse dixit.* That alone makes Defendants' arguments factually insufficient to meet the high standard this Court has emphasized is needed for voluntary cessation. *See* ECF 178, at 8-9 n. 2 (requiring that Defendants must show "there is no reasonable expectation . . . that the alleged violation will reoccur" (quoting *Aref*, 833 F.3d at 251). Defendants have shown—at most—that they have decided not to rely on the Statutory Minimum Memorandum *for now*; they have proffered nothing about the future (or about current use by anyone besides Deputy Director Wallace).

The Defendants baldly assert that "USAGM has no plan or intention to bring back or readopt the Statutory Minimum Memorandum." ECF 185, at 5. But they provide no support for that naked assertion, relying instead only on the same two paragraphs of the Wallace Declaration cited earlier that discuss only what the Defendants are "currently" relying on without any discussion of future "plan or intention." In the language of SEC disclosure, past performance is no indication of future results. *See* 17 C.F.R. § 230.482.

More importantly, as described further below, Defendants do not seek to meaningfully address the second prong of the voluntary cessation test this Court cited in its Order: that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." ECF 178, at 9 n. 2 (quoting *Aref*, 833 F.3d at 251). And the effects of the Statutory Minimum Memorandum are far from being "irrevocably eradicated"; they persist to this day, with most worldwide VOA broadcasting still suspended entirely.

**2. Defendants Have Done Nothing to "Completely and Irrevocably Eradicate" the Cessation of Broadcasting**

Defendants claim that they have "adopted a new broadcasting plan that far exceeds that [sic] operations at the beginning of 2026," ECF 185, at 5. While that is a serious overstatement, the relevant timeframe is March 2025. Before Defendants sought to destroy VOA via the Statutory Minimum Memorandum in March 2025, VOA was broadcasting weekly to 361 million people in approximately 100 countries, in 49 languages. *See* Ex. 1, Abramowitz Decl. ¶ 2. Today, VOA broadcasts in eight languages and no more than a dozen countries. *Id.* ¶ 3. Before the shutdown, VOA broadcast to a Spanish-language audience of 100 million in Latin America. *Id.* ¶ 4. Today, zero. *Id.* ¶ 5. Before the shutdown, VOA broadcast to 93 million people weekly in Africa. *Id.*, ¶ 6. Now, zero. *Id.*, ¶ 7. Similarly, VOA's broadcast to Indonesia, Myanmar, and Cambodia have all been halted. *Id.* ¶ 9. Defendants disemboweled VOA's broadcasting capabilities in Spring 2025, and they provide no evidence that today they are anywhere near those operations today.

Defendants also claim that "USAGM plans to and intends to follow the new broadcasting plan, which materially differs from the broadcasting action challenged by Plaintiffs." ECF 185 at 6. But, as this Court has identified, Defendants must show that they "have completely and irrevocably eradicated the effects of the alleged violation," ECF 178, at 9 n.2, namely the March 2025 shutdown. Indeed, Defendants never even try to meet this standard because they cannot come close—implicitly acknowledging they have failed to meet the standard the Court laid out for them in its order in this briefing.

In case there is any ambiguity, Defendants stress (as they have throughout this litigation), that their cessation is completely voluntary and all their decisions were made "independent of the orders entered in the *Abramowitz* and *Widakuswara* cases." Wallace Decl. ¶ 4, ECF 185-1. In other words, the Defendants proudly proclaim they have done *nothing* in response to the Court's vacatur order, but believe that they should be rewarded by having the APA claims dismissed,

presumably so they can continue to keep the agency in the state they reduced it to in spring 2025. That is as far from "interim relief or events [that] have completely and irrevocably eradicated the effects of the alleged violation" as one might reasonably imagine. ECF 178, at 9, n.2. Defendants cannot comply with the court's vacatur order by pretending it never happened.

**3. The Vacatur of Personnel Decisions Is Not Moot**

Defendants next offer the absurd proposition that Plaintiffs' challenge to the decision to place nearly all USAGM employees on administrative leave "is now moot." ECF 185 at 8. According to Defendants, it is immaterial that "some employees remain on administrative leave" after being placed there on March 15, 2025, because "that fact is traceable to a new decision of new leadership to recall only a subset and leave the rest on leave, not the decisions that old leadership made." *Id*. Defendants do not even attempt to back that up with evidence. The Wallace declaration says nothing about a "new" decision to keep employees on administrative leave; rather, it discusses agency plans to hire for new positions and touts that "USAGM has returned 168 employees from administrative leave to active duty." Wallace Decl. ¶ 16, ECF 185-1. Defendants have plainly not eradicated the effects of the challenged conduct.

Nonetheless, Plaintiffs recognize that this Court's ability to address this specific issue is greatly impeded by the pending appeal before the D.C. Circuit and for that reason have not requested information specific to that aspect of Defendants' compliance.

**4. The 706(1) Claim Is Not Moot**

Finally, Defendants make no argument regarding the mootness of the *Widakuswara* Plaintiffs' claim under 5 U.S.C. § 706(1). Defendants have thus not met their "heavy burden" of establishing mootness. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

`

The Court granted summary judgment on that claim, holding that the agency was required, but had failed, to take discrete action, including "broadcast[ing] by radio to particular areas of the world and . . . retain[ing] surge capacity to deploy during foreign crises." ECF 134 at 30. The Court recognized that it was within USAGM leadership's discretion to determine "*how* to effectuate Congress's broadcasting directives," but that they must in fact exercise that discretion and effectuate Congressional mandates. *Id.* at 30-31. Given that operational levels have changed very little since March 2025, and even less since this Court's order, *see supra*, there is no plausible argument that this claim is moot. The *Widakuswara* Plaintiffs address this claim more fully in their accompanying motion for revised relief under Federal Rule of Civil Procedure 54(b).

## CONCLUSION

The Defendants' own filings underscore what they have asserted throughout this litigation: they have done nothing to implement this Court's vacatur order; they assert the power to operate under the Statutory Minimum Memorandum at a moment's notice; and they have taken no steps to resume broadcasting in response to the Court's order. Even if Defendants' feeble assurance that Christopher Wallace does not use or rely on the Statutory Minimum Memo were enough to prove the Defendants had ceased the challenged conduct, it is certainly not enough to conquer the stringent voluntary cessation doctrine. As this Court stated in its order, "voluntary cessation does not generally moot a case." ECF 178, at 8, n.2. Even Defendants' proffered facts prove that this case is very much alive.

Dated: November 9, 2026

Respectfully submitted,

ZUCKERMAN SPAEDER LLP

_______/s/______
William B. Schultz
Brian J. Beaton, Jr.

AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO (AFSCME)

_______/s/______

`

2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
wschultz@zuckerman.com
bbeaton@zuckerman.com

Aaron S.J. Zelinsky

100 East Pratt Street, Suite 2440
Baltimore, MD 21230
Tel: (410) 949-1167
azelinsky@zuckerman.com

*Counsel for Abramowitz Plaintiffs*

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

_______/s/______
Andrew G. Celli, Jr.
Debra L. Greenberger
Daniel M. Eisenberg
Nick Bourland

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
acelli@ecbawm.com
dgreenberger@ecbawm.com
deisenberg@ecbawm.com
nbourland@ecbawm.com

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, John Doe 4, American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); and The NewsGuild-CWA*

Teague Paterson
Matthew Blumin
Georgina Yeomans

1625 L Street, N.W.
Washington, D.C. 20036
(202) 775-5900
TPaterson@afscme.org
MBlumin@afscme.org
GYeomans@afscme.org

*Counsel for Plaintiff American Federation of State, County, and Municipal Employees, AFL-CIO (AFSCME)*

DEMOCRACY FORWARD FOUNDATION

_______/s/______
Kristin Bateman
Cynthia Liao
Robin F. Thurston
Skye L. Perryman

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
cliao@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiffs American Federation of State, County and Municipal Employees (AFSCME); American Federation of Government Employees (AFGE); American Foreign Service Association (AFSA); The NewsGuild-CWA*

`

GOVERNMENT ACCOUNTABILITY PROJECT

_______/s/______
David Z. Seide

1612 K Street, NW
Washington, DC 20006
(202) 457-0034
davids@whistleblower.org

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, John Doe 1, John Doe 2, John Doe 3, and John Doe 4*

DEMOCRACY DEFENDERS FUND

_______/s/______
Norman L. Eisen
Joshua Kolb
Taryn Wilgus Null
Sofia Fernandez Gold
Zsa'Queria Martin

600 Pennsylvania Avenue SE #15180
Washington, DC 20003
Norman@democracydefenders.org
Joshua@democracydefenders.org
Taryn@democracydefenders.org
Sofia@democracydefenders.org
Zsaqueria@democracydefenders.org

*Counsel for Reporters Sans Frontières, Reporters Without Borders, Inc., American Federation of State, County and Municipal Employees (AFSCME); and American Federation of Government Employees (AFGE)*

AMERICAN FOREIGN SERVICE ASSOCIATION

_______/s/______
Sharon Papp
Raeka Safai

2101 E Street, N.W.
Washington, D.C. 20037
(202) 338-4045
papp@afsa.org
safai@afsa.org

*Counsel for Plaintiff American Foreign Service Association (AFSA)*

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO

_______/s/______
Rushab Sanghvi

80 F. Street, NW
Washington, DC 20001
(202) 639-6424
SanghR@afge.org

*Counsel for Plaintiff American Federation of Government Employees, AFL-CIO (AFGE)*

MEDIA FREEDOM & INFORMATION ACCESS CLINIC – YALE LAW SCHOOL

_______/s/______
David A. Schulz

127 Wall Street
New Haven, CT 06520
David.schulz@YLSClinics.org

`

*Counsel for Plaintiffs Patsy Widakuswara, Jessica Jerreat, Kathryn Neeper, and John Does 1-4*

** The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.